UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————

STEVEN GONZALEZ CATALA,

                    Plaintiff,

          - against -

DETECTIVE ALLICOTT, ET AL.,

                    Defendants.

————————————————————————————

25-cv-2298 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Steven Gonzalez Catala, sues several police officers under 42 U.S.C. § 1983. According to Mr. Catala, the officers unlawfully arrested him and seized his property in violation of his constitutional rights. Although the defendants have not yet answered the complaint, Mr. Catala moves for a declaratory judgment that the officers violated his rights.

For their part, the defendants move to dismiss the action for failure to prosecute. ECF No. 36. To answer the complaint consistent with their obligations under Federal Rule of Civil Procedure 11, the defendants have requested that Mr. Catala provide a signed release authorizing the defendants to access the underlying criminal records regarding his arrest, which are sealed pursuant to New York Criminal Procedure Law § 160.50(1)(d). To date, Mr. Catala has failed to do so.

I.

Mr. Catala requests "a declaratory judgment ... acknowledging the violations of his constitutional rights and providing appropriate remedies for the damages suffered, including the sought amount of $100,000."[1] Pl.'s Mot. Declaratory J. 3, ECF No. 25.

"Whether to exercise declaratory jurisdiction is within the district court's broad discretion." Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010). In determining whether to issue declaratory relief, courts ordinarily consider whether a declaratory judgment will (1) "serve a useful purpose in clarifying and settling the legal relations in issue," or (2) "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Admiral Ins. v. Niagara Transformer Corp., 57 F.4th 85, 99 (2d Cir. 2023). Irrespective of the merits of his claims, granting the relief Mr. Catala seeks here serves neither objective.

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is to allow a plaintiff uncertain of his rights to "avoid accrual of avoidable damages," and "to afford him an early adjudication without waiting until his adversary should

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

see fit to begin suit, after damage has accrued." United States v. Doherty, 786 F.2d 491, 498 (2d Cir. 1986); see also In re Combustible Equip. Assocs., 838 F.2d 35, 37 (2d Cir. 1988) ("The purpose of the Act is to enable parties to adjudicate disputes before either side suffers great damage.").

In this case, however, "there is no cloud of uncertainty affecting" Mr. Catala's "rights that can be lifted by a declaratory judgment" because he expressly seeks a declaratory judgment regarding the lawfulness of past acts that caused past injury. Chiste, 756 F. Supp. 2d at 407. "Declaratory relief is intended to operate prospectively." Lojan v. Crumbsie, No. 12-cv-320, 2013 WL 411356, at *5 (S.D.N.Y. Feb. 1, 2013). "There is no basis for declaratory relief where," as here, "only past acts are involved." Id.; see also Gianni Sport Ltd. v. Metallica, No. 00-cv-937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000).

The damages that Mr. Catala identifies in his motion have already accrued; granting declaratory relief will not "avoid accrual of avoidable damages." Doherty, 786 F.2d at 498. Mr. Catala's motion for declaratory relief is therefore **denied**.

## II.

The defendants separately move to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The defendants contend that they cannot answer the complaint consistent with their obligation under Rule 11 without

3

reviewing the underlying criminal records for Mr. Catala's November 18, 2024 arrest. Because those records are sealed under § 160.50, the defendants maintain that Mr. Catala must first execute a signed release. On September 25, 2025, the defendants requested an extension of time to answer or otherwise respond to the complaint until forty-five days after receiving an executed § 160.50 release from Mr. Catala. ECF No. 29. The Court granted that request on September 30, 2025. ECF No. 31. The Court also ordered Mr. Catala either to execute the § 160.50 release or to submit a letter explaining why he believes he should not be required to do so by no later than October 16, 2025. Id.

On December 10, 2025, the Court ordered the defendants to provide an update by December 16, 2025, on the status of the action, including whether the defendants received a § 160.50 release from Mr. Catala. ECF No. 35. On December 16, the defendants informed the Court that they had not received the release and moved to dismiss the action for failure to prosecute.

Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). "And pro se plaintiffs should be granted special leniency regarding procedural matters." Id. The Court of Appeals for the Second Circuit has identified five factors that "significantly cabin a district court's discretion under Rule 41(b)." Id. Specifically, a district court

4

contemplating whether to dismiss a plaintiff's case under Rule 41(b) must consider:

> [1] the duration of the plaintiff's failures, [2] whether [the] plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ..., and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Alvarez v. Simmons Mkt. Rsch. Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

The defendants contend that dismissal for failure to prosecute is warranted here because Mr. Catala has missed by more than sixty days the Court's deadline to execute a § 160.50 release or otherwise to explain why a release is unnecessary. According to the defendants, Mr. Catala should have been on notice of the Court's order because he later filed a letter addressed to the Court through the Court's electronic filing system. See ECF No. 33. And the defendants note that Mr. Catala also ignored both the original deadline to file a reply brief in support of his motion for declaratory relief as well as the Court's extended deadline. See ECF No. 34.

Because Mr. Catala is pro se and has made occasional efforts to press his claims, the Court will not yet dismiss this action for failure to prosecute. But Mr. Catala is instructed

either to execute the § 160.50 release or otherwise explain to the Court why he believes one is unnecessary by **January 9, 2026.** If he fails to do so by that date, the Court will dismiss this action without prejudice for failure to prosecute.

### III.

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, Mr. Catala's motion for a declaratory judgment is **denied.** The defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b) is **denied without prejudice.**

The Clerk is respectfully instructed to close ECF Nos. 25 and 36.

**SO ORDERED.**

Dated:     New York, New York
           December 22, 2025

John G. Koeltl
**United States District Judge**

6