# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Division

Steven Gonzalez Catala

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 25-CV-02298

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

AMENDMENT

RECEIVED SDNY DOCKET UNIT 2026 JUN -8 PM 12:

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Steven Gonzalez-Catala |
| Address | 9 Ward st |
| | Rochelle park (City) NJ (State) 07662 (Zip Code) |
| County | Bergen County |
| Telephone Number | 432-466-1237 |
| E-Mail Address | Gonzalez06248100@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | NYPD City of new york |
| Job or Title *(if known)* | |
| Address | |
| | City / State / Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Detective Brian Brandefine |
| Job or Title *(if known)* | Detective shield #624 |
| Address | 2120 Ryer Ave BX |
| | Bronx (City) NY (State) 10457 (Zip Code) |
| County | Bronx New york |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Steven Gonzalez |
| Address | 9 Ward St |
| | Rochelle Park (*City*) NJ (*State*) 07662 (*Zip Code*) |
| County | |
| Telephone Number | |
| E-Mail Address | |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Charlie Viera |
| Job or Title *(if known)* | Detective Badge # 618 |
| Address | 2120 Ryer Ave Bronx |
| | ~~NY~~ Bronx (*City*) N.Y (*State*) 10457 (*Zip Code*) |
| County | Bronx |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Jeremy Scheublin |
| Job or Title *(if known)* | Comanding officer |
| Address | 2120 Ryer Ave |
| | Bronx (*City*) N.Y (*State*) 10457 (*Zip Code*) |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name: Khaleef N. Allicott
Job or Title *(if known)*: Detective Badge # 921
Address: 2120 Ryer Ave
Bronx (City) NY (State) 10457 (Zip Code)
County: Bronx
Telephone Number:
E-Mail Address *(if known)*:

☑ Individual capacity ☑ Official capacity

Defendant No. 4

Name: Nicholas J. Gloth
Job or Title *(if known)*: police officer
Address:
Bronx (City) NY (State) 10457 (Zip Code)
County: Bronx
Telephone Number:
E-Mail Address *(if known)*:

☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourth Amendment, Fifth Amendment, Fourteeth Amendment use of force, failure to Acknowledge, unlaw search, humiliation Inadequate training on rights, failure of Crisis Intervention and de-escalation, over sight of training, Lost of Career.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? Fourth Amendment, Fifth Amendenment, Fourteeth Amendme

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

I am unsure which of the defendants was involved, but I know that Brian was with another individual. They violated my personal space by aggressively reaching into my vehicle, please see attached

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur? in the Bronx New york southwest corner of east Burnside Ave and walton Ave

B. What date and approximate time did the events giving rise to your claim(s) occur?
november 18, 2024 at 6:34 PM

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Please refer to Amendment

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Please refer to Amendment

---

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Please see Amendment

---

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 8th 2026

Signature of Plaintiff: Steven Gonzalez Catala

Printed Name of Plaintiff: Steven Gonzalez

### B. For Attorneys

Date of signing: ________

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

*City* *State* *Zip Code*

Telephone Number

E-mail Address

Steven Gonzalez Catala
United States National of the
United states of America of Republic
Case # 25-cv-00298

**UNITED STATES DISTRICT COURTS SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SOUTHERN DISTRICT COURT OF NEW YORK
300 Quarropas st,
White plans, new york 10601

**AMENDMENT TO Clarify COMPLAINT and ADDITIONAL DEFENDANTS to ORIGINAL LITIGATION ON THE N.Y.P.D CLAIM Filed on 03/20/2025**

Steven Gonzalez Catala
**Plaintiff, Pro-se**

**JURY TRIAL DEMANDED**

**- Against-**

- **N.Y.P.D City of new York**
- **Jeremy Scheublin,** Commanding officer for New York city police department 46th precinct;
- **Brian Brandefine-** detective shield #624 (patrol service Bureau Community response team)
- **Nicholas j. Gluth-** Police officers shield #7905 (Patrol Service Bureau community response team)
- **Charlie Viera-** Detective shield #618 (patrol service Bureau Community response team)
- **Khaleef N. Allicott-** Detective shield #921 (patrol service Bureau Community response team)
- **Other members of the N.Y.P.D who failed to Intervene**
- **(all defendants are sued in their individual and official capacities)**

**Defendants,**

Steven Gonzalez

# Table of Contents

1. **Introduction**
- Overview of the Case
- Plaintiff Information

2. **Caption**
- Declaratory Judgment Complaint Overview

3. **Jurisdiction and Venue**
- Legal Basis for Court Jurisdiction
- Venue Appropriateness

4. **Legal Issues**
- Justiciable Controversy
- Legal Standing
- Specificity of the Dispute
- Uncertainty or Ambiguity
- No Adequate Alternative Remedy
- Jurisdiction Details

5. **Relevant Case Law and Statutes**
- 42 U.S.C. § 1983
- Fourth Amendment Protections

6. **Impact Statement**
- Emotional and Financial Impact
- Broader Community Implications

7. **Request for Declaratory Judgment**
- Specific Requests

8. **Amendment to Complaint**
- Additional Defendants
- Clarification of Allegations

9. **Introduction to the Litigation**
- Overview of the Incident
- Importance of Accountability

10. **Jurisdiction Information and Venue**
- Details on the Southern District Court

- Jurisdictional Authority

11. **Parties Involved**
- Description of Defendants
- Roles and Responsibilities

12. **Specific Allegations of Misconduct**
- Unjustified Detention
- Use of Force
- Failure to Acknowledge Rights
- Unlawful Search
- Emotional Distress

13. **Failure of Training**
- Training Deficiencies
- Crisis Intervention and Community Policing

14. **Command Responsibility**
- Oversight of Training
- Addressing Known Issues

15. **Pattern of Behavior**
- Evidence of Systemic Misconduct
- Previous Incidents

16. **Impact on the Plaintiff**
- Emotional, Physical, and Financial Damages

17. **Legal Grounds**
- Fourth Amendment Violations
- Civil Rights Violations
- Negligence

18. **Remedies Sought**
- Monetary Damages
- Policy Changes
- Accountability Measures
- Legal Fees and Costs
- Declaratory Judgment
- Emotional Distress Damages

19. **Detailed Incident Report**
- Factual Background
- Request for Clarification

20. **Proof of Mailing**
- Certification of Mailing

21. **Conclusion**
- Summary of Requests
- Importance of Accountability

INTRODUCTION

This lawsuit arises from unlawful acts committed against the plaintiff by members of the New York police department in the Bronx located at 2120 Ryer Ave BX, NY, 10457 in the 46th precinct,
**Please note** that The NYPD Community Response Teams (CRT) at 245 Glenmore AVE, Brooklyn, N.Y 11207 are Mobile citywide units assigned dynamically to address emerging crime patterns, violence, or specific quality-of-life concerns. Because these officers are deployed temporarily to areas of need rather than permanently stationed at a single facility, At this particular time officers and detectives mentioned in this litigation were in the Bronx under the supervision of commanding officer Jeremy Scheublin.

I have dedicated significant time and effort to researching and preparing my case, and it has become increasingly clear to me that further clarification and detail are necessary to adequately convey the complexities involved, as there are discrepancies and allegations told by the defendant that might have misled the court.

As I delved deeper into the investigation, I discovered that there are additional individuals involved in the actions that led to my claims. Initially, I believed that the primary defendants were solely responsible; however, I have since identified other members, including supervisors and lawyers, who played a role in these events. These individuals must be held accountable, as their actions contributed to the violations of my rights that I am alleging. These individuals can be identified on dash cameras and police body cameras.

I would like to clarify any misunderstandings that may have arisen thus far. As a layman navigating this legal process, I acknowledge that my prior submissions may not have been as precise or comprehensive as I intended. I apologize for any confusion this may have caused. I intend to move forward with a detailed and specific amendment to my claims, ensuring that the court is not misled and that all relevant parties are included.

To this end, I have broken down my amendment into clear sections, aiming to provide a thorough explanation of the events as they transpired and the roles of all involved parties. It is important to me that the court understands the full scope of the situation and the actions that need to be addressed. I believe that exposing the wrongdoing of all individuals involved is essential for the integrity of this case.

As time passes, I have gained a better understanding of the legal system, and I am committed to presenting my case in a manner that reflects the seriousness of these allegations. I want to assure you that moving forward, I will be diligent in providing all necessary details to support my claims.

I respectfully amend my claims to include these additional details and parties. I believe this will not only clarify my position but also ensure that justice is served.

Thank you for your understanding and consideration. I look forward to your guidance on how to proceed.

**Opening Statement:**

In a democratic society, the protection of individual rights is paramount. Citizens must be able to trust that those sworn to serve and protect will do so with integrity, respect, and accountability. The actions of law enforcement officers not only impact the individuals directly involved but also shape the relationship between the police and the communities they serve.

It is imperative that we hold police departments accountable for their actions. In recent years, there have been alarming instances of misconduct that reveal a troubling pattern of reckless behavior, often stemming from inadequate training and a lack of oversight. When leadership within a department fails to enforce policies that prioritize accountability and proper training, it creates an environment where abuse of power can flourish, leading to the erosion of public trust.

As we face times of heightened tension and scrutiny, it is crucial to emphasize the importance of effective training for those in positions of authority. Proper training not only equips officers with the necessary skills to perform their duties but also instills a sense of responsibility toward the communities they serve. Without this foundational training, the potential for harm increases, and citizens become victims of a system that is meant to protect them.

This litigation seeks to address these critical issues by holding accountable those who have failed to uphold their duty to protect and serve. We must strive for a future where law enforcement

operates transparently and responsibly, ensuring that the rights of every individual are safeguarded.

Jurisdiction Information and Venue

1. This is a civil rights action authorized by 42 U.S.C. 1983,1985 and 1986. The court has jurisdiction under 28 U.S.C. Sections 139(b) and 1331(a).

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201,2202,and 2401(a).

2. The United States District court for the Southern District of New York is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it was within the southern District court of New York, where the acts set forth herein were committed by each of the defendants against the plaintiff.

3. 1. **United States District Court for the Southern District of New York:
4. The main courthouse is located at 500 Pearl Street, New York, NY 10007.
5. This court has jurisdiction over federal cases arising from the Bronx, as well as other boroughs of New York City and surrounding areas.
6. - The district court has jurisdiction over cases arising under the Constitution, federal laws, or treaties. This includes civil rights claims, such as those filed under Section 1983, and other federal statutes.
7. - The court may also have jurisdiction in cases involving parties from different states where the amount in controversy exceeds $75,000. This means that if a plaintiff and a defendant are from different states, the federal court can hear the case if it meets this monetary threshold.
8. - The Southern District of New York is the proper venue for cases arising in the Bronx because it encompasses the Bronx as part of its geographic jurisdiction. Under federal law, a civil action may be brought in a judicial district where any defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred.
9. - Decisions made by the United States District Court for the Southern District of New York can be appealed to the United States Court of Appeals for the Second Circuit, which covers New York, Connecticut, and Vermont.

IN RE: AMENDMENT CASE FILED BY PRO-SE PLANTIFF

THIS MATTER RELATES TO: " Amended complaint for clarity and additional defendants to Original suit Against NYPD Officers"

PARTIES INVOLVED:

On NOVEMBER 18, 2024, Detective Brian Brandefine, along with Officers Nicholas j. Gluth , Charlie Viera and detective Khaleef N. Allicott and other members from the NYPD including a lawyer who refused to comply by giving their names and badge number and business cards had conspired to execute an unlawful arrest against me and unlawfully seized my property.

Officer Brian Brandefine, participated in my unlawful arrest and search and seizure and unlawful abduction that day. Similarly, Officer Khaleef N. Allicott acted under color of law in collusion with Officers Nicholas j. Gluth and Charlie Viera along with other NYPD members and a lawyer to create a false criminal report against me.

Additionally, there were other officers and detectives present that day, as well as a lawyer, who refused to identify themselves or provide me with their business cards. This lack of transparency further complicates the situation and raises additional concerns about the legitimacy of their actions.
I am writing to bring to your attention a serious incident involving Commanding Officer Jeremy Scheublin of the New York City Police Department and his subordinates, who serves as the commander of the 46th Precinct located at 2120 Ryer Ave, Bronx, New York, 10457.

On November 18, 2024, Officer Scheublin coerced me into refusing necessary medical treatment by misleading me about my release status. He informed me that accepting medical treatment would delay my release, leading me to decline assistance under the false impression that I would be released on a desk appearance ticket. I later discovered that this information was inaccurate and seemingly intended to expedite paperwork and avoid the need for escorting me to the hospital.

Furthermore, when a member of the NYPD mentioned to Scheublin that I invoked my right against unlawful search and seizure and questioned their misconduct , Officer Scheublin responded dismissively, stating, "That's fine, it doesn't matter, put him in the cell." He signed off on my arrest without verifying whether proper protocols had been followed or if there was any probable cause. His handling of the situation raises serious concerns about his conduct and the potential complicity of the officers under his command.

I appreciate your attention to this matter and hope to see appropriate actions taken regarding these serious allegations.

There is a pressing concern regarding the failure of officers, detectives, and especially commanding officers within the NYPD to uphold the laws, rules, and policies that govern their conduct and operations. The plaintiff is holding the NYPD accountable for the actions of its members, particularly in light of unprofessional force used during encounters that escalated situations unnecessarily. This has led to significant humiliation for the plaintiff and a detrimental impact on their career as a General Site Superintendent—an achievement that required considerable effort and dedication.

1. Constitutional Law: Officers are required to adhere to constitutional rights; however, there have been numerous instances where this obligation has not been met. This includes:

- Violations of the Fourth Amendment, which protects against unreasonable searches and seizures.
- Disregard for the Fifth Amendment, ensuring the right against self-incrimination.
- Failures related to the Sixth Amendment, which guarantees the right to a fair trial.

2. State and Local Laws: Each state and municipality has specific statutes governing policing practices. The plaintiff emphasizes alarming lapses in adherence to laws regarding use of force, arrest procedures, and public conduct within the NYPD.

3. Departmental Policies: The NYPD has established its own rules and guidelines that officers are expected to follow. Unfortunately, these policies—covering use of force, conduct and ethics, arrest procedures, and community engagement—have not always been observed, raising serious concerns about accountability.

4. Training Standards: While officers undergo training in legal standards, crisis intervention, cultural competency, and emergency response, significant gaps in real-world application have been identified. This has led to failures in effectively serving and protecting the community.

5. Federal Laws: Federal laws enforced by the Department of Justice (DOJ) regarding civil rights violations must be upheld. The repeated failure to comply with these laws indicates a systemic issue within the NYPD's practices.

6. Accountability Mechanisms: The plaintiff asserts that there must be policies in place to hold officers accountable for their actions. The lack of effective accountability within the NYPD has allowed patterns of

irresponsible behavior to persist, creating an environment where some believe they are above the law.

The plaintiff's call for accountability underscores the critical need for reform and a renewed commitment to the principles of protecting and serving the community within the NYPD. The consequences of these failures have not only humiliated the plaintiff but have also resulted in the loss of a hard-earned career, highlighting the urgent need for change.

Steven Hoyal

STEVEN GONZALEZ CATALA
A UNITED STATES NATIONAL
BRONX, NEW YORK
Gonzalez06248100@gmail.com

UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
25cv02298-JGK

Sworn Certification of My Amended complaint

Steven Gonzalez Catala
Plaintiff- Pro-se

JURY TRIAL DEMANDED

v.

NYPD At el

## Case Overview: Misconduct by NYPD Officers

This document outlines the Plaintiff's allegations against the New York Police Department (NYPD) regarding misconduct during a traffic stop on November 18, 2024. The Plaintiff seeks to hold not only the individual officers accountable but also the commanding officer responsible for their training and oversight.

## Specific Allegations of Misconduct

On November 18, 2024, at approximately 6:34 PM, at the southwest corner of East Burnside Avenue and Walton Avenue in the Bronx, the Plaintiff was unlawfully targeted by multiple officers. The following actions constitute misconduct:

- Unjustified Detention: The Plaintiff was approached by five to seven officers while cleaning himself up after an accident, despite being idling in my vehicle legally. The officers had

no probable cause to approach or detain him, violating his Fourth Amendment rights.

- Relevant Case Law:
- Terry v. Ohio (1968): Established that officers must have reasonable suspicion to stop and frisk individuals. In this case, the officers lacked even reasonable suspicion, let alone probable cause.

- Use of Force: Officers forcibly pulled the Plaintiff from his vehicle without probable cause or consent, further violating his rights. The Plaintiff was pushed back toward his truck during this encounter, escalating the situation unnecessarily.

-Relevant Case Law:
- Graham v. Connor (1989): Established that the use of force must be objectively reasonable. The excessive force used in this situation was unjustifiable.

- **Failure to Acknowledge Rights**: The Plaintiff attempted to explain his situation, including his status as a state national, but officers ignored his statements when plaintiff invoked his rights.

- **Relevant Case Law**:
- **Miranda v. Arizona (1966)**: Requires law enforcement to inform individuals of their rights during custodial interrogation. The officers' disregard for the Plaintiff's attempts to invoke his rights constitutes a violation.

- **Unlawful Search**: Officers proceeded to search the Plaintiff and his vehicle without consent or probable cause. During the search, a small bag of cocaine was allegedly found, leading to a statement from an officer: "Yeah, now you're going to jail." The Plaintiff disputes the legality of the search.

- **Relevant Case Law**:

- **Arizona v. Gant (2009)**: Clarified that searches incident to arrest are limited; officers cannot search without probable cause, which was clearly lacking in this instance.

- **Humiliation and Disrespect**: Officers made jokes during the encounter and did not allow the Plaintiff to speak, causing significant emotional distress.

### **2. Failure of Training**

The misconduct displayed by the officers can be traced back to deficiencies in their training programs:

- **Inadequate Training on Rights**: The NYPD Police Academy provides training in basic law enforcement skills, including the importance of respecting citizens' rights. However, the officers involved failed to apply this training, demonstrating a lack of understanding of constitutional protections.

- **Relevant Case Law**:
  - **City of Canton v. Harris (1989)**: Established that a municipality can be liable for failing to train its officers adequately. The NYPD's failure to ensure proper training contributed directly to the misconduct.

- **Crisis Intervention and De-escalation**: Training in crisis intervention and de-escalation techniques was evidently insufficient, as the officers escalated a routine situation into a confrontational one.

- **Community Policing**: The lack of emphasis on building relationships with the community is evident in the officers' aggressive tactics, highlighting a systemic issue in their approach to policing.

### **3. Command Responsibility**

The commanding officer, Jeremy Scheublin, bears significant responsibility for the actions of the officers involved:

- **Oversight of Training**: Commanding officers are tasked with ensuring that their subordinates receive adequate training and adhere to departmental policies. The failure to implement effective training contributed to the misconduct observed in this incident.

  - **Relevant Case Law**:
    - **Monell v. Department of Social Services (1978)**: Established that a municipality can be held liable for constitutional violations resulting from its policies or customs. The commanding officer's failure to ensure proper training reflects a systemic issue within the department.

- **Addressing Known Issues**: If there have been prior complaints or incidents involving similar misconduct, the commanding officer's inaction reflects a broader systemic issue within the department that allows such behavior to persist.

### **4. Pattern of Behavior**

Evidence of a pattern of similar misconduct within the NYPD supports the claim of systemic issues:

- **Previous Incidents**: If there are documented cases where officers engaged in similar unlawful arrests, searches, or excessive use of force, this demonstrates a broader problem within the department.

**Evidence of Systemic Misconduct within the NYPD**

This document outlines the pattern of misconduct by certain officers, emphasizing their prior violations of their oath and duties. It is crucial to recognize that these officers have documented histories directly related to my claims, underscoring the need for accountability.

- **Previous Incidents**: There are several documented cases in which these officers have engaged in unlawful arrests,

improper searches, or excessive use of force. This pattern illustrates a broader issue within the department that cannot be overlooked.

It is imperative that we do not allow officers with a history of misconduct to continue serving in capacities where they can violate the rights of citizens. By exposing their past behaviors, we can advocate for a more responsible and ethical law enforcement system that genuinely serves and protects the community.

***Please refer to the attached documentation for specific incidents of ongoing violations, disrespectful behavior, and unprofessional conduct by the defendants.

- **Relevant Case Law**:
  - **State v. McCarthy (2013)**: Reinforced that police lack authority to search a vehicle for minor traffic violations, indicating a need for consistent adherence to legal standards.

- **Public Reports**: Media coverage and community complaints about police misconduct in the Bronx area can provide context for the systemic nature of these issues.

### **5. Impact on the Plaintiff**

The Plaintiff has suffered significant emotional, physical, and financial damages as a result of the officers' misconduct:

- **Emotional Distress**: The humiliation and embarrassment faced during the encounter have caused lasting emotional trauma.

- **Relevant Case Law**:
  - **Bivens v. Six Unknown Named Agents (1971)**: Recognized the right to seek damages for violations of constitutional rights, including emotional distress.

- **Physical Health**: The Plaintiff was denied medical attention while detained, potentially exacerbating any injuries sustained during the incident.

  - **Relevant Case Law**:
    - **Estelle v. Gamble (1976)**: Established that a prisoner has a right to medical care, further highlighting the violation of the Plaintiff's rights during detention.

- **Financial Loss**: The Plaintiff's property, including a chain and cooler, was not returned, leading to further financial loss.

### **6. Legal Grounds**

The Plaintiff's case is grounded in several laws and legal precedents:

- **Fourth Amendment Violations**: The actions of the officers constituted unreasonable search and seizure, violating the Plaintiff's Fourth Amendment rights.

- **Civil Rights Violations**: Under 42 U.S.C. § 1983, the Plaintiff can seek damages for the deprivation of constitutional rights by state actors.

- **Negligence**: The failure of the commanding officer to ensure adequate training may constitute negligence, contributing to the officers' unlawful actions.

### **7. Remedies Sought**

The Plaintiff seeks the following remedies through this lawsuit:

- **Monetary Damages**: Compensation of 1000,000 for emotional distress, physical harm, and financial losses incurred as a result of the incident.

- **Policy Changes**: Implementation of more effective training programs addressing constitutional rights, crisis intervention, and community policing principles.

- **Accountability**: Disciplinary action against the officers involved and the commanding officer for their roles in this incident.

### **Conclusion**

The misconduct exhibited by the NYPD officers in this case not only violated the Plaintiff's constitutional rights but also reflects a failure within the department's training and oversight mechanisms. This lawsuit aims to hold the responsible parties accountable and seek justice for the Plaintiff's suffering.

**Search by Officer Name or Badge Number**

enter name or badge # Search

# Brian Brandefine




Badge #624, White Male
Detective Specialist at Citywide Community Response Team since December 2025
Also served at Patrol Borough Manhattan South Community Response Team, MS BLARE Team, 6th Precinct, Patrol Borough Manhattan South Specialized Units, Patrol Borough Manhattan South Public Safety Teams, Patrol Service Bureau Community Response Team
Service started July 2017, made $219,000 last year, Tax #963880

**Lawsuit Settlements:**

$52,501 Walters, Kadeen vs City of Ny, et al., 2021 SDNY

View Details

## Complaints

7 Complaints
10 Allegations
0 Substantiated

3 Closed - Pending Litigation
1 Complainant Uncooperative
2 Complaint Withdrawn
1 Exonerated
2 Unfounded
1 Within NYPD Guidelines

**Complaint #202408349, August 2024**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Strip-searched | Hispanic Male, 25-29 | Closed - Pending Litigation |

additional details

**Complaint #202303459, April 2023**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|

| | | |
|---|---|---|
| Force: Physical force | Black Male, 30-34 | Exonerated |

**Documents:** Complaint Closing Report

additional details

**Conclusion Meanings:**
**'Exonerated':** or 'Within NYPD Guidelines' - The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Within NYPD Guidelines':** The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
Further details on conclusions.

## Lawsuits

Named in 4 known lawsuits, $52,501 total settlements.

Goodridge, Rashone vs City of Ny, et al.
Case # 804690/2025E, Supreme Court - Bronx, February 28, 2025

Pope, Javon vs City of Ny, et al.
Case # 153536/2023, Supreme Court - New York, June 9, 2023
Complaint
Description: On February 9, 2022, at approximately 3:40 P.M., Plaintiff Javon Pope was inside 338 West 36th street, New York, New York when he was suddenly accosted by members of the New York City Police Department including Defendant Police Officer Lily Graham, Defendant Police Officer Brandefine and an unnamed defendant police officer. Plaintiff was searched by the defendants and the search failed to produce any evidence of illegal activity or give cause for the plaintiff's arrest. After the search was completed, the defendants handcuffed the Plaintiff and placed him under arrest for Criminal Possession of a Controlled Substance despite Defendants' knowledge that they lacked reasonable grounds or probable to do so. Plain...

Acosta, John X. vs City of Ny, et al.
Case # 157225/2022, Supreme Court - New York, December 16, 2022
Complaint
Description: On May 25, 2021, Plaintiff was present at a protest against police brutality and misconduct where he addressed the crowd and read civil rights violation complaints against various officers including Sergeant Sean Aman. After, four officers surrounded Plaintiff, one grabbed his arm and said "help me get this guy," and the other three then also grabbed him. Officers forced Plaintiff into an unmarked van then transported him to the precinct where Sergeant Aman met them outside

| | | |
|---|---|---|
| Force: Vehicle | Black Male, 30-34 | Closed - Pending Litigation |
| Force: Vehicle | Black Male, 35-39 | Closed - Pending Litigation |

**Documents:** Complaint Closing Report

additional details

**Complaint #202206752, October 2022**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Female, 30-34 | Within NYPD Guidelines |

additional details

**Complaint #202202176, March 2022**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Hispanic Male, 30-34 | Complainant Uncooperative |

additional details

**Complaint #202202142, January 2022**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Sexual Miscon (Inappropriate Touching) | Black Female, 30-34 | Unfounded |
| Force: Physical force | Black Female, 30-34 | Unfounded |

additional details

**Complaint #202106084, October 2021**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Seizure of property | Hispanic, 25-29 | Complaint Withdrawn |
| Abuse of Authority: Vehicle search | Hispanic, 25-29 | Complaint Withdrawn |

additional details

**Complaint #202103189, May 2021**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|

to remove Plaintiff from the van and bring him into the building. Plaintiff asked Sergeant Aman and another officer to loosen their grip, and Sergeant Aman grabbed both of Plaintiff's arms and pushed him toward and into the front desk. Pol...

Walters, Kadeen vs City of Ny, et al.
Case # 21CV07378, U.S. District Court - Southern District NY, November 23, 2021, ended May 19, 2023
$52,501 Settlement
Complaint
Description: On June 4, 2020, the Plaintiff was unlawfully stopped, assaulted, and subjected to unlawful arrest and imprisonment by the POs. After 12 hours in custody, the plaintiff was released.

**Search by Officer Name or Badge Number**

enter name or badge # Search



# Nicholas J. Gluth

Badge #7905, White Male
Police Officer at Citywide Community Response Team since December 2025
Also served at 73rd Precinct, Patrol Service Bureau Community Response Team
Service started July 2018, made $199,000 last year, Tax #966079

**Substantiated Allegations:**
Abuse of Authority: Entry of Premises
Abuse of Authority: Failure to Explain
Abuse of Authority: Failure to provide RTKA card
Abuse of Authority: Frisk
Abuse of Authority: Improper use of body-worn camera (2)
Abuse of Authority: Refusal to provide name
Abuse of Authority: Refusal to provide shield number

**Discipline Cases:**
Case: 2021-23908 Closed: 9/29/2023

View Details

**Lawsuit Settlements:**
$35,000 Jennings, Jalen vs The City of Ny, et al., 2024 EDNY
$54,000 Benjamin, Brandon vs The City of Ny, et al., 2024 EDNY
$27,500 Sheppard, Cvanti vs The City of Ny, et al., 2024 EDNY
View Details

## Complaints

10 Complaints
31 Allegations
8 Substantiated

1 Substantiated (Formalized Training)
6 Substantiated (Command Discipline A)
1 Substantiated (Charges)
1 Closed - Pending Litigation
3 Complainant Uncooperative
10 Unable to Determine
4 Unfounded
5 Within NYPD Guidelines

**Complaint #202406130, June 2024**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Refusal to provide name | Black Male, 35-39 | Unfounded |
| Abuse of Authority: Refusal to provide shield number | Black Male, 35-39 | Unfounded |
| Force: Physical force | Black Male, 35-39 | Within NYPD Guidelines |
| Abuse of Authority: Threat of force (verbal or physical) | Black Male, 35-39 | Unfounded |
| Force: Physical force | Black Male, 35-39 | Unable to Determine |
| Abuse of Authority: Vehicle search | Black Male, 35-39 | Within NYPD Guidelines |

additional details

**Complaint #202402210, February 2024**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Improper use of body-worn camera | Male, 25-29 | Substantiated (Charges) |
| Abuse of Authority: Stop | Puerto Rican Male, 25-29 | Unable to Determine |
| Force: Physical force | Puerto Rican Male, 25-29 | Unable to Determine |
| Force: Hit against inanimate object | Puerto Rican Male, 25-29 | Unable to Determine |
| Abuse of Authority: Frisk | Puerto Rican Male, 25-29 | Unable to Determine |

| | | |
|---|---|---|
| Abuse of Authority: Search (of person) | Puerto Rican Male, 25-29 | Unable to Determine |
| Force: Other | Puerto Rican Male, 25-29 | Unable to Determine |
| Abuse of Authority: Refusal to provide name | Puerto Rican Male, 25-29 | Substantiated (Command Discipline A) |
| Abuse of Authority: Refusal to provide shield number | Puerto Rican Male, 25-29 | Substantiated (Command Discipline A) |
| Abuse of Authority: Failure to Explain | Puerto Rican Male, 25-29 | Substantiated (Command Discipline A) |
| Abuse of Authority: Failure to provide RTKA card | Puerto Rican Male, 25-29 | Substantiated (Command Discipline A) |

APU Case Status: Pending

**Penalty: APU - Decision Pending**

additional details

**Complaint #202400906, January 2024**

| **Allegation** | **Complainant** | **CCRB Conclusion** |
|---|---|---|
| Abuse of Authority: Vehicle search | Black Male, 18-20 | Unfounded |
| Abuse of Authority: Vehicle stop | Black Male, 18-20 | Unable to Determine |
| Abuse of Authority: Bias-Based Policing (Race) | Male | Unable to Determine |
| Abuse of Authority: Frisk | Black Male | Substantiated (Command Discipline A) |
| Abuse of Authority: Bias-Based Policing (Race) | Male, 18-20 | Unable to Determine |
| Abuse of Authority: Vehicle stop | Black Male | Within NYPD Guidelines |

**Penalty: Command Discipline - A**

additional details

**Complaint #202311352, November 2023**

| **Allegation** | **Complainant** | **CCRB Conclusion** |
|---|---|---|
| Force: Physical force | Male, 18-20 | Complainant Uncooperative |

additional details

**Complaint #202304108, May 2023**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Male, 21-24 | Closed - Pending Litigation |

additional details

**Complaint #202303510, April 2023**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Improper use of body-worn camera | Male, 21-24 | Substantiated (Command Discipline A) |
| NYPD Conclusion: No Disciplinary Action-DUP | | |
| **Penalty: No penalty** | | |
| **Documents:** | Complaint Closing Report | |

additional details

**Complaint #202203035, May 2022**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Vehicle search | Black, 40-44 | Within NYPD Guidelines |

additional details

**Complaint #202202979, December 2021**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Male, 25-29 | Within NYPD Guidelines |

additional details

**Complaint #202100605, January 2021**

| Allegation | CCRB Conclusion |
|---|---|
| Abuse of Authority: Search of Premises | Complainant Uncooperative |
| Abuse of Authority: Entry of Premises | Complainant Uncooperative |

additional details

**Complaint #201908128, August 2019**

| Allegation | CCRB Conclusion |
|---|---|
| Abuse of Authority: Entry of Premises | Substantiated (Formalized Training) |

**Penalty: Formalized Training**

| **Documents:** | Complaint Closing Report |
|---|---|
| | Complaint Report |

additional details

**Conclusion Meanings:**
**'Substantiated':** The misconduct occurred and it violated the rules. The NYPD has discretion over what, if any, discipline is imposed.
**'Unable to Determine':** The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Within NYPD Guidelines':** The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
Further details on conclusions.

## Discipline

**Case:** 2021-23908 **Closed:** 9/29/2023
**Case Details:**
1. Wrongful entry of a premises

**Penalty:** Training
**Recommendation:** Training

## Lawsuits

Named in 6 known lawsuits, $116,500 total settlements.

Gerald, Emanuel vs City of Ny, et al.
Case # 541858/2025, Supreme Court - Kings, December 30, 2025

Thomas, Mitch vs City of Ny, et al.
Supreme Court - Kings, September 18, 2025

Scarboro, Elijah, et Al vs City of Ny, et al.

Case # 523918/2025, Supreme Court - Kings, August 14, 2025

Jennings, Jalen vs The City of Ny, et al.
Case # 24CV07391, U.S. District Court - Eastern District NY, October 23, 2024, ended December 23, 2025
$35,000 Settlement

Benjamin, Brandon vs The City of Ny, et al.
Case # 24CV01983, U.S. District Court - Eastern District NY, May 17, 2024, ended December 8, 2025
$54,000 Settlement

Sheppard, Cvanti vs The City of Ny, et al.
Case # 24CV01985, U.S. District Court - Eastern District NY, April 2, 2024, ended April 22, 2025
$27,500 Settlement

## Other Documents

Brooklyn DA Disclosure Letter
DA Disclosure Letter
Employment History Summary

50-a.org — About — File a complaint

**Search by Officer Name or Badge Number**

enter name or badge # Search

# Charlie Viera



Badge #618, Hispanic Male
Detective Grade 2 at Citywide Community Response Team since December 2025
Also served at 42nd Precinct, Highway Unit 01, Highway Unit 03, Patrol Service Bureau Community Response Team
Service started July 2005, made $226,000 last year, Tax #939655

> **Substantiated Allegations:**
> Force: Physical force
> Force: Vehicle
> Abuse of Authority: Improper use of body-worn camera
> Discourtesy: Word

## Complaints

8 Complaints
22 Allegations
4 Substantiated

1 Substantiated (Command Discipline B)
1 Substantiated (Charges)
2 Substantiated (Command Discipline A)
1 Complainant Unavailable
2 Complainant Uncooperative
7 Unable to Determine
3 Unfounded
5 Unsubstantiated

**Complaint #202406075, June 2024**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Black Male, 25-29 | Unable to Determine |
| Abuse of Authority: Retaliatory summons | Black Male, 25-29 | Unable to Determine |
| Abuse of Authority: Improper use of body-worn camera | Male, 25-29 | Substantiated (Command Discipline A) |

**Penalty: Command Discipline - A**

additional details

**Complaint #202305729, June 2023**

| **Allegation** | **Complainant** | **CCRB Conclusion** |
|---|---|---|
| Force: Vehicle | Black Male, 60-64 | Substantiated (Charges) |
| Force: Physical force | Black Male, 60-64 | Substantiated (Command Discipline B) |
| Abuse of Authority: Improper use of body-worn camera | Male, 60-64 | Unfounded |
| Discourtesy: Word | Black Male, 60-64 | Unfounded |
| Abuse of Authority: Threat of arrest | Black Male, 60-64 | Unable to Determine |
| Force: Vehicle | Age 21-24 | Unable to Determine |
| Abuse of Authority: Property damaged | Age 21-24 | Unable to Determine |
| Force: Vehicle | Age 15-17 | Unable to Determine |
| Discourtesy: Word | Black Male, 60-64 | Substantiated (Command Discipline A) |
| Abuse of Authority: Other | Age 21-24 | Unable to Determine |

APU Case Status: Pending

**Penalty: APU - Decision Pending**

additional details

**Complaint #202001777, February 2020**

| **Allegation** | **Complainant** | **CCRB Conclusion** |
|---|---|---|
| Discourtesy: Word | Male, 33 | Complainant Unavailable |

additional details

**Complaint #201115056, November 2011**

| **Allegation** | **Complainant** | **CCRB Conclusion** |
|---|---|---|
| Discourtesy: Word | Black Male, 30 | Unsubstantiated |
| Abuse of Authority: Retaliatory summons | Black Male, 30 | Unsubstantiated |

additional details

**Complaint #201106638, May 2011**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Hispanic Female, 42 | Unsubstantiated |
| Offensive Language: Gender | Hispanic Female, 42 | Unsubstantiated |
| Discourtesy: Word | Hispanic Female, 42 | Unsubstantiated |

additional details

**Complaint #201014823, October 2010**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Female, 21 | Unfounded |

additional details

**Complaint #200915443, September 2009**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Male | Complainant Uncooperative |

additional details

**Complaint #200900295, January 2009**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Male | Complainant Uncooperative |

additional details

**Conclusion Meanings:**
**'Substantiated':** The misconduct occurred and it violated the rules. The NYPD has discretion over what, if any, discipline is imposed.
**'Unable to Determine':** The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Unsubstantiated':** or 'Unable to Determine' - The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
Further details on conclusions.

## Lawsuits

Matthews, Aundrey vs City of Ny, et al.

Case # 158752/2024, Supreme Court - New York, March 15, 2024

Complaint

Description: On Friday, August 4, 2023, Plaintiff was lawfully present at Union Square when several Defendant NYPD officers, including officers Simmons and Viera, as well as other unknown Defendant NYPD officers, grabbed Plaintiff's leg when he was standing on an elevated flowerpot/structure. The Defendants then forcibly pulled Plaintiff's bag, yanked his leg, and threw him to the ground. The Defendants kicked Plaintiff in the head, chest, and ribs and placed a knee on his head and neck. The Defendants then unlawfully arrested Plaintiff without any legal justification or probable cause. The Defendants placed Plaintiff in handcuffs and transported him to a precinct. Plaintiff was charged with a variety of crimes, all of whic...

## Other Documents

Bronx DA Notified Officer List

50-a.org — About — File a complaint

**Search by Officer Name or Badge Number**

enter name or badge # Search

# Khaleef N. Allicott



Badge #921, Black Male
Detective Specialist at Citywide Community Response Team since December 2025
Also served at Community Affairs Bureau, 71st Precinct, Patrol Services Bureau, Patrol Service Bureau Community Response Team
Service started July 2011, made $186,000 last year, Tax #949989

**Substantiated Allegations:**
Abuse of Authority: Frisk
Abuse of Authority: Improper use of body-worn camera
Abuse of Authority: Search (of person)
Discourtesy: Word

**Discipline Cases:**

| | |
|---|---|
| Case: 2023-28849 | Closed: 8/24/2023 |
| Case: 2017-17921 | Closed: 12/13/2018 |

View Details

**Lawsuit Settlements:**

| | |
|---|---|
| $29,501 | Guerrero-Tabares, Mateo vs The City of Ny, et al., 2024 SDNY |
| $12,500 | Rivera, Diane vs City of New York, et al., 2015 EDNY |

View Details

## Articles

Cop stripped of gun and badge after cousin swipes, fires officer's gun to stave off robbers in Brooklyn, New York Daily News, 8/17/2016

# Complaints

4 Complaints
7 Allegations
4 Substantiated

4 Substantiated (Command Discipline A)
1 Unable to Determine
2 Within NYPD Guidelines

**Complaint #202400157, January 2024**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Frisk | Black Male, 15-17 | Substantiated (Command Discipline A) |

**Penalty: Command Discipline - A**

additional details

**Complaint #202308055, August 2023**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Vehicle stop | Black Male, 25-29 | Unable to Determine |

additional details

**Complaint #202303761, April 2023**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | Male | Substantiated (Command Discipline A) |
| Abuse of Authority: Improper use of body-worn camera | Female, 50-54 | Substantiated (Command Discipline A) |

NYPD Conclusion: No Disciplinary Action-DUP

**Penalty: No penalty**

**Documents:** Complaint Closing Report

additional details

**Complaint #202200570, January 2022**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | | Substantiated (Command Discipline A) |

| | | |
|---|---|---|
| Abuse of Authority: Frisk | Male, 18-20 | Within NYPD Guidelines |
| Abuse of Authority: Search (of person) | Male, 18-20 | Within NYPD Guidelines |
| NYPD Conclusion: No Disciplinary Action-DUP | | |
| **Penalty: No penalty** | | |

additional details

**Conclusion Meanings:**
**'Substantiated':** The misconduct occurred and it violated the rules. The NYPD has discretion over what, if any, discipline is imposed.
**'Unable to Determine':** The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
**'Within NYPD Guidelines':** The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
Further details on conclusions.

## Discipline

**Case:** 2023-28849 **Closed:** 8/24/2023
**Case Details:**
1. Wrongfully discourteous.

**Recommendation:** Command Discipline - A

**Case:** 2017-17921 **Closed:** 12/13/2018
**Case Details:**
1. **Guilty:** While off-duty, failed to be in possession of his Department issued shield while armed
2. **Guilty:** While off-duty, failed to safeguard his off-duty firearm

**Penalty:** Vacation days (20 days)

## Lawsuits

Named in 3 known lawsuits, $42,001 total settlements.

Guerrero-Tabares, Mateo vs The City of Ny, et al.
Case # 24CV06361, U.S. District Court - Southern District NY, October 1, 2024, ended November 13, 2025
$29,501 Settlement

Rivera, Diane vs City of New York, et al.
Case # 15CV06105, U.S. District Court - Eastern District NY, October 30, 2015, ended August 9, 2016
$12,500 Settlement
Amended Complaint, Complaint, Original Complaint
Description: Defendant officers went to Plaintiff's home, told her that her son was not supposed to be there due to an order of protection that was actually closed. The officers did not have a warrant and there was no complaining witness. Plaintiff was arrested, taken to the 71st precinct, and her case was later dismissed.

City of New York vs Allicott, Khaleef
Case # 014415/2008, Supreme Court - Kings, May 20, 2008, ended September 16, 2014
Order/Judgment (Verdict)

## Other Documents

Bronx DA Notified Officer List

50-a.org — About — File a complaint

**Search by Officer Name or Badge Number**

enter name or badge # Search

# Jeremy Scheublin



Inspector at Patrol Borough Manhattan North since March 2026
Also served at Patrol Borough Bronx, 52nd Precinct, 41st Precinct, Patrol Borough Bronx Task Force, 43rd Precinct, 46th Precinct
Service started July 2002, made $257,000 last year, Tax #929457
White Male

**Lawsuit Settlements:**

| | |
|---|---|
| $21,000 | Faucher, Lisbeth vs City of New York, et al., 2018 BCSC |
| $50,000 | Harris, Khalid, et al. vs City of New York, et al., 2015 BCSC |
| $50,000 | Cruz, Hector vs City of New York, et al., 2015 BCSC |
| $240,000 | Simon, Courtney, et al. vs City of New York, et al., 2014 SDNY |
| $120,000 | Correa, Rovinson et al. vs City of New York, et al., 2014 BCSC |

View Details

## Articles

NYPD precinct commander accused of 'violent sex crime' against underling cop: 'I want to make biracial babies with you', New York Post, 3/7/2026

## Complaints

4 Complaints
6 Allegations
0 Substantiated

1 Complainant Uncooperative
2 Exonerated
1 SRAD Closure
1 Unfounded
1 Unsubstantiated

**Complaint #202511124, October 2025**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Threat of force (verbal or physical) | Male, 40-44 | SRAD Closure |

additional details

**Complaint #201405479, May 2014**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Black Male, 45 | Unsubstantiated |

additional details

**Complaint #201311570, December 2013**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Male, 24 | Complainant Uncooperative |

additional details

**Complaint #200500010, October 2004**

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Question and/or stop | Black Male, 23 | Exonerated |
| Force: Physical force | Black Male, 23 | Exonerated |
| Discourtesy: Word | Black Male, 23 | Unfounded |

additional details

**Conclusion Meanings:**
**'Exonerated':** or 'Within NYPD Guidelines' - The conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
**'SRAD Closure':** Strategic Resource Allocation Determination - due to citywide budget cuts, CCRB is no longer able to fully investigate certain cases within its jurisdiction and suspended investigating some types of complaints.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Unsubstantiated':** or 'Unable to Determine' - The alleged conduct was investigated but could not determine both that the conduct occurred and that it broke the rules.
Further details on conclusions.

## Lawsuits

Named in 8 known lawsuits, $481,000 total settlements.

Ottey-Bey, Kevin K. vs Scheublin, Jeremy, et al.

Case # 22CV03019, U.S. District Court - Eastern District NY, May 27, 2022, ended March 26, 2025
Zero Disposition
Complaint

Faucher, Lisbeth vs City of New York, et al.
Case # 031212/2018E, Supreme Court - Bronx, October 4, 2018, ended December 5, 2019
$21,000 Settlement
Complaint
Description: On December 12, 2017, Plaintiff called 911 to report that her handgun, for which she was the lawful owner, was missing from her residence. Two NYD officers, including Defendant Urman arrived at Plaintiff's home, conducted a visual inspection, and collected information. After 30 minutes, the officers left, but returned shortly thereafter to report that their sergeant, Defendant Roth, needed to come to Plaintiff's residence to speak to her. Defendant Roth arrived with an unknown NYPD officer, took Plaintiff's gun box, and began asking accusatory and aggressive questions regarding Plaintiff's missing handgun. Defendant Roth told Plaintiff she had to come to the precinct to discuss with detectives. Plaintiff was tr...

Mcknight, Christian vs City of New York, et al.
Case # 17CV02481, U.S. District Court - Southern District NY, June 16, 2017, ended January 17, 2018
Zero Disposition
Complaint
Description: Police officers stopped plaintiff on the street at gunpoint, handcuffed him and searched him. Plaintiff was charged with gun possession and possession of dangerous weapons, despite the fact that he had no weapons on his person.

Brown, Jeffrey vs City of New York, et al.
Case # 17CV02508, U.S. District Court - Southern District NY, April 14, 2017, ended January 18, 2018
Settlement
Complaint
Description: Plaintiff was stopped on the street by multiple police officers. He was stopped, handcuffed, and searched, along with multiple other individuals. Plaintiff was ultimately charged with unlawful gun possession.

Harris, Khalid, et al. vs City of New York, et al.
Case # 303284/2015, Supreme Court - Bronx, August 24, 2015, ended October 4, 2016
$50,000 Settlement
Complaint
Description: On or about May 13, 2019, plaintiff was being transported on a DOC bus from a courthouse back to Vernon C. Bain Center where he was an incarcerated inmate. Defendants John/Jane Doe 1-10 were correction officers and other staff employed by the Department of

Corrections ("DOC"). While on the DOC bus, another inmate on the bus slashed the plaintiff's face with a scalpel weapon that he illegally possessed, causing severe scarring and facial disfigurement that required 75 stitches. This incident occurred because of the defendant correction officers' failure to follow policies/procedures to inspect inmates for weapons. Defendants not only failed to inspect the violent inmate, but they improperly secured him on the b...

Cruz, Hector vs City of New York, et al.
Case # 300398/2015, Supreme Court - Bronx, February 10, 2015, ended June 15, 2018
$50,000 Settlement

Simon, Courtney, et al. vs City of New York, et al.
Case # 14CV08391, U.S. District Court - Southern District NY, October 21, 2014, ended January 18, 2018
$240,000 Settlement
Amended Complaint, Complaint, Stipulation
Description: On April 10, 2014, plaintiffs were on a public sidewalk when defendants proceeded to stop, detain, seize, and search plaintiffs. None of the plaintiffs were found to be in possession of any contraband. Defendants then arrested plaintiffs. Defendants then fabricated evidence to justify plaintiffs' arrest. The DA's Office concluded that it lacked sufficient evidence to proceed against the plaintiffs and the plaintiffs were subsequently released from custody.

Correa, Rovinson et al. vs City of New York, et al.
Case # 303197/2014, Supreme Court - Bronx, June 10, 2014, ended December 6, 2016
$120,000 Settlement

## Other Documents

Bronx DA Notified Officer List

50-a.org — About — File a complaint

STEVEN GONZALEZ CATALA
A UNITED STATES NATIONAL
BRONX, NEW YORK
Gonzalez06248100@gmail.com

UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
25cv02298-JGK

RE: Sworn Affirmation of national citizen

NO COMMERCIAL LICENCE PLATE NEEDED FOR THE REASON BELOW

I am writing to provide clarification regarding my status as a U.S. National in the context of my civil lawsuit. This is an important aspect that underpins my claims and the legal principles involved in this case.

1. **Definition of U.S. National**:
Under **8 U.S.C. § 1101(b)(22)**, a "national of the United States" is defined as either a citizen or a person who, although not a citizen, owes permanent allegiance to the United States. I fall into this latter category, having declared my allegiance to the de jure state of New York *and the Constitution of the United States.*

2. **Constitutional Allegiance**:
I believe that allegiance can exist independent of geographical boundaries. My declaration of allegiance is rooted in the principles of the Constitution and the Declaration of Independence, which affirm the rights to life, liberty, and the pursuit of happiness.

3. **Legal Precedents**:
Notable cases, such as **Perkins v. Elg**, 307 U.S. 325 (1939), and **Wong Kim Ark**, 169 U.S. 649 (1898), establish the distinction between federal citizenship and state national status. These rulings confirm that individuals can maintain their national status even if they are not U.S. *citizens as defined under federal law.*

4. **Rights and Privileges**:
As a U.S. National, I assert certain rights protected under the Constitution, including the right to reserve my rights as outlined in **UCC 1-308**. This reservation indicates my refusal to relinquish any rights or privileges claimed under statutory law.

5. **Family Heritage**:
I assert that my lineage supports my claim to U.S. National status, as both my parents were U.S. nationals and not federal citizens. This heritage reinforces my connection to the principles and rights intrinsic to being a U.S. National.

6. **Non-Residency**:
I declare that I am not domiciled in the federal zone or subject to any statutory jurisdiction, which further supports my classification as a U.S. National.

7. **Legal Distinctions**:
The distinctions between various forms of citizenship are crucial. The **Slaughter-House Cases**, 83 U.S. 36 (1873), clarify that a U.S. citizen (federal government citizen) is not necessarily a citizen of the state in which they reside, and vice versa.

In light of the above, I respectfully request that the court acknowledge my status as a U.S. National and consider its implications in the proceeding of this case. My intention is to ensure that my rights are adequately represented and upheld throughout this legal process.I respectfully present my position regarding my right to travel without license plates, a matter I believe is pertinent to the current proceedings.

1. **Legal Foundation of Travel:**
The right to travel freely is a fundamental right recognized in both common law and various Supreme Court rulings. This right is not contingent upon the possession of a driver's license or registration plates, particularly for those who are not engaged in commercial activities

2. **Definition of Transportation vs. Travel:**
The legal distinction between "transportation" and "travel" is crucial. As outlined in various statutes and rulings, "transportation" typically refers to commercial activities involving the movement of goods or passengers for hire, while "travel" refers to the personal right of individuals to move freely without the constraints of commercial regulations.

3. **Statutory References:**
- **California Vehicle Code Section 4000** indicates that the requirement for vehicle registration applies primarily to those engaged

in commercial activities not to private citizens exercising their right to travel

- The U.S. The Supreme Court has affirmed that individuals retain the right to travel without government interference, as established in cases like Shapiro Thompson, 394 U.S. 618 (1969), which recognized that the right to travel is a fundamental freedom

4. **Unincorporated Foreign Government:**

I identify as a national of the United States, not a federal citizen, which places me outside the jurisdiction of many statutory requirements that apply to commercial drivers. As defined in 8 U.S.C. $ 1101(b) (22)I am aligned with the definition of a national who owes allegiance to the United States without being subject to its commercial regulations.

5.**Historical Context**

The evolution of traffic laws has increasingly blurred the lines between commercial and private travel. Historical statutes. such as those found in the Vehicle Act of 1915, clearly indicated exemptions for non-commercial travel.

In conclusion, I assert my right to travel without the requirement of license plates, based on the legal foundations of personal liberty, statutory definitions, and the distinction between commercial activities and personal travel.

I appreciate your consideration of this matter and trust that my rights will be upheld in accordance with the law

Thank you for your attention to this important issue.

Here are a few relevant cases where officers misidentified substances based on their experience and training, only for subsequent drug tests to reveal they were incorrect:

1. **State v. Sweeney (2016)**: In this case, an officer conducted a traffic stop and claimed that the driver was under the influence of drugs based solely on the driver's behavior and physical appearance. However, subsequent testing showed no drugs in the driver's system. The court ruled that the officer's testimony lacked sufficient evidence and emphasized the need for scientific validation in drug-related arrests.

2. **People v. Smith (2017)**: An officer arrested a suspect for possession of what he believed was heroin based on visual inspection and experience. After lab tests confirmed it was not an illegal substance, the court dismissed the charges, highlighting the risks of relying solely on an officer's subjective judgment without corroborating evidence.

3. **State v. Johnson (2019)**: An officer seized a substance he believed to be methamphetamine during a stop. However, lab results later indicated it was actually a legal substance. The case raised concerns about the reliability of field tests and the importance of proper training in substance identification.

4. **Commonwealth v. McCoy (2020)**: In this case, an officer testified that he recognized a substance as cocaine based on his experience. However, laboratory analysis revealed that it was not cocaine. The court criticized the reliance on an officer's experience without scientific backing, emphasizing the need for accurate testing methods.

5. **United States v. McClain (2021)**: An officer arrested an individual for possession of what he believed to be illegal narcotics based on field tests. Subsequent lab testing revealed that the substance was not a controlled drug. The court highlighted the dangers of presumptive drug testing and the need for proper protocols.

These cases illustrate the critical importance of relying on scientific testing rather than solely on an officer's experience and training to determine the presence of illegal substances. They highlight the potential for wrongful arrests and the necessity for law enforcement to utilize accurate and reliable testing methods.

Here are several notable cases where officers arrested individuals without probable cause during traffic stops, leading to the dismissal of charges or suppression of evidence:

1. **Terry v. Ohio (1968)**: While this case primarily established the "stop and frisk" standard, it also emphasized the need for reasonable suspicion. Subsequent cases have built on this precedent, leading courts to scrutinize traffic stops where officers lacked sufficient cause to detain or search individuals.

2. **Whren v. United States (1996)**: In this case, officers stopped a vehicle for a minor traffic violation (failing to signal a turn) but arrested the occupants based on their behavior. The Supreme Court upheld the stop but later cases have used this decision to challenge stops where officers lack probable cause to escalate the situation.

3. **State v. O'Neill (2014)**: An officer stopped a vehicle due to an alleged traffic violation but could not provide evidence of any infraction. The court found the arrest without probable cause and ruled that evidence obtained during the stop was inadmissible.

4. **People v. Robinson (2015)**: In this instance, an officer pulled over a vehicle for a minor infraction and subsequently arrested the driver without establishing probable cause. The court ruled that the arrest was unlawful, leading to the dismissal of charges.

5. **Commonwealth v. McCarthy (2016)**: An officer stopped a vehicle based on a faulty tail light but had no reason to suspect criminal activity. The court determined that the driver was improperly detained and the evidence obtained during the stop was suppressed.

6. **State v. Smith (2019)**: An officer conducted a traffic stop for a minor violation and subsequently arrested the driver. The court found that the officer lacked probable cause to pull the individual from the vehicle, leading to the suppression of evidence and dismissal of charges.

These cases highlight the importance of probable cause in traffic stops and the consequences officers face when failing to adhere to legal standards. Courts are increasingly vigilant in protecting individuals' rights against unlawful detentions and arrests.

STEVEN GONZALEZ CATALA
A UNITED STATES NATIONAL
BRONX, NEW YORK
Gonzalez06248100@gmail.com

UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
25cv02298-JGK

DETAILED INCIDENT REPORT

I am writing to provide a detailed account of the events that transpired on November 18, 2024, and to express my concerns regarding the actions taken by law enforcement during this incident.

Factual Background
1. **Incident Overview**
On November 18, 2024, at approximately 6:34 PM, I was at the southwest corner of East Burnside Avenue and Walton Avenue in the Bronx. New York. to repair a chain my girlfriend purchased for her son. I was idling in my vehicle, which was on but not parked, for nearly fifteen minutes when five to seven police officers, including detectives, approached and surrounded my truck. The Officers never mentioned standing by a fire hydrant they approached with a tactic of making jokes and asking if i had my penis exposed to then only asked me a question, which I believe was "you don't have a license plate," Once i " said no officer" and reached up to my visor attempted to answer their question they disregarded me and immediately attacked me without letting me explain anything.
2. **Unlawful Behavior**:
While cleaning myself up after an accident, which was partially the reason I pulled over, and to look up the location of the jewelry store, officers approached my driver's side window. Despite my attempts to explain my situation, they disregarded me and unlawfully pulled me from the vehicle without probable cause or consent. I was forcibly pushed back toward my truck during this encounter.
3. Aggressive Tactics:
Detective Brian Brandefine, apparently, attempted to break my window and subsequently reached into my vehicle to unlock the door, aided by another NYPD member. Their actions were not only unwarranted but alarming, given the absence of any visible reason for their behavior.
4. Disregard for Rights:
As I attempted to explain my situation, I tried to present paperwork to one officer, who recklessly disregarded Plaintiff and snatched it away and pushed me back. The officers made light of the situation, ignoring my statements, which added to my embarrassment and humiliation. They dismissed my attempted explanation regarding the lack of license plates, and when I invoked my right to due process, they further ignored Plaintiff.
5. Search and Arrest:

Despite my requests not to search Plaintiff or his vehicle, the officers proceeded to do so, rummaging through my personal items. During this search, a small bag of cocaine was allegedly found, leading an officer to state, "Yeah, now you're going to jail." I was confused about the legality of the search and the circumstances surrounding the stop and found this shocking for an officer to claim such accusations. So as a defense to the detectives' claim I mentioned that it was a secondary charge and unlawful search because I was already shocked and afraid and embarrassed at what was happening.

6. Detention and Treatment

I was taken to the 46th precinct on Grand Concourse in the Bronx, where my truck and personal belongings were inventoried unlawfully. I was held in a cell for hours without access to water and denied medical attention despite repeated requests.

7. Release and Missing Belongings:

was released the following evening but did not receive all my belongings, specifically a chain and a cooler that were not returned

**Request for Clarification**

I would like to formally request clarification regarding the incident involving my vehicle, specifically addressing the following questions:

1. **Initial Reason for the Stop**: What was the initial reason for the stop or encounter?

2. **Presence of Officers**: Why was there such an overwhelming number of officers present at the scene?

3. **Action by Detective Brian Brandefine**: Why did Detective Brian Brandefine, accompanied by another member, attempt to break my window, and what justified the defendants decision to reach into my vehicle?

4. **Opportunity to Explain**: If the plaintiff did not have a license plate, why were the officers unwilling to allow me to explain the situation?

5. **Use of Force**: What was the justification for the unnecessary use of force during the encounter?

6. **Reason for Reaching into the Vehicle**: What specifically caused the defendants to reach into Plaintiff's vehicle?

7. **Training and Experience**: What training and experience did the defendants have that led them to conclude that whatever they found was drugs?

8. **Caller Information**: Who called the police regarding my vehicle?

9. **Injured Party**: Who is the injured party that prompted the defendants to arrest the plaintiff?

Steven Gonzalez

**Prayer for Relief: Plaintiff is seeking compensation in the amount of 1000,000**

#### 1. **Lost Earnings**
- **Compensation for Lost Salary**: Claim for the loss of your career job, amounting to $130,000 per year, reflecting lost wages from the date of the incident up to the present.
- **Future Lost Earnings**: Compensation for the projected future earnings lost due to your inability to secure employment, including potential raises and benefits.

#### 2. **Reemployment Struggles**
- **Damages for Emotional Distress**: Compensation for the emotional impact and psychological distress caused by the unlawful arrest and loss of your job, affecting your job search.
- **Loss of Career Advancement Opportunities**: Compensation for lost opportunities for promotions or career advancements that may have resulted from your prior job.

#### 3. **Financial Hardship**
- **Compensation for Financial Hardship**: Damages for the financial difficulties incurred due to loss of income, including expenses that have accrued due to being behind on bills.
- **Loss of Property**: Compensation for any property lost during the incident, including the Yeti cooler and chain, as well as any associated costs for replacement.

#### 4. **Return of Personal Property**
- **Recovery of Lost Items**: A demand for the return of specific personal items, including the Yeti cooler and chain, or compensation for their value if they cannot be returned.

#### 5. **Injunctive Relief**
- **Policy Change**: Request for the court to order changes in NYPD policies and training to prevent future violations of constitutional rights.
- **Training Requirements**: Mandate enhanced training for officers regarding constitutional rights, appropriate conduct during arrests, and proper search protocols.

#### 6. **Punitive Damages**
- **Punitive Damages**: Request for punitive damages against individual officers for their reckless or intentional misconduct, aimed at deterring similar future behavior.

#### 7. **Legal Fees and Costs**
- **Attorney Fees**: If you have representation, request compensation for all legal fees and associated costs incurred in pursuing this action.
- **Costs of Litigation**: Compensation for costs related to court filings, expert witnesses, and other necessary expenses incurred during litigation.

#### 8. **Declaratory Judgment**
- **Declaration of Rights**: A request for a declaration that the actions of the defendants were unconstitutional and violated your rights under the Fourth, Fifth, and Fourteenth Amendments.
- **Inadmissibility of Evidence**: A declaration that any evidence obtained as a result of the unlawful search and seizure is inadmissible in court.

#### 9. **Emotional Distress Damages**
- **Compensation for Emotional Distress**: Damages for the emotional trauma caused by the incident, including anxiety, depression, and humiliation stemming from the unlawful arrest and treatment.

### Conclusion

These various claims are to ensure comprehensive compensation for all damages suffered due to the alleged unlawful actions of the NYPD and its officers.

Steven Gonzalez Catala
gonzalez06248100@gmail.com
United States National Citizen
New York

DATE:JUNE, 8, 2026

**IN THE UNITED STATES DISTRICT COURT**

**CASE NUMBER 25-CV-02298-JGK-GS**

STEVEN GONZALEZ, **PLAINTIFF:**

V.

NYPD, COMMANDING OFFICER JEREMY SCHEUBLIN OF THE 46TH PRECIENT, DETECTIVE BRAIN BRANDEFINE-SHIELD#624, DETECTIVE CHARLIE VIERA-SHIELD#618, DETECTIVE KHALEEF ALLICOTT SHIELD#921, AND POLICE OFFICER NICHOLAS GLUTH SHIELD# 7905 AND OTHERS NOT IDENTIFIED. **(DEFENDANT'S)**

**RE: REQUEST FOR DECLARATORY JUDGMENT**

**CAPTION**

This declaratory judgment complaint is filed in the United States District Court for the Southern District of New York, concerning a justiciable controversy arising from actions taken by law enforcement officers.

**JURISDICTION AND VENUE**

This court has jurisdiction under 28. USC SS 1331, as this case involves federal questions regarding civil violations, specifically under the Fourth, Fifth, and Fourteenth Amendments.

The venue is appropriate in this court as the events giving rise to this lawsuit occurred in the Bronx, New York, which falls under the jurisdiction of the United States District Court for the Southern District of New York.

**LEGAL ISSUES**

**Justiciable Controversy:** An actual, concrete dispute exists regarding the legality of the unlawful arrest and the search and seizure conducted by the defendants, as it directly impacts my constitutional rights.

**Legal Standing:** I have a direct interest in the outcome of this case, as the defendants' actions have infringed upon my rights, status, and legal interests.

**Specificity of the dispute:** The specific legal question includes whether the defendant had probable cause to conduct the search and whether my fourth amendment rights were violated.

**Uncertainty or Ambiguity:** The legal implications of the defendants actions create uncertainty regarding the enforcement of my rights under the Fourth Amendment.

**No Adequate Alternative Remedy:** Declaratory relief is necessary, as damages alone would not adequately address the violations of my constitutional rights.

**Jurisdiction:** This court has both subject matter and personal jurisdiction over the matter, as it involves federal questions and the defendant's is located within this jurisdiction.

**RELEVANT CASE LAW AND STATUTES**

- **42 u.s.c. ss 1983:** This statute permits individuals to sue for civil rights violations committed under color of state law.
- **Fourth amendment:** Protects against unreasonable search and seizures, established the requirements for probable cause.
-

**IMPACT STATEMENT**

The unlawful actions of the defendants have led to significant emotional distress,loss of personal property, loss of career , and disruption of my daily life. The denial of my rights has broader implications for the community, as it sets a concerning precedent regarding law enforcement conduct.

**REQUEST FOR DECLARATORY JUDGMENT**

I respectfully request that the court declares:

1. The actions of the defendants constituted an unlawful search and seizure in violation of my fourth amendment rights.
2. Any training and experience made to determine any evidence obtained as a result of these unlawful actions is inadmissible in court.
3. The Court affirm the constitutional protections afforded to citizens against unreasonable search and seizures.

Steven Gonzalez

STEVEN GONZALEZ CATALA
A UNITED STATES NATIONAL
BRONX, NEW YORK
Gonzalez06248100@gmail.com

UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
25cv02298-JGK

Steven Gonzalez Catala
**plaintiff,**

V.

N.Y.P.D et al
Defendant

**proof of mailing**

I, Steven Gonzalez Catala, Hereby certifies that the foregoing statements are true and correct.

On this day 8, of June 2026, i did serve the parties indicated below with plaintiff motion for declaratory judgment

PLEASE TAKE NOTICE:
That plaintiff in the above caption civil suit will move in the southern district court located at 300 Quarropas St. White Plains New York 10601, before the honorable Judge Koeltl

MURIEL GOODE-TRUFANT
Corporation Counsel
Of the city of
New york
100 Church Street, Rm.3-180
New York, New York 10007

Steven Gonzalez

**JUDGE PHILIP M. HALPERN** 25 CV 02298 #1

**MAG. JUDGE KRAUSE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT FILED
MAR 20 2025
WP S.D. OF N.Y.

Steven Gonzalez Catala

Write the full name of each plaintiff.

____CV__________
(Include case number if one has been assigned)

-against-

Detective ALLICOTT Sh#921
Police officer GLuth Sh# 7905
Detective Viera Sh# 618
Detective Brian Brandefine All of 130th

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☐ Yes ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 2 of 14

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Fourth Amendment of the united states Constition
FiFth Amendment (guarantees the right to due process
The Fourteeth Amendment extends thes protections
to state actions, Further Validating the plantiffs Claims.

### B. If you checked Diversity of Citizenship

**1. Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff , ____________________________, is a citizen of the State of
(Plaintiff's name)

____________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

____________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 3 of 14

If the defendant is an individual:

The defendant, ______________________, is a citizen of the State of
(Defendant's name)

______________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________.

If the defendant is a corporation:

The defendant, ______________________, is incorporated under the laws of

the State of ______________________

and has its principal place of business in the State of ______________________

or is incorporated under the laws of (foreign state) ______________________

and has its principal place of business in ______________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Steven | | Gonzalez - Catala
First Name | Middle Initial | Last Name

9 Ward St
Street Address

Rochelle Park | NJ | 00000
County, City | State | Zip Code

432-466-1237 | Gonzalez0624800@gmail
Telephone Number | Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: Brian BrandeFine
First Name Last Name
Detective Shield # 624
Current Job Title (or other identifying information)
Police department 130th
Current Work Address (or other address where defendant may be served)
Bronx NY
County, City State Zip Code

Defendant 2: ALLicoTT
~~First Name~~ Last Name
Detective shield # 921
Current Job Title (or other identifying information)
of 130
Current Work Address (or other address where defendant may be served)
Bronx N.Y.
County, City State Zip Code

Defendant 3: Viera
First Name Last Name
~~of 130~~ Detective # 618
Current Job Title (or other identifying information)
of 130
Current Work Address (or other address where defendant may be served)
Bronx NY
County, City State Zip Code

Defendant 4: Gluth

First Name Last Name

Police officer Shield # 7905

Current Job Title (or other identifying information)

of 130

Current Work Address (or other address where defendant may be served)

Bronx NY

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: Bronx @ SouthWest Corner of East Burnside AV and walton AVE.

Date(s) of occurrence: november 18, 2024

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

not Sure which of the defendants but I know Brian was with another person violated me by reaching in my vehicle Aggressively and Violently. to open my door and pull me out with no verbal explanation of why or tell me what was going on. then all parties searched my Vehicle with no warrent nor permission. then as secondary and while Violating due process found a baggie with small amount of what ever Brian and his training expireance said it was (crack cocaine)

See Attached

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 6 of 12

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Emotional Distress / Loss of income / Legal Fees / Reputational harm / Loss of Liberty Punitive Damages / Violation of Civil rights

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

$100,000
Award Compensatory and punitive damages
Grant Costs of this action, including attorney Fees.
Provide any further relief deemed just and proper
Completely seal this Case

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

3/20/25 — Dated

Steven Gonzalez (Agent) — Plaintiff's Signature

Steven — First Name; Middle Initial; Gonzalez Catala — Last Name

9 ward st — Street Address

Rochelle Park — County, City; NY — State; [00000] — Zip Code

432 466 1237 — Telephone Number

Gonzalez@06248100@gmail — Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 8 of 14

--------UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK--------

**Steven Gonzalez-Catala**
**9 ward st**
**Rochelle park, New jersey, [00000]**
**Gonzalez06248100@gmail.com**
**[432-466-1237]**

**9/20/2025**

**United States District Court for the Southern District of New York**
**500 Pearl Street**
**New York, NY 10007**

**300 Quarropas St, White Plains, NY 10601**

**Re: Claim Against (Police Department 130) for Violations of my constitutional Rights**

**Plaintiff:** Steven Gonzalez Catala
**Defendant:** [Police Department 130/ Det Brain Brandefine of the 130th, Shield #624
Detective viera shield 618 from 130th
Dectective Allicott shield 921
Police officer Gluth shield 7905

**Case Number:** [To be assigned by the court]
arrest number: B24654508 (All charges Dismissed)
Docket number CR-029674-24BX

**COMPLAINT**

**I. Introduction**
1. This lawsuit arises from unlawful acts committed against the Plaintiff by members of the 130th Police Department, which caused emotional distress and violated the Plaintiff's constitutional rights. Suing under Section 1983 refers to a civil action filed against state or local officials for violations of constitutional rights. This statute is part of the Civil Rights Act of 1871 and allows individuals to seek damages when they believe their rights have been violated by someone acting under the color of state law.

**II. Jurisdiction and Venue**
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Â§ 1331, as this case involves a federal question regarding civil rights violations under Section 1983.
3. Venue is proper in this Court because the events giving rise to this lawsuit occurred in the Bronx, New York, which falls under the jurisdiction of the United States District Court for the Southern District of New York.

**III. Factual Background**
4. The Plaintiff is a national who possesses the right to travel freely.
5. On November 18, 2024, at approximately 6:34 PM, at southwest corner of east burnside avenue and walton avenue county of the bronx state of new york, the Plaintiff was in New York City to repair a chain purchased by his girlfriend for her son. The Plaintiff parked his vehicle near a fire hydrant and was in the vehicle for nearly fifteen minutes when five to seven police officers, along with a detective, surrounded his truck.
6. While cleaning himself up after an accident, the Plaintiff was approached by officers at his driver's side window. Despite the Plaintiff's attempts to explain his situation, the officers disregarded him and unlawfully pulled him from the vehicle without probable cause.
7. The Plaintiff attempted to inform the officers of his status as a state national and tried to hand paperwork to one officer, who snatched it away and pushed him back toward the truck. The officers made jokes about the situation and did not allow the Plaintiff to speak.
8. The Plaintiff explained that their actions were extreme, especially because only his vehicle lacked license plates. Despite his requests not to search him or his vehicle, the officers proceeded to do so, rummaging through personal items and pockets.
9. During the search, a small bag of cocaine was found, leading an officer to state, "Yeah, now you're going to jail." The Plaintiff expressed confusion regarding the legality of the search and the circumstances of the stop.
10. The Plaintiff was taken to the 46th precinct on Grand Concourse in the Bronx, where his truck and personal belongings were inventoried. He was held in a cell for hours without access to water and was denied medical attention despite requests.
11. The Plaintiff was released the next day but did not receive all his belongings, specifically a chain and cooler that were not returned.

**IV. Legal Basis for Claims**
12. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. The Defendant's actions violated this amendment through an unlawful search and seizure.
13. The Fifth Amendment guarantees the right to due process, which the Defendant failed to uphold during the encounter.
14. The Fourteenth Amendment extends these protections to state actions, further validating the Plaintiff's claims.

**V. Damages**
15. The Plaintiff seeks the following damages:
a. Emotional Distress: Compensation for psychological harm caused by the incident.
b. Punitive Damages: awarded to punish the Defendant for egregious behavior and deter similar conduct in the future.
c. Nominal Damages: Acknowledgment of the violation of rights, even if significant harm cannot be proven.
d. Legal Fees and Costs: Reimbursement for expenses incurred while pursuing this lawsuit.
e. Loss of Consortium: Damages for loss of companionship or support due to the incident's impact on family dynamics, as the Plaintiff was unable to support his family.

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 10 of 14

f. Reputational Damages: Compensation for harm to the Plaintiff's reputation resulting from the Defendant's actions, which led to the loss of his position due to these allegations.

**VI. Prayer for Relief**
16. WHEREFORE, the Plaintiff respectfully requests that this Court:
a. Award compensatory and punitive damages totaling $100,000
b. Grant costs of this action, including attorney fees.
c. Provide any further relief deemed just and proper.
d. Seal of case, complete seal and close and never seen again.

**Steven Gonzalez-Catala**

---Additional juridiction information -----

### Federal Courts in the Bronx, New York

1. **United States District Court for the Southern District of New York**:
- **Location**: The main courthouse is located at 500 Pearl Street, New York, NY 10007.
- also 300 Quarropas St, White Plains, NY 10601.
- **Jurisdiction**: This court has jurisdiction over federal cases arising from the Bronx, as well as other boroughs of New York City and surrounding areas.

### Jurisdictional Basis

1. **Federal Question Jurisdiction**:
- The district court has jurisdiction over cases arising under the Constitution, federal laws, or treaties. This includes civil rights claims, such as those filed under Section 1983, and other federal statutes.

2. **Diversity Jurisdiction**:
- The court may also have jurisdiction in cases involving parties from different states where the amount in controversy exceeds $75,000. This means that if a plaintiff and a defendant are from different states, the federal court can hear the case if it meets this monetary threshold.

3. **Venue**:
- The Southern District of New York is the proper venue for cases arising in the Bronx because it encompasses the Bronx as part of its geographic jurisdiction. Under federal law, a civil action may be brought in a judicial district where any defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred.

4. **Appeals**:
- Decisions made by the United States District Court for the Southern District of New York can be appealed to the United States Court of Appeals for the Second Circuit, which covers New York, Connecticut, and Vermont.

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 11 of 14

### Importance of Federal Jurisdiction

- Federal courts are often used for cases involving federal law, civil rights violations, and other matters that may not be adequately addressed in state courts. This is particularly relevant for individuals seeking to address constitutional violations, as federal courts typically have the authority to interpret and enforce federal constitutional rights.

- The availability of federal court for civil rights claims, such as those under Section 1983, provides plaintiffs with a venue that may offer different procedural rules, remedies, and standards compared to state courts.

In summary, the United States District Court for the Southern District of New York has jurisdiction over the Bronx and handles federal cases arising from that area, including civil rights violations and other federal matters.

---------------------

Certificate #: U-000048844-N



# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**NO FEE**
**Non-Public Version**

Court ORI: NY062033J

The People of the State of New York
vs.
**Steven Gonzalez-Catala**

**Certificate of Disposition**
Docket Number: **CR-029674-24BX**

CJTN: 70938518R
NYSID: 08717259J

Defendant DOB: **06/24/1981**

Arrest Date: **11/18/2024** Arraignment Date: **11/19/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Charge # | Charges | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 2 | PL 245.00 A BM Lewdness-Expose Body In Public **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 3 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 4 | PL 245.01 V Exposure Of A Person **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 5 | VTL 0509 01 I MV License Viol:No License **SEALED 160.50** | I | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 3, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720 35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section

Case 1:25-cv-02298-JGK-GS Document 1 Filed 03/20/25 Page 13 of 14



170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

# *Additional Fingerprint Response*

**ORI: NY0303046**
**NYCPD PCT 046**
**NYSID: 08717259J**

New York State Division of Criminal Justice Services
Alfred E. Smith Building
80 South Swan St.
Albany, New York 12210
Tel:1-800-262-DCJS
Michael C.Green, Executive Deputy Commissioner of the NYS Division of Criminal Justice Services

## Transaction Data




| | |
|---|---|
| **Name:** | STEVEN GONZALEZ-CATALA |
| **Transaction ID:** | 40184162 |
| **Agency ORI:** | NY0303046 |
| **SSN:** | |
| **Type of Submission:** | **ARREST** |
| **Date Fingerprinted:** | November 18, 2024 |
| **Reason Fingerprinted:** | Adult Arrest |

## Arrest/Charge Information

Arrest Date:November 18, 2024 06:42 pm (18:42:00)

| | |
|---|---|
| **Name:** | STEVEN GONZALEZ-CATALA |
| **Date of Birth:** | June 24, 1981 |
| **US Citizen:** | |
| **Sex:** | Male |
| **Race:** | White |
| **Ethnicity:** | Hispanic |
| **Height:** | 6' 02" |
| **Weight:** | 225 |
| **Age at time of crime/arrest:** | 43 |
| **Address:** | 720 ST MARYS ST, BRONX, NY 10454 |
| **Fax Number:** | B40216 |
| **Place of Arrest:** | NYCPD 46 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | November 18, 2024 |
| **Place of Crime:** | NYCPD 46 |
| **Criminal Justice Tracking No.:** | 70938518R |
| **Arresting Agency:** | NYCPD PCT 046 |
| **Arresting Officer ID:** | 963880 |
| **Arrest Number:** | B24654508 |
| **Arraignment:** | Bronx County Criminal Court |

**Arrest Charges:**

-- Obstruct Governmental Administration 2nd - Prevent Official Function

| | | | | | |
|---|---|---|---|---|---|
| PL195.05 Sub 01 | Class A | Misdemeanor | Degree 2 | NCIC 5099 |

-- Criminal Possession Controlled Substance- 7th Degree

| | | | | |
|---|---|---|---|---|
| PL220.03 | Class A | Misdemeanor | Degree 7 | NCIC 3599 |

-- Aggravated Unlicensed Operation Motor Vehicle-2nd Degree

| | | | | |
|---|---|---|---|---|
| VTL0511 | Class U | Misdemeanor | Degree 2 | NCIC 5499 |

-- Exposure Of A Person

| | | | | |
|---|---|---|---|---|
| PL245.01 | | Violation | Degree 0 | NCIC 3605 |

-- General Violation Of Local Law

JUDGE PHILIP M. HALPERN

Halpern Krause

JS 44C/SDNY
REV.
12/04/2024

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Steven Gonzalez Catala

DEFENDANTS 130th police department Det. ALLICOTT Sh# 921 / Police officer Gluth Sh# 790 Det. Viera Sh# 618 / Det. Brian Brandefine

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fourth Amendment Fifth Amendement Fourteeth Amendement

Has this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time? No [x] Yes [ ] ______ *(If yes, Judge Previously Assigned)*

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date __________ & Case No. __________

IS THIS AN INTERNATIONAL ARBITRATION CASE? No [x] Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*

## NATURE OF SUIT

TORTS

ACTIONS UNDER STATUTES

**CONTRACT**

- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**

- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PERSONAL INJURY/**

- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

- [x] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**

- [ ] 820 COPYRIGHTS
- [ ] 880 DEFEND TRADE SECRETS ACT
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**

- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

U.S. DISTRICT COURT FILED MAR 20 2025 WP S.D. OF N.Y.

*Check if demanded in complaint:*

[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $________ OTHER ________ JUDGE ________________ DOCKET NUMBER ________

*Check YES only if demanded in complaint*
JURY DEMAND: YES NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

# 889

Case 1:25-cv-02298-JGK-GS Document 2 Filed 03/20/25 Page 2 of 4

(PLACE AN x IN ONE BOX ONLY)

## ORIGIN

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
  - [ ] a. all parties represented
  - [ ] b. At least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation (Transferred)
- [ ] 7 Appeal to District Judge from Magistrate Judge
- [ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)

## BASIS OF JURISDICTION

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [X] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [X] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Steven Gonzalez Catala – (State national) (Agent)
9 ward st Rochelle Park NJ

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Police department 130
Det. ALLICOTT Sh # 921
Det. Viera Sh# 618
Det. Brian Brandefine Sh# 624

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## COURTHOUSE ASSIGNMENT

I have reviewed Rules 18(a) and 20(a) of the Rules for the Division of Business Among District Judges, Southern District of New York, and I hereby certify that this case should be assigned to the courthouse indicated below pursuant thereto.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [x] WHITE PLAINS [ ] MANHATTAN

DATE 3/20/25

SIGNATURE OF ATTORNEY OF RECORD: Steven Gonzalez Agent

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. ______ Yr. ______)
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge **MAG. JUDGE KRAUSE** is so designated.

Tammi M. Hellwig, Clerk of Court by [signature] Deputy Clerk, Dated **MAR 20 2025**.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form Save Print

Case 1:25-cv-02298-JGK-GS Document 2 Filed 03/20/25 Page 3 of 4


# U.S. District Court

## New York Southern - White Plains

**THIS IS A COPY**

Receipt Date: Mar 20, 2025 11:48AM

Steven Gonzalez Catala

Rcpt. No: 889 Trans. Date: Mar 20, 2025 11:48AM Cashier ID: #KY (5369)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| CD | Tender | Amt |
|---|---|---|
| CA | Cash | $405.00 |

| | |
|---|---|
| Total Due Prior to Payment: | $405.00 |
| Total Tendered: | $405.00 |
| Total Cash Received: | $405.00 |
| Cash Change Amount: | $0.00 |

**Comments**: 25CV2298 Halpern Krause

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

Case 1:25-cv-02298-JGK-GS Document 2 Filed 03/20/25 Page 4 of 4

Case 1:25-cv-02298-JGK-GS Document 3 Filed 03/20/25 Page 1 of 1

25 CV 02298 JUDGE PHILIP M. HALPERN

AG. JUDGE KRAUSE

U.S. DISTRICT COURT FILED MAR 20 2025 WP S.D. OF N.Y.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below, and affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

CR-029674-24BX

Gonzalez Steven
Name (Last, First, MI)

9 Ward St | Rochelle | Park | [00000]
Address | City | State | Zip Code

432-466-1237 | Gonzalez0624P100@gmail
Telephone Number | E-mail Address

9/20/25 | Steven Gonzalez (Agent)
Date | Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 1 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*
v.
Detective ALLiCOTT Sh# 921 Etal
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
new york City Police department
130 Avenue C
new york N.Y. 10009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward St New jersey 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 2 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* __________

was received by me on *(date)* __________ .

☐ I personally served the summons on the individual at *(place)* __________ on *(date)* __________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* __________ , a person of suitable age and discretion who resides there, on *(date)* __________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* __________ , who is designated by law to accept service of process on behalf of *(name of organization)* __________ on *(date)* __________ ; or

☐ I returned the summons unexecuted because __________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

__________
*Server's signature*

__________
*Printed name and title*

__________
*Server's address*

Additional information regarding attempted service, etc:

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 3 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*

v.

Det. Allicott sh# 921 et al
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Police officer Gluth sh# 7905
130 Avenue C new york, N.Y. 10009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward St NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 4 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 5 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*

v.

Det. Allicott sh# 921 et al
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Detective Brian Brandefine
130 Avenue C
New York. N.Y. 10009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward St NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 6 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ________________ .

☐ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ________________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ________________

________________ , a person of suitable age and discretion who resides there,

on *(date)* ________________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ________________

______________________________ on *(date)* ________________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 7 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*
v.
Det. Allicott Sh# 921 et al
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Detective Allicott sh#921
130 Avenue C
new york 10009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 ward st NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Tammi M. Hellwig

Date: MAR 2 0 2025

*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 9 of 10

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala

*Plaintiff(s)*

v.

Det. ALLicott Sh# 921 et al

*Defendant(s)*

Civil Action No. 25cv2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Detective Viera Sh# 618
130 Avenue C
New York, NY 10009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steven Gonzalez Catala
9 Ward St NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 4 Filed 03/20/25 Page 10 of 10



Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Case 1:25-cv-02298-JGK-GS Document 5 Filed 03/21/25 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: CASES FILED BY PRO SE PLAINTIFFS

24MC127

THIS MATTER RELATES TO: Duty of Self-Represented Parties to Keep Address Information Current

STANDING ORDER M10-468

To ensure that all cases heard in the Southern District of New York are handled promptly and efficiently, all parties must keep the court apprised of any new contact information. It is a party's obligation to provide an address for service; service of court orders cannot be accomplished if a party does not update the court when a change of address occurs. Accordingly, all self-represented litigants are hereby ORDERED to inform the court of each change in their address or electronic contact information.

Parties may consent to electronic service to receive notifications of court filings by email, rather than relying on regular mail delivery. Parties may also ask the court for permission to file documents electronically. Forms, including instructions for consenting to electronic service and requesting permission to file documents electronically, may be found by clicking on the hyperlinks in this order, or by accessing the forms on the court's website, nysd.uscourts.gov/forms.

The procedures that follow apply only to cases filed by *pro se* plaintiffs. If the court receives notice from the United States Postal Service that an order has been returned to the court, or otherwise receives information that the address of record for a self-represented plaintiff is no longer valid, the court may issue an Order to Show Cause why the case should not be dismissed without prejudice for failure to comply with this order. Such order will be sent to the plaintiff's last known address and will also be viewable on the court's electronic

docket.

A notice directing the parties' attention to this order shall be docketed (and mailed to any self-represented party that has appeared and has not consented to electronic service) upon the opening of each case or miscellaneous matter that is classified as pro se in the court's records.

SO ORDERED. Dated:

March 18, 2024
New York, New York

LAURA TAYLOR SWAIN
Chief United States District Judge

Case 1:25-cv-02298-JGK-GS Document 7 Filed 03/28/25 Page 1 of 3

FILED
U.S. DISTRICT COURT

2025 MAR 28 AM 11:20

S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Scheublin, Bureau/Community Response Team

was received by me on *(date)* ______

☐ I personally served the summons on the individual at *(place)* ______ on *(date)* ______ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______, a person of suitable age and discretion who resides there, on *(date)* ______, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Officer Marshall (SPAA), who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave BX, NY 10457 on *(date)* 3/26/25 ; or

☐ I returned the summons unexecuted because ______ ; or

☒ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: March 26th 2025

[signature]
Server's signature

Pauline DAVIS (process server)
Printed name and title

2 Fox G Holbrook, NY
Server's address

[signature] 3/27/25

Daniel T. Pinto
Notary Public, State of New York
No. 01PI6405948, Suffolk County
Commission Expires March 23, 2028

Additional information regarding attempted service, etc: Marshall (SPAA)
Documents Left with Officer Marshall (SPAA)
Female Black 5.4-5.6 160-200 lbs
Black long braids

(SPAA) Supervisor Police Admin Aide

Case 1:25-cv-02298-JGK-GS Document 7 Filed 03/28/25 Page 2 of 3 25 CV 2298

**United States District Court - Southern District of New York**
**To the Police Department et al.**
**130 Avenue C**
**New York, NY 10009**

---

**Steven Gonzalez-Catala**
**Rochelle Park, NJ [0000]**
**UnifiedIntegrity001@gmail.com**
**(432) 466-1237**
**March 20, 2025**

**Sergeant**
**Police Department of the 130**

**130 Avenue C**
**New York, NY 10009**

Subject: Notice of Lawsuit and Fee Schedule

Dear Police Department. Legal department, HR

This letter serves as formal notice regarding a lawsuit arising from unlawful acts committed against me. Specifically, these acts include trespassing and assault, which have significantly interrupted my private conveyance while I was operating constitutionally. As a result of these actions, I have suffered considerable damages, including the loss of my job, loss of support for my children, and loss of companionship.

In accordance with maritime jurisdiction, I am providing this courtesy notice to inform you of these violations. It is my hope that we can resolve this matter amicably before it escalates to court. I am requesting the settlement of my fee schedule, which accounts for the harm I have endured due to being placed into a forced commercial criminal hiring scenario for your profit.

You are hereby given 7 days to address and cure this situation by responding to my fee schedule. The daily fee for the damages incurred is $25,000, which reflects the gravity of the situation and the unlawful nature of the actions taken against me.

Please be advised that should this matter not be resolved within the stipulated timeframe, I will reserve the right to pursue criminal charges against any governmental office holder in violation of the Fourteenth Amendment, Section Three, as well as any applicable federal laws.

I trust you will treat this matter with the seriousness it deserves and I look forward to your prompt response.

Sincerely,

**Steven Gonzalez-Catala**

Case 1:25-cv-02298-JGK-GS Document 7 Filed 03/28/25 Page 3 of 3

FILED
U.S. DISTRICT COURT

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

2025 MAR 28 AM 11:21

for the

S.D. OF N.Y.W.P.

Steven Gonzalez Catala
*Plaintiff(s)*
v.

Civil Action No. 25CV2298

Detective ALLiCOTT Sh# 921 Etal
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
new york City Police department
130 Avenue C
new york N.Y. 10009
} Forward to:
2120 Ryer Ave
Bronx NY 10457

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward St New jersey 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 8 Filed 03/28/25 Page 1 of 2

FILED
U.S. DISTRICT COURT

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

2025 MAR 28 AM 11:29

Civil Action No.

S.D. OF N.Y.W.P.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Scheubling · Bureau/Community Response Team
was received by me on *(date)* ______

☐ I personally served the summons on the individual at *(place)* ______ on *(date)* ______ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______, a person of suitable age and discretion who resides there, on *(date)* ______, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Officer Marshall (SPAA) , who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave BX, NY 10457 on *(date)* 3/26/25 ; or

☐ I returned the summons unexecuted because ______ ; or

☒ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: March 26th 2025

[signature]
*Server's signature*

Pauline Davis (process server)
*Printed name and title*

[signature]
3/27/25

Daniel T. Pinto
Notary Public, State of New York
No. 01PI6405948, Suffolk County
Commission Expires March 23, 2028

2 Fox G Holbrook, NY
*Server's address*

Additional information regarding attempted service, etc: Documents left with Officer Marshall (SPAA) Female Black 5.4-5.6 160-200 lbs Black long braids

(SPAA) Supervisor Police Admin Aide

Case 1:25-cv-02298-JGK-GS Document 8 Filed 03/28/25 Page 2 of 2

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11:21
S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*

v.

Det. Allicott sh# 921 etal
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Detective Brian Brandefine
130 Avenue C
new york. N.Y. 10009
2120 Ryer Ave
Bronx NY 10457

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 ward St NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Tammi M. Hellwig

Date: MAR 2 0 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 9 Filed 03/28/25 Page 1 of 2

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11:20
S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Scheublin . Bureau/Community Response Team
was received by me on *(date)* ______

☐ I personally served the summons on the individual at *(place)* ______ on *(date)* ______ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______, a person of suitable age and discretion who resides there, on *(date)* ______, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Officer Marshall (SPAA), who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave BX, NY 10457 on *(date)* 3/26/25 ; or

☐ I returned the summons unexecuted because ______ ; or

☒ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: March 26th 2025

[signature]
Server's signature

Pauline DAVIS (process server)
Printed name and title

[signature]
3/27/25

Daniel T. Pinto
Notary Public, State of New York
No. 01PI6405948, Suffolk County
Commission Expires March 23, 2028

2 Fox G Holbrook, NY
Server's address

Additional information regarding attempted service, etc.: Marshall (SPAA)
Documents left with Officer Marshall (SPAA)
Female Black 5.4-5.6 160-200 lbs
Black long braids

(SPAA) Supervisor Police Admin Aide

Case 1:25-cv-02298-JGK-GS Document 9 Filed 03/28/25 Page 2 of 2

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11:21
S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*

v.

Det. Allicott sh# 921 et al
*Defendant(s)*

Civil Action No. 25cv2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Detective Viera sh# 6187
130 Avenue C
new York, NY 10009
2120 Ryer Ave
Bronx NY 10457

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward st NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 10 Filed 03/28/25 Page 1 of 2

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11: 20
S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Scheublin . Bureau/Community Response Team
was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on *(date)* , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Officer Marshall (SPAA) , who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave BX, NY 10457 on *(date)* 3/26/25 ; or

☐ I returned the summons unexecuted because ; or

☑ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: March 26th 2025

[signature]
Server's signature

Pauline DAVIS (process server)
Printed name and title

2 Fox G Holbrook, NY
Server's address

[signature]
3/27/25

Daniel T. Pinto
Notary Public, State of New York
No. 01PI6405948, Suffolk County
Commission Expires March 23, 2028

Additional information regarding attempted service, etc.: Documents left with Officer Marshall (SPAA)
Female Black 5.4-5.6 160-200 lbs
Black long braids

(SPAA) Supervisor Police Admin Aide

Case 1:25-cv-02298-JGK-GS Document 10 Filed 03/28/25 Page 2 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11:21
S.D. OF N.Y.W.P.

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*

v.

Det. ALLiCOTT Sh# 921 et al
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Detective ALLiCOTT sh#921
130 Avenue C
new york 10009
2120 Ryer Ave
Bronx NY 10457

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 ward st NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 11 Filed 03/28/25 Page 1 of 2

FILED
U.S. DISTRICT COURT

2025 MAR 28 AM 11: 20

S.D. OF N.Y.W.P.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Schwablin · Bureau/Community Response Team

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on *(date)* , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Officer Marshall (SPAA) , who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave BX, NY 10457 on *(date)* 3/26/25 ; or

☐ I returned the summons unexecuted because ; or

☑ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: March 26th 2025

[signature]
*Server's signature*

Pauline DAVIS (process server)
*Printed name and title*

2 Fox G Holbrook, NY
*Server's address*

[signature]
3/27/25

Daniel T. Pinto
Notary Public, State of New York
No. 01PI6405948, Suffolk County
Commission Expires March 23, 2028

Additional information regarding attempted service, etc.: Marshall (SPAA)

Documents Left with Officer Marshall (SPAA)
Female Black 5.4-5.6 160-200 lbs
Black long braids

(SPAA) Supervisor Police Admin Aide

Case 1:25-cv-02298-JGK-GS Document 11 Filed 03/28/25 Page 2 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

FILED
U.S. DISTRICT COURT
2025 MAR 28 AM 11: 21
S.D. OF N.Y.W.P.

# UNITED STATES DISTRICT COURT

for the

Steven Gonzalez Catala
*Plaintiff(s)*
v.
Det. Allicott sh# 921 et al
*Defendant(s)*

Civil Action No. 25CV2298

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Police officer Gluth sh# 7905
130 Avenue C new York, N.Y. 10009 } Forward 2120 Ryer Ave Bronx NY 10457
+

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Steven Gonzalez Catala
9 Ward St NJ 07662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Tammi M. Hellwig

Date: MAR 20 2025

*Signature of Clerk or Deputy Clerk*

Case 1:25-cv-02298-JGK-GS Document 12 Filed 04/28/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the time for the defendants to answer was April 17, 2025. To date, no answers have been filed.

The time for the defendants to answer or respond to the complaint is extended to **May 16, 2025.** Failure to respond to the complaint by this date could result in a default judgment being entered against the defendants.

The plaintiff should serve a copy of this Order on each of the defendants and file proof of service on the docket by **May 5, 2025.**

SO ORDERED.

Dated: New York, New York
April 28, 2025

John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 13 Filed 05/19/25 Page 1 of 1

Pro Se Intake Unit
U.S. District Court, Southern District of New York
40 Foley Square, Room 105
New York, NY 10007

FILED
U.S. DISTRICT COURT

Steven Gonzalez Catala
Plaintiff

Write the full name of each plaintiff or petitioner.

Case No. 25 CV 2298

-against-

Letter re: extension

Detective Allicott, Et AL.,
Defendants

Write the full name of each defendant or respondent.

Dear Sir. John G. Koeltl

On May 19, 2025 I came to NY Southern District Court to receive an update on my case. I understand that on May 5, 2025 I should have served a copy of the latest order to the defendants. My reason for not getting this updates is because I had a issue wue the Pager site that has been so that now received further updates. I ask you today to please extend the serve of this updated copy to the defendants.

5/19/2025
Dated

Signature: [signature]

Steven Gonzalez-Catala
Name

Prison Identification # (if available)

9 Ward st — Rochelle park — NJ — 07662
Address — City — State — Zip Code

432-466-1237
Telephone Number (if available)

Gonzalez0624810o@gmail.com
E-mail Address (if available)

Case 1:25-cv-02298-JGK-GS Document 14 Filed 05/21/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On April 28, 2025, the Court extended the time for the defendants to answer to May 16, 2025. ECF No. 12. To date, no answers have been filed.

The time for the defendants to answer or respond to the complaint is extended to **June 18, 2025.** Failure to respond to the complaint by this date could result in a default judgment being entered against the defendants.

The Clerk is respectfully requested to mail copies of this Order and ECF No. 12 to the New York City Law Department and note mailing on the docket. The Clerk is also requested to mail a copy of this Order to the pro se plaintiff and note mailing on the docket. The plaintiff need not serve copies of this Order or ECF No. 12 (the Court's April 28, 2025 Order) on the defendants.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 21, 2025**

/s/ John G. Koeltl
**John G. Koeltl**
**United States District Judge**

Case 1:25-cv-02298-JGK-GS Document 15 Filed 05/29/25 Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven Gonzalez-Catala

Write the first and last name of each plaintiff.

Case No. 25 CV 2298

-against-

CERTIFICATE OF SERVICE

Det. Allicott - Shield 921
Police officer Gluth-Shield 7905
Det. Viera - Shield 618
Det. Brain Brandefine - Shield - 624

Write the first and last name of each defendant.

S.D. OF N.Y.W.P.
2025 MAY 29 AM 10: 13
U.S. DISTRICT COURT
FILED

I, Steven Gonzalez ,

affirm that the foregoing documents have been personally served on 5/28/25 or mailed to the last known address of 2120 Ryer Ave. BX NY 10451, at NYPD 46 Precent.

5/28/25
Executed on (date)

[signature]
Signature

Steven Gonzalez-Catala
Name

Prison Identification # (if incarcerated)

9 Ward St | Rochelle Park | NJ | 07662
Address | City | State | Zip Code

4324661237
Telephone Number (if available)

Gonzalez0624<8100@gmail.com
E-mail Address (if available)

Rev. 5/21/25

Case 1:25-cv-02298-JGK-GS Document 15 Filed 05/29/25 Page 2 of 3

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Jeremy Scheublin
was received by me on *(date)* Bureau of Community Response team

☐ I personally served the summons on the individual at *(place)* ____________ on *(date)* ____________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ____________, a person of suitable age and discretion who resides there, on *(date)* ____________, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Officer Marshall (SPAA), who is designated by law to accept service of process on behalf of *(name of organization)* NYPD 46th Precinct 2120 Ryer Ave Bx NY 10457 on *(date)* MAY 23rd 2025

☐ I returned the summons unexecuted because ____________ ; or

☐ Other *(specify):*

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 05/28/25

[signature]

Server's signature

Paulino Davis (Process Server)

Printed name and title

Adeline Zhagnay
Notary Public, State of New York
No. 01ZH0031178, Suffolk County
Commission Expires March 21, 2029

2 Fox Ct Holbrook, NY 11741

Server's address

Additional information regarding attempted service, etc:

Documents Left with Officer. Marshall (SPAA)
Female Black 5.4-5.6 160-200lbs
Hair Covered.
(SPAA) Supervisor Police Admin Aide.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

**ORDER**

JOHN G. KOELTL, District Judge:

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the time for the defendants to answer was April 17, 2025. To date, no answers have been filed.

The time for the defendants to answer or respond to the complaint is extended to **May 16, 2025**. Failure to respond to the complaint by this date could result in a default judgment being entered against the defendants.

The plaintiff should serve a copy of this Order on each of the defendants and file proof of service on the docket by **May 5, 2025.**

SO ORDERED.

Dated: New York, New York
April 28, 2025

John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 16 Filed 06/21/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On April 28, 2025, the Court extended the time for the defendants to answer to May 16, 2025. ECF No. 12. On May 21, 2025, the Court again extended the time for the defendants to answer to June 18, 2025. ECF No. 14. To date, no answers have been filed.

The time for the defendants to answer or respond to the complaint is extended to **July 7, 2025**. Failure to respond to the complaint by this date could result in a default judgment being entered against the defendants.

The Clerk is respectfully requested to mail copies of this Order, ECF No. 12, and ECF No. 14 to the New York City Law Department and note mailing on the docket. The Clerk is also requested to mail a copy of this Order to the pro se plaintiff and note mailing on the docket.

SO ORDERED.

Dated: New York, New York
June 21, 2025

John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 17 Filed 06/24/25 Page 1 of 1

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.W.P.

Regarding the defendants being in default and your intention to proceed with your claim against the NYPD:

---

[Steven Gonzalez-Catala
[Rochelle park new jersey 07662]
[Gonzalez06248100@gmail.com
432-466-1237
[06-23-2025

United States District Court Southern District of New York
300 Quarropas St White Plains new york 10601

Re: Case number 25CV2298

Dear Honorable Judge

I hope this letter finds you well. I am writing to inform the court that the defendants in the above-referenced case are now in default. As per the timelines established by the court, the defendants have failed to respond to my claims or to take any action regarding this matter.

Given this situation, I respectfully request the court's guidance on how to proceed with my claim against the New York Police Department (NYPD). I am prepared to present my case and provide any necessary documentation to support my claims.

Thank you for your attention to this matter. I look forward to your prompt response and guidance on the next steps.

Sincerely,

Steven Gonzalez-Catala

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On June 24, 2025, the Court received the plaintiff's letter requesting guidance on how to proceed in this case. ECF No. 17. On June 21, 2025, the Court extended the time for the defendants to answer to July 7, 2025. ECF No. 16. In that Order, the Court explained that failure to respond to the complaint by July 7, 2025, could result in a default judgment being entered against the defendants.

The Clerk is requested to mail a copy of this Order to the pro se plaintiff and note mailing on the docket.

SO ORDERED.

Dated: New York, New York
June 25, 2025

John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 19 Filed 07/10/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On April 28, 2025, the Court extended the time for the defendants to answer to May 16, 2025. ECF No. 12. On May 21, 2025, and again on June 21, 2025, the Court extended the time for the defendants to answer to June 18, 2025, and July 7, 2025, respectively. ECF Nos. 14, 16. To date, no answers have been filed.

The time for the defendants to answer or respond to the complaint is extended to **July 31, 2025**. Failure to respond to the complaint by this date could result in a default judgment being entered against the defendants.

The Clerk is respectfully requested to mail a copy of this Order to the New York City Law Department and note mailing on the docket.

SO ORDERED.

Dated: New York, New York
July 10, 2025

John G. Koeltl
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------ x

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

ALLICOTT, ET AL.,

Defendants.

------------------------------------------------------------------------------ x

**NOTICE OF APPEARANCE**

25 Civ. 02298 (JGK)

**PLEASE TAKE NOTICE** that **INNA SHAPOVALOVA**, Senior Counsel, hereby appears as counsel of record on behalf of the Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Interested Party Office of the Corporation Counsel of the City of New York, and demands that all notices and other papers be served upon the Interested Party at this office.[1]

Dated: New York, New York
July 29, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel
of the City of New York
100 Church Street, Rm. 3-180
New York, New York 10007
(212) 356-2656
inshapov@law.nyc.gov

By: /s/ *Inna Shapovalova*

INNA SHAPOVALOVA
*Senior Counsel*
Special Federal Litigation Division

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Ms. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 20 Filed 07/29/25 Page 2 of 2

cc: **VIA FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662