Case 1:25-cv-02298-JGK-GS Document 21 Filed 07/29/25 Page 1 of 3

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

July 29, 2025

**BY ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Steven Gonzalez Catala v. Allicott, et al., 25 Civ. 02298 (JGK)

Your Honor:

I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter.[1] I write on behalf of interested party the Office of the Corporation Counsel of the City of New York ("Office") to respectfully request for the Court to *sua sponte* grant individually named defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine a sixty (60) day enlargement of time to respond to the Complaint, from July 31, 2025 until September 29, 2025. This is the first request for such an enlargement of time to respond to the Complaint. Plaintiff *pro se* Steven Gonzalez Catala indicated to Mr. Klobus that he does not consent to this request.

As a preliminary matter, the undersigned sincerely apologizes to the Court and plaintiff for the delay in this matter. Based on a preliminary investigation of the service effectuated on the individual defendants, it appears that they were each served at the 46th Precinct although they are all assigned to the PBS Community Response Team. As members of

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 21 Filed 07/29/25 Page 2 of 3

the PBS Community Response Team, their proper service address is 245 Glenmore Ave, Brooklyn, NY 11207. As a result of the discrepancy in the service address, it is the undersigned's understanding that the individual defendants were not informed of the documents left for them at the 46th Precinct at the time of service.

By way of background, plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, constitutional violations on or about November 18, 2024. Plaintiff names Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine as defendants in this action. See ECF No. 1.

There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office must conduct an investigation into the allegations set forth in the Complaint. To that end, it is our understanding that, because plaintiff alleges that the charges against him were dismissed, records related to the arrest and prosecution underlying the incident at issue are likely sealed pursuant to N.Y. C.P.L. § 160.50. Accordingly, this Office needs a signed consent and authorization form for the release of sealed arrest and criminal prosecution records in order to obtain them. The appropriate release will be sent plaintiff *pro se* for execution as soon as possible this week. Once an executed release is provided to this Office, this Office needs time to request and obtain the pertinent arrest and prosecution documents, evaluate the claims in the Complaint, and properly respond to the allegations therein.

Furthermore, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, this Office must determine whether it will represent defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine in this action. The individual defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorizations. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law). As this Office has not undertaken the representation of the individual defendants, the instant request is not made on their behalf.

For the foregoing reasons, this Office respectfully requests for the Court to *sua sponte* grant individually named defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine a sixty (60) day extension of time to respond to the Complaint, from July 31, 2025 until September 29, 2025.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

Case 1:25-cv-02298-JGK-GS Document 21 Filed 07/29/25 Page 3 of 3

cc: **<u>By FIRST-CLASS MAIL</u>**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

July 29, 2025

Application granted. The Clerk is directed to mail a copy of this order to the pro se plaintiff and to note mailing on the docket. So ordered.
John G. Koeltl
7/30/25 U.S.D.J.

**BY ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Steven Gonzalez Catala v. Allicott, et al., 25 Civ. 02298 (JGK)

Your Honor:

I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter.[1] I write on behalf of interested party the Office of the Corporation Counsel of the City of New York ("Office") to respectfully request for the Court to *sua sponte* grant individually named defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine a sixty (60) day enlargement of time to respond to the Complaint, from July 31, 2025 until September 29, 2025. This is the first request for such an enlargement of time to respond to the Complaint. Plaintiff *pro se* Steven Gonzalez Catala indicated to Mr. Klobus that he does not consent to this request.

As a preliminary matter, the undersigned sincerely apologizes to the Court and plaintiff for the delay in this matter. Based on a preliminary investigation of the service effectuated on the individual defendants, it appears that they were each served at the 46th Precinct although they are all assigned to the PBS Community Response Team. As members of

---

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

the PBS Community Response Team, their proper service address is 245 Glenmore Ave, Brooklyn, NY 11207. As a result of the discrepancy in the service address, it is the undersigned's understanding that the individual defendants were not informed of the documents left for them at the 46th Precinct at the time of service.

By way of background, plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, constitutional violations on or about November 18, 2024. Plaintiff names Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine as defendants in this action. See ECF No. 1.

There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office must conduct an investigation into the allegations set forth in the Complaint. To that end, it is our understanding that, because plaintiff alleges that the charges against him were dismissed, records related to the arrest and prosecution underlying the incident at issue are likely sealed pursuant to N.Y. C.P.L. § 160.50. Accordingly, this Office needs a signed consent and authorization form for the release of sealed arrest and criminal prosecution records in order to obtain them. The appropriate release will be sent plaintiff *pro se* for execution as soon as possible this week. Once an executed release is provided to this Office, this Office needs time to request and obtain the pertinent arrest and prosecution documents, evaluate the claims in the Complaint, and properly respond to the allegations therein.

Furthermore, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, this Office must determine whether it will represent defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine in this action. The individual defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorizations. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law). As this Office has not undertaken the representation of the individual defendants, the instant request is not made on their behalf.

For the foregoing reasons, this Office respectfully requests for the Court to *sua sponte* grant individually named defendants Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine a sixty (60) day extension of time to respond to the Complaint, from July 31, 2025 until September 29, 2025.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Inna Shapovalova

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

Case 1:25-cv-02298-JGK-GS Document 22 Filed 07/30/25 Page 3 of 3
Case 1:25-cv-02298-JGK Document 21 Filed 07/29/25 Page 3 of 3

cc: <u>**By FIRST-CLASS MAIL**</u>
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

25CV02298

By: Steven Gonzalez Catala**
**UCC 1-308**
**UCC FILE NUMBER: 2024-276-1179-5**
**Contact Email: Gonzalez06248100@gmail.com**

---

**Subject: Clarification and Requests Regarding Case**

**Your Honor,**

I wish to clarify my position regarding the assumptions made by the defendant.

1. **Identity Confirmation:** I am not merely a Federally Owned U.S. citizen, as implied, but an American National citizen—a living human being. It is crucial for me to be recognized as the agent, beneficiary, surety, and grantor in this matter. I seek acknowledgment of my true identity, particularly concerning my name, which has been represented in all capital letters. This representation pertains to a corporate entity and is distinct from my identity as a living person.

2. **Constitutional Rights:** As a national citizen of the United States of America, I believe that requests for information related to a corporate entity, such as a Social Security Number or a birth number, are inappropriate in this context. The Constitution, which we, the people, adhere to under common law, emphasizes the right of a common law national to file a sworn complaint when their constitutional rights have been violated. The Ku Klux Klan Act of 1871, which includes 42 U.S.C. § 1983, provides a federal remedy for persons whose constitutional rights have been violated by state officials.

3. **Legal Foundation:** Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." This statute was interpreted to allow lawsuits against police officers in the landmark case of *Monroe v. Pape* (1961). Thus, litigation under Section 1983 is relatively young compared to other legal areas such as personal injury or contract disputes.

4. **Fourth and Fourteenth Amendments:** Under the Fourth Amendment, I assert claims of unreasonable seizure, excessive force, false imprisonment, battery, trespass, and malicious prosecution. The Fourteenth Amendment further protects that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

5. **Incident Overview:** Regarding the incident reported, I was traveling freely as an American national, exercising my right to travel in my private capacity. I was subjected to an unwarranted attack and forcibly removed from my private automobile without due process. Additionally, my rights were further violated when my vehicle was searched without consent or a warrant, leading

to the removal of my personal belongings.

6. **Claims of Violation:** This lawsuit arises from unlawful acts perpetrated against me by the defendant, resulting in emotional distress, the loss of my professional career, humiliation, and a violation of my constitutional rights. Pursuing this matter under Section 1983 allows individuals to seek damages when they believe their rights have been infringed upon by someone acting under the color of state law.

7. **Request for Information:** I request the Employer Identification Number (EIN) of the Corporation Counsel of the City of New York, along with their bond number and information. Additionally, I request their Bar certification, as this pertains to their status as a foreign entity.

8. **Jurisdiction Consideration:** I believe we may need to consider moving this case to state court. My original report was against all defendants, including the NYPD, who are liable for their actions due to inadequate training and performance, which infringed upon my rights. I am confident in the policies the police department has in place to ensure fair treatment.

9. **Consent and Legal Procedures:** I do not consent to a judge entering any plea, as this would result in a conflict of interest. A judge cannot practice law from the bench; this would violate their oath and my civil rights.

10. **Legal Reference:** I reference *Carlisle v. United States*, 517 U.S. 416 (1996), which clarifies that a District Court or state court cannot move sua sponte to grant a judgment of acquittal or notwithstanding the verdict to remedy a late filing of the equivalent motion.

Thank you for your time and consideration.

# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**NO FEE**

**Non-Public Version**

Court ORI NY062013J

The People of the State of New York
vs.
**Steven Gonzalez-Catala**

**Certificate of Disposition**
Docket Number: **CR-029674-24BX**

CJTN: 70938518R
NYSID: 08717259J

Defendant DOB: **06/24/1981**

Arrest Date: **11/18/2024** Arraignment Date: **11/19/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 2 | PL 245.00 A BM Lewdness-Expose Body In Public **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 3 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 4 | PL 245.01 V Exposure Of A Person **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 5 | VTL 0509 01 I MV License Viol:No License **SEALED 160.50** | I | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 3, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section

Case 1:25-cv-02298-JGK-GS Document 23 Filed 08/04/25 Page 4 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

ALLICOTT, ET AL.,

Defendants.

---------------------------------------------------------------- x

**NOTICE OF APPEARANCE**

25 Civ. 02298 (JGK)

**PLEASE TAKE NOTICE** that **INNA SHAPOVALOVA,** Senior Counsel, hereby appears as counsel of record on behalf of the Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Interested Party Office of the Corporation Counsel of the City of New York, and demands that all notices and other papers be served upon the Interested Party at this office.[1]

Dated: New York, New York
July 29, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel
of the City of New York
100 Church Street, Rm. 3-180
New York, New York 10007
(212) 356-2656
inshapov@law.nyc.gov

By: /s/ *Inna Shapovalova*

INNA SHAPOVALOVA
*Senior Counsel*
Special Federal Litigation Division

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Ms. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 23 Filed 08/04/25 Page 3 of 6

The City of New York
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MURIEL GOODE-TRUFANT
Corporation Counsel

JONATHAN KLOBUS
212-356-2660
Fax 212-356-3509
jklobus@law.nyc.gov

July 30, 2025

Steven Gonzalez Catala
Plaintiff pro se
9 Ward Steet
Rochelle Park, NJ 07662

Re: Steven Gonzalez Catala v. Allicott, et al.,
25 Civ. 02298

Dear Mr. Gonzalez Catala:

This office is in receipt of the complaint in the above-referenced action. If, as alleged, the underlying criminal charges against have been dismissed, all records pertaining to your arrest have been sealed pursuant to New York Criminal Procedure Law §§ 160.50 and/or 160.55. In order to obtain access to the records relating to your lawsuit, we need a signed release from you authorizing the release of those records.

Accordingly, enclosed please find a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55 (the "Designation"). Please complete and execute the Designation before a Notary Public and return same to me within ten (10) days of the above date. The Designation must provide the complete title of the proceeding, the date of the arrest, and the docket or indictment number in the spaces provided.

If you have any questions, please do not hesitate to call me. Thank you for prompt attention to this matter.

Very truly yours,

Jonathan Klobus
Assistant Corporation Counsel
Special Federal Litigation Division

Enc.
cc: Jonathan Klobus
Assistant Corporation Counsel

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Steven Gonzalez Catala, Date of Birth / / SS# ________ pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled Steven Gonzalez Catala v. Allicott, et al., Docket No. or Indictment No. ________, in ________ Court, County of ____________, State of New York, relating to my arrest on or about November 18, 2024, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

______________________________
Steven Gonzalez Catala

STATE OF NEW YORK, )
: SS:
COUNTY OF )

On this ______ day of ____________, 2025, before me personally came Valerio Konstantinoff, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

______________________________
NOTARY PUBLIC

Case 1:25-cv-02298-JGK-GS Document 24 Filed 08/07/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER OF REFERENCE TO A MAGISTRATE JUDGE

JOHN G. KOELTL, District Judge:

The above entitled action is referred to the designated Magistrate Judge for the following purpose(s):

_X_ General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)

___ Motion/Dispute:*

______________________________

If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral is:

______________________________

___ Settlement*

___ Inquest After Default/Damages Hearing

___ Consent under 28 U.S.C. §636(c) for all purposes (including trial)

___ Consent under 28 U.S.C. §636(c) for limited purpose (e.g., dispositive motion, preliminary injunction)

Purpose: ______________

___ Habeas Corpus

___ Social Security

___ Dispositive Motion (i.e., motion requiring a Report and Recommendation)

Particular Motion:

All such motions: ____

SO ORDERED.

New York, New York
August 7, 2025

John G. Koeltl
United States District Judge

* Do not check if already referred for general pretrial.

**Activity in Case 1:25-cv-02298-JGK-GS Gonzalez Catala v. Allicott et al**

---

**United States District Court for the Southern District of New York**
300 Quarropas St, White Plains, NY 10601

**Case No.: 1:25-cv-02298-JGK-GS

**PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

**Plaintiff:** Steven Gonzalez Catala
**Defendant:** NYPD, ALLICOTT ET AL

---

### I. Introduction

Your Honor, this motion seeks a declaratory judgment regarding the unlawful actions perpetrated against me by the defendant. On the incident reported, I was traveling freely as an American national, exercising my right to travel in my private capacity. I was subjected to an unwarranted attack and forcibly removed from my private automobile without due process. Additionally, my rights were further violated when my vehicle was searched without consent or a warrant, leading to the removal of my personal belongings.

This lawsuit arises from unlawful acts committed against me by the defendant, resulting in emotional distress, loss of my professional career, humiliation, and a violation of my constitutional rights. The factual evidence clearly demonstrates that the officers of the NYPD acted unlawfully and without probable cause, thereby making them liable under Section 1983, which addresses civil actions against state or local officials for such violations. This statute, part of the Civil Rights Act of 1871, allows individuals to seek damages when they believe their rights have been infringed upon by someone acting under the color of state law.

### II. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331**, as this case involves a federal question regarding civil rights violations under Section 1983.

2. Venue is proper in this Court because the events giving rise to this lawsuit occurred in the Bronx, New York, which falls under the jurisdiction of the United States District Court for the Southern District of New York.

### III. Factual Background

3. The Plaintiff is a national who possesses the right to travel freely.

4. On November 18, 2024, at approximately 6:34 PM, at the southwest corner of East Burnside

Case 1:25-cv-02298-JGK-GS Document 25 Filed 08/13/25 Page 2 of 3

Avenue and Walton Avenue in the Bronx, New York, the Plaintiff was in New York City to repair a chain purchased by his girlfriend for her son. The Plaintiff parked his vehicle near a fire hydrant and was in the vehicle for nearly fifteen minutes when five to seven police officers, along with a detective, surrounded his truck.

5. While cleaning himself up after an accident, the Plaintiff was approached by officers at his driver's side window. Despite the Plaintiff's attempts to explain his situation, the officers disregarded him and unlawfully pulled him from the vehicle without probable cause.

6. The Plaintiff attempted to inform the officers of his status as a state national and tried to hand them identification, which was forcibly snatched away by an officer who then pushed him back toward the truck. The officers made jokes about the situation and did not allow the Plaintiff to speak.

7. The Plaintiff explained that their actions were extreme, especially since only his vehicle lacked license plates. Despite his requests not to search him or his vehicle, the officers proceeded to do so, rummaging through personal items and pockets.

8. During the search, a small bag of cocaine was found, leading an officer to state, "Yeah, now you're going to jail." The Plaintiff expressed confusion regarding the legality of the search and the circumstances of the stop.

9. The Plaintiff was released the next day but did not receive all his belongings, specifically a chain and cooler that were not returned.

### IV. Legal Basis for Claims

10. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. The Defendant's actions violated this amendment through an unlawful search and seizure.

11. The Fifth Amendment guarantees the right to due process, which the Defendant failed to uphold during the encounter.

12. The Fourteenth Amendment extends these protections to state actions, further validating the Plaintiff's claims.

### V. Damages

13. The Plaintiff seeks the following damages, totaling **$100,000**:

a. **Emotional Distress**: Compensation for psychological harm caused by the incident.

b. **Punitive Damages**: Awarded to punish the Defendant for egregious behavior and deter similar conduct in the future.

c. **Nominal Damages**: Acknowledgment of the violation of rights, even if significant harm cannot be proven.

d. **Legal Fees and Costs**: Reimbursement for expenses incurred while pursuing this lawsuit.

e. **Loss of Consortium**: Damages for loss of companionship or support due to the incident's impact on family dynamics, as the Plaintiff was unable to support his family.

### VI. Request for Declaratory Judgment

14. The Plaintiff requests a declaratory judgment from this Court to affirm that the actions of the NYPD officers constituted a violation of his constitutional rights. Furthermore, the Plaintiff requests that the Court order the Defendant to provide relevant bond information, insurance policies, and EIN numbers associated with the officers involved in this incident.

### VII. Importance of Federal Jurisdiction

Federal courts are often used for cases involving federal law, civil rights violations, and other matters that may not be adequately addressed in state courts. This is particularly relevant for individuals seeking to address the authority to interpret and enforce federal constitutional rights. The availability of federal court for civil rights claims, such as those under Section 1983, provides plaintiffs with a venue that may offer different procedural rules and remedies compared to state courts.

### VIII. Conclusion

The Plaintiff respectfully requests that the Court grant a declaratory judgment in favor of the Plaintiff, acknowledging the violations of his constitutional rights and providing appropriate remedies for the damages suffered, including the sought amount of $100,000 as well as the necessary bond, insurance, and EIN information related to the actions taken by the defendant.

Thank you for your time and consideration.

**Respectfully,**
**Steven Gonzalez Catala**
**UCC 1-308**
**UCC FILE NUMBER - 2024-276-1179-5**
**Contact Email: gonzalez06248100@gmail.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The Court has received the plaintiff's motion for declaratory judgment. ECF No. 25. The defendants should respond by **September 5, 2025**. The plaintiff may reply by **September 19, 2025**.

The Clerk is requested to mail a copy of this Order to the pro se plaintiff and note mailing on the docket.

SO ORDERED.

Dated: New York, New York
August 14, 2025

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 26 Filed 08/14/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The Court has received the plaintiff's motion for declaratory judgment. ECF No. 25. The defendants should respond by **September 5, 2025**. The plaintiff may reply by **September 19, 2025**.

The Clerk is requested to mail a copy of this Order to the pro se plaintiff and note mailing on the docket.

SO ORDERED.

Dated: New York, New York
August 14, 2025

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

Steven Gonzalez-Catala
Rochelle Park, NJ 07662
432-466-1237
gonzalez06248100@gmail.com

**August 29,2025**

**United States District Court Southern District of New York**
**300 Quarropas Street White Plains, New York 10601**

**Re: Request for Extension – Case Number 25CV2298**

Dear Honorable Judge:

I am writing respectfully to request an extension in the matter referenced above. I am currently in the Commonwealth of Puerto Rico due to the recent passing of two close family members. These unexpected losses have required my presence here to assist with family matters and funeral arrangements.

Due to these circumstances, I am unable to return to New Jersey until October 15, 2025. I kindly request that any scheduled court dates, deadlines, or required actions be extended until after that time, if the Court would be willing to grant such an extension.

I apologize for any inconvenience this may cause and greatly appreciate the Court's understanding and compassion during this difficult time. I am committed to fully complying with all requirements of the Court and will ensure prompt attention to the matter upon my return.

Thank you for your time and consideration.

Respectfully,
Steven Gonzalez-Catala
Steven Gonzalez Catala
Agent

Case 1:25-cv-02298-JGK-GS Document 28 Filed 09/02/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,
Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.
Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

Because the plaintiff needs to extend all deadlines while he is away, the time for defendants to respond to the plaintiff's motion for a declaratory judgment is extended to October 15, 2025. The time for the plaintiff to reply is October 29, 2025.

The Clerk is directed to mail a copy of the Order to the pro se plaintiff and to note mailing on the docket.

SO ORDERED.

Dated: New York, New York
September 1, 2025

John G. Koeltl
United States District Judge

Case 1:25-cv-02298-JGK-GS Document 29 Filed 09/25/25 Page 1 of 2

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JENNY WENG**
*Senior Counsel*
phone: (212) 356-2648
fax: (212) 356-3509
jweng@law.nyc.gov

September 25, 2025

**VIA ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Steven Gonzalez Catala v. Allicott, et al.
25 Civ. 02298 (JGK) (GS)

Your Honor:

I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter.[1] In that capacity, I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte.* This is the second request for an enlargement of time to respond to the complaint. Mr. Klobus made efforts to contact plaintiff *pro se* Steven Gonzalez Catala by email and telephone to request his consent to this extension request but was unable to reach him.

The reason for this request is that Rule 11(b)(4) of the Federal Rules of Civil Procedure requires us to make a reasonable inquiry into the allegations contained in the complaint before answering or otherwise responding. In an attempt to do so, we requested a signed authorization from plaintiff for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for plaintiff's arrest on November 18, 2024. To date, this Office has not received an executed §160.50 release from plaintiff. Once this Office receives the signed authorization from plaintiff, we will request the documents from the various entities. Thereafter, it generally takes at least 30 days to access and forward the requested documents to this Office. Accordingly, the additional time will enable this Office to secure the relevant documents, properly access the case, and to respond to the complaint.

---

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Additionally, this Office has not discussed with Police Officer Nicholas Gluth whether he has been served, and in the event he was served, we make no representation herein as to the adequacy of service upon him. Moreover, a decision concerning this Office's representation of Police Officer Nicholas Gluth has not yet been made, and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Police Officer Nicholas Gluth. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Police Officer Nicholas Gluth. Police Officer Gluth must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Police Officer Gluth's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

Therefore, I write to respectfully request that the Court extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte.*

Thank you for your time and consideration.

Respectfully submitted,
/s/ *Jenny Weng*
Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

**CC:** **By FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

Case 1:25-cv-02298-JGK-GS Document 29 Filed 09/25/25 Page 1 of 2

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JENNY WENG**
*Senior Counsel*
phone: (212) 356-2648
fax: (212) 356-3509
jweng@law.nyc.gov

September 25, 2025

**VIA ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Steven Gonzalez Catala v. Allicott, et al.
25 Civ. 02298 (JGK) (GS)

Your Honor:

I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter.[1] In that capacity, I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte.* This is the second request for an enlargement of time to respond to the complaint. Mr. Klobus made efforts to contact plaintiff *pro se* Steven Gonzalez Catala by email and telephone to request his consent to this extension request but was unable to reach him.

The reason for this request is that Rule 11(b)(4) of the Federal Rules of Civil Procedure requires us to make a reasonable inquiry into the allegations contained in the complaint before answering or otherwise responding. In an attempt to do so, we requested a signed authorization from plaintiff for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for plaintiff's arrest on November 18, 2024. To date, this Office has not received an executed §160.50 release from plaintiff. Once this Office receives the signed authorization from plaintiff, we will request the documents from the various entities. Thereafter, it generally takes at least 30 days to access and forward the requested documents to this Office. Accordingly, the additional time will enable this Office to secure the relevant documents, properly access the case, and to respond to the complaint.

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Additionally, this Office has not discussed with Police Officer Nicholas Gluth whether he has been served, and in the event he was served, we make no representation herein as to the adequacy of service upon him. Moreover, a decision concerning this Office's representation of Police Officer Nicholas Gluth has not yet been made, and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Police Officer Nicholas Gluth. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Police Officer Nicholas Gluth. Police Officer Gluth must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Police Officer Gluth's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

Therefore, I write to respectfully request that the Court extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte*.

Thank you for your time and consideration.

Respectfully submitted,
/s/ *Jenny Weng*
Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

**CC: By FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

Case 1:25-cv-02298-JGK-GS Document 30 Filed 09/26/25 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

STEVEN GONZALEZ CATALA,

Plaintiff,

-against-

DETECTIVE KHALEEF ALLICOTT, DETECTIVE BRIAN BRANDEFINE, DETECTIVE CHARLIE VIERA, POLICE OFFICER NICHOLAS GLUTH,

Defendants.

----------------------------------------------------------------------x

**NOTICE OF APPEARANCE**

25 Civ. 2298 (JGK) (GS)

PLEASE TAKE NOTICE that **Jenny Weng**,[1] Senior Counsel, hereby appears as counsel of record on behalf of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for defendants Khaleef Allicott, Brian Brandefine, and Charlie Viera. I certify that I am admitted to practice before this Court. All future notifications should be forwarded to the undersigned and copied to ecf@law.nyc.gov.

Dated: New York, New York
September 26, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel
of the City of New York
*Attorney for Defendants Allicott, Brandefine, and Viera*
100 Church Street
New York, New York 10007
(212) 356-2648

---

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 30 Filed 09/26/25 Page 2 of 2

By: /s/ *Jenny Weng*
Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA FIRST CLASS MAIL**
Steven Gonzalez Catala
9 Ward Street
Rochelle Park, NJ 07662

Doc #30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

STEVEN GONZALEZ CATALA,

Plaintiff,

-against-

DETECTIVE KHALEEF ALLICOTT, DETECTIVE BRIAN BRANDEFINE, DETECTIVE CHARLIE VIERA, POLICE OFFICER NICHOLAS GLUTH,

Defendants.

----------------------------------------------------------------------x

**NOTICE OF APPEARANCE**

25 Civ. 2298 (JGK) (GS)

PLEASE TAKE NOTICE that **Jenny Weng,**[1] Senior Counsel, hereby appears as counsel of record on behalf of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for defendants Khaleef Allicott, Brian Brandefine, and Charlie Viera. I certify that I am admitted to practice before this Court. All future notifications should be forwarded to the undersigned and copied to ecf@law.nyc.gov.

Dated: New York, New York
September 26, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel
of the City of New York
*Attorney for Defendants Allicott, Brandefine, and Viera*
100 Church Street
New York, New York 10007
(212) 356-2648

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 31 Filed 09/30/25 Page 1 of 3

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JENNY WENG**
*Senior Counsel*
phone: (212) 356-2648
fax: (212) 356-3509
jweng@law.nyc.gov

September 25, 2025

**VIA ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re: Steven Gonzalez Catala v. Allicott, et al.
25 Civ. 02298 (JGK) (GS)

Your Honor:

I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter.[1] In that capacity, I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte*. This is the second request for an enlargement of time to respond to the complaint. Mr. Klobus made efforts to contact plaintiff *pro se* Steven Gonzalez Catala by email and telephone to request his consent to this extension request but was unable to reach him.

The reason for this request is that Rule 11(b)(4) of the Federal Rules of Civil Procedure requires us to make a reasonable inquiry into the allegations contained in the complaint before answering or otherwise responding. In an attempt to do so, we requested a signed authorization from plaintiff for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for plaintiff's arrest on November 18, 2024. To date, this Office has not received an executed §160.50 release from plaintiff. Once this Office receives the signed authorization from plaintiff, we will request the documents from the various entities. Thereafter, it generally takes at least 30 days to access and forward the requested documents to this Office. Accordingly, the additional time will enable this Office to secure the relevant documents, properly access the case, and to respond to the complaint.

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Additionally, this Office has not discussed with Police Officer Nicholas Gluth whether he has been served, and in the event he was served, we make no representation herein as to the adequacy of service upon him. Moreover, a decision concerning this Office's representation of Police Officer Nicholas Gluth has not yet been made, and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Police Officer Nicholas Gluth. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Police Officer Nicholas Gluth. Police Officer Gluth must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Police Officer Gluth's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

Therefore, I write to respectfully request that the Court extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff an executed §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte.*

Thank you for your time and consideration.

Respectfully submitted,
/s/ *Jenny Weng*
Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

**CC:** **By FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

Application granted. Defendants Allicott, Viera, Brandefine, and Gluth's time to answer, move, or otherwise respond to Plaintiff's Complaint is hereby extended until forty-five days after Corporation Counsel's receipt of Plaintiff's executed § 160.50 Release.

In addition, the Court notes that Courts in this district have found that the City is "'entitle[d] to secure the [NYCPL § 160.50] records of [a] prosecution so that it can fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with its preparation of an answer and later defense of th[e] suit.'" *Brown v. City of New York*, No. 23 Civ. 5924 (JGLC) (SDA), 2024 WL 244642, at *3 (S.D.N.Y. Jan. 23, 2024) (quoting *Murray v. N.Y.C. D.O.C.*, No. 21 Civ. 6718 (LJL), 2023 WL 2647866, at *2 (S.D.N.Y. Mar. 27, 2023)) (some alterations in original); *see also Hafif v. Mansour*, No. 22 Civ. 1199 (LDH) (RML), 2024 WL 5715911, at *2–3 (E.D.N.Y. Jan. 2, 2024) ("It is standard practice for the City of New York . . . to request § 160.50 releases from plaintiffs prior to filing answers. . . . Without access to the records needed to answer the complaint, the NYPD defendants cannot fulfill their obligations under Rule 11(b)."). "Therefore, it is well-established that Plaintiff must execute a § 160.50 Release to enable the City to access its own records. However, Plaintiff only shall be required to release those records relating to the underlying criminal prosecution that placed him in [the City's] custody giving rise to the allegations in the Complaint." *Brown*, 2024 WL 244642, at *3.

Accordingly, by no later than **Thursday, October 16, 2025,** Plaintiff shall either execute the § 160.50 Release pursuant to NYCPL § 160.50, to the extent necessary to release the records relating to the underlying criminal prosecution that gave rise to the allegations in the Complaint, <u>OR</u> he may submit a letter to the Court explaining why he believes he should not be required to provide a § 160.50 Release.

SO ORDERED.

Dated: New York, New York
September 30, 2025

Gary Stein
United States Magistate Judge
Southern District of New York

Index No. 25 Civ. 2298 (JGK) (GS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

-against-

DETECTIVE KHALEEF ALLICOTT, ET AL.,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants Khaleef Allicott, Charlie Viera, and Brian Brandefine*
*100 Church Street*
*New York, N.Y. 10007*

*Senior Counsel: Jenny Weng*[1]

[1] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.

Case 1:25-cv-02298-JGK-GS Document 32 Filed 10/15/25 Page 3 of 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

An v. City of New York, 230 F. Supp. 3d 224 (S.D.N.Y. Feb. 2, 2017) ........ 3

Chiste v. Travelocity.com, LP, 756 F. Supp. 2d 382 (S.D.N.Y. 2010) ........ 4

Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340 (2d Cir. 1998) ........ 2

Gianni Sport Ltd. v. Metallica, No. 00 Civ. 0937 (MBM), 2000 U.S. Dist. LEXIS 17339 (S.D.N.Y. Dec. 4, 2000) ........ 4

Gilbert, Segall and Young v. Bank of Montreal, 785 F. Supp. 453 (S.D.N.Y. 1992) ........ 3

In re Enron Corp., 297 B.R. 382, 395 (Bankr. S.D.N.Y. 2003) ........ 2

ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp., 699 F. Supp. 2d 664 (S.D.N.Y. 2010) ........ 3-4

In re Metiom, Inc., No. 01-12840, 2002 WL 433588 (S.D.N.Y. Feb. 25, 2002) ........ 3

In re REFCO Inc. Securities Litig.: Krys v. Aaron, No. 07-md-1902 (JSR), No. 08-cv-7416 (JSR), 2010 U.S. Dist. LEXIS 142588 (S.D.N.Y. July 19, 2010) ........ 3

Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556 (2d Cir. 1991) ........ 3

L.A. County v. Humphries, 562 U.S. 29 (2010) ........ 2

L.A. v. Lyons, 461 U.S. 95 (1983) ........ 2

Marcavage v. City of New York, 689 F.3d 98 (2d Cir. 2012) ........ 2

Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc., 2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003) ........ 4

Peck v. Baldwinsville Cent. Sch. Dist., 351 F. App'x 477 (2d Cir. 2009) ........ 3

Tang Capital Partners, LP. v. BRC Inc., 661 F.Supp.3d 48, 67 (S.D.N.Y. 2023) ........ 2

United States v. Doherty, 786 F.2d 491 (2d Cir. 1986) ........ 3

Case 1:25-cv-02298-JGK-GS Document 32 Filed 10/15/25 Page 5 of 9

## PRELIMINARY STATEMENT

Plaintiff brought this action against defendants the City of New York, Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine, alleging unlawful search and seizure under 42 U.S.C. § 1983 on November 18, 2024. Plaintiff alleges that he parked his vehicle near a fire hydrant when officers approached plaintiff and unlawfully pulled him from the vehicle without probable cause. See Plaintiff's Motion for Declaratory Judgment, ECF No. 25, p. 2, ¶ 4; Plaintiff's Complaint, ECF No. 1, p. 9, ¶ 5. Plaintiff claims that despite his request not to search him or his vehicle, the officers proceeded to search through his personal items and pockets and that during the search, a bag of cocaine was recovered. Plaintiff's Motion for Declaratory Judgment, ECF No. 25 at p.2, ¶¶ 7-8; Plaintiff's Complaint at p. 9, ¶¶ 8-9. Plaintiff claims that he was released the next day but his chain and cooler were not returned. Plaintiff's Motion for Declaratory Judgment, ECF No. 25 at p. 2, ¶ 9; Plaintiff's Complaint at p. 9 ¶ 11.

Plaintiff, in his motion for declaratory judgment, now seeks the Court declare that:

> "[T]he Court grant a declaratory judgment in favor of the Plaintiff, acknowledging the violations of his constitutional rights and providing appropriate remedies for the damages suffered, including the sought amount of $100,000 as well as the necessary bond, insurance, and EIN information related to the actions taken by the defendant."

Plaintiff's Motion for Declaratory Judgment, ECF No. 25 at p. 3. As further outlined *infra*, as plaintiff's basis for this suit is a past act, there is no "actual controversy between the parties," and plaintiff's request for declaratory judgment should be denied.

to standing for declaratory judgment. See An v. City of New York, 230 F. Supp. 3d 224, 228 (S.D.N.Y. Feb. 2, 2017) (citing Shain v. Ellison, 356 F.3d 211, 216 (2d Cir. 2004)); see also Peck v. Baldwinsville Cent. Sch. Dist., 351 F. App'x 477, 479 (2d Cir. 2009) (summary order) (holding that a plaintiff lacks standing for declaratory relief where "[h]e points to no policy or custom (or an equivalent) suggesting that any defendant regularly violates students' free speech rights" (citation omitted)).

Courts require an "actual controversy between the parties" for declaratory relief to lie. In re REFCO Inc. Securities Litig.: Krys v. Aaron, No. 07-md-1902 (JSR), No. 08-cv-7416 (JSR), 2010 U.S. Dist. LEXIS 142588, at *41 (S.D.N.Y. July 19, 2010) (citing United States v. Doherty, 786 F.2d 491, 498-99 (2d Cir. 1986)). The Second Circuit in United States v. Doherty noted that the purpose of declaratory relief is to "enable a party who is challenged, threatened or endangered in the enjoyment of what he claims to be his rights, to initiate the proceedings against his tormentor and remove the cloud by an authoritative determination of the plaintiff's legal right, privilege and immunity" and by "the defendant's absence of right, and disability." See Doherty 786 F.2d at 499; see e.g., Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991) (holding a declaratory judgment action was properly commenced in light of the threat of future litigation); In re Metiom, Inc., No. 01-12840, 2002 WL 433588, at *3-4 (S.D.N.Y. Feb. 25, 2002) (actual controversy exists where "[t]he positions of the two parties as to payments due and payable [under a promissory note] are diametrically opposed"); Gilbert, Segall and Young v. Bank of Montreal, 785 F. Supp. 453, 459 (S.D.N.Y. 1992) (allegations of a desire and intent to vacate premises leased to plaintiff gave rise to an actual controversy). To warrant declaratory relief, "[t]here must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant

Case 1:25-cv-02298-JGK-GS Document 32 Filed 10/15/25 Page 5 of 5

Dated: New York, New York
October 15, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants Khaleef Allicott, Charlie Viera, and Brian Brandefine*
100 Church Street, Room 3-168
New York, New York 10007
(212) 356-2648

By: /s/ Jenny Weng
Jenny Weng
Senior Counsel

**TO:** **BY FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

RECEIVED
OCT 23 2025
PRO SE OFFICE

RE:CERTIFICATION OF PLAINTIFF IN RESPONSE TO DEFENDANT'S -Case No.: 1:25-cv-02298

Dear Honorable Judge,

Plaintiff, Steven Gonzalez Catala, appearing pro se, respectfully submits this Certification in response to the Defendant's Motion to Dismiss, and states as follows:

1. Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and permit this matter to proceed so that discovery may be completed and all relevant facts and evidence may be properly presented to the Court.

2. Plaintiff asserts that the Defendant's actions, as described in the underlying complaint, constitute violations of Plaintiff's constitutional rights under the United States Constitution.

3. Plaintiff has not yet had the opportunity to obtain or review discovery materials, including the relevant body camera footage and vehicle dash camera recordings, which are material to the facts and claims set forth in this case.

CERTIFICATION OF PLAINTIFF

I, Steven Gonzalez Catala, hereby certify that the foregoing statements are true and correct to the best of my knowledge. I am the Plaintiff, pro se, in this matter, submitting this Certification in response to the Defendant's Motion to Dismiss.

Referencing Maddariello v. Town of Cheektowaga, 305 A.D.2d 1118 (2d Cir.), and pursuant to the traffic violation (blocking a fire hydrant) in which city police officers (Defendants) committed acts against me unlawfully—entering my vehicle, removing me forcefully, and engaging in excessive force and unlawful search and seizure—these actions violated my constitutional rights under the United States Constitution.

At the time of these events, my vehicle contained video and audio surveillance (dash camera) that recorded the entire incident giving rise to the complaint. The Defendants were also wearing body camera recording devices, which will further show the violations that occurred.

As of this present time, I have not yet had the opportunity to engage in discovery, which is necessary to fully present the facts and evidence relevant to this case.

Thank you for your time, understanding, and consideration. Should the Court need to reach me, I can be contacted via email at gonzalez06248100@gmail.com.

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez Catala
Plaintiff, Pro Se

U.S. DISTRICT COURT
FILED
2025 OCT 23 AM 8:51
S.D. OF N.Y. W.P.

#33

October 21, 2025

Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

RE:CERTIFICATION OF PLAINTIFF IN RESPONSE TO DEFENDANT'S -Case No.: 1:25-cv-02298

Dear Honorable Judge,

Plaintiff, Steven Gonzalez Catala, appearing pro se, respectfully submits this Certification in response to the Defendant's Motion to Dismiss, and states as follows:

1. Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and permit this matter to proceed so that discovery may be completed and all relevant facts and evidence may be properly presented to the Court.

2. Plaintiff asserts that the Defendant's actions, as described in the underlying complaint, constitute violations of Plaintiff's constitutional rights under the United States Constitution.

3. Plaintiff has not yet had the opportunity to obtain or review discovery materials, including the relevant body camera footage and vehicle dash camera recordings, which are material to the facts and claims set forth in this case.

CERTIFICATION OF PLAINTIFF

I, Steven Gonzalez Catala, hereby certify that the foregoing statements are true and correct to the best of my knowledge. I am the Plaintiff, pro se, in this matter, submitting this Certification in response to the Defendant's Motion to Dismiss.

Referencing Maddariello v. Town of Cheektowaga, 305 A.D.2d 1118 (2d Cir.), and pursuant to the traffic violation (blocking a fire hydrant) in which city police officers (Defendants) committed acts against me unlawfully—entering my vehicle, removing me forcefully, and engaging in excessive force and unlawful search and seizure—these actions violated my constitutional rights under the United States Constitution.

At the time of these events, my vehicle contained video and audio surveillance (dash camera) that recorded the entire incident giving rise to the complaint. The Defendants were also wearing body camera recording devices, which will further show the violations that occurred.

As of this present time, I have not yet had the opportunity to engage in discovery, which is necessary to fully present the facts and evidence relevant to this case.

Thank you for your time, understanding, and consideration. Should the Court need to reach me, I can be contacted via email at gonzalez06248100@gmail.com.

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez Catala
Plaintiff, Pro Se

Case 1:25-cv-02298-JGK-GS Document 34 Filed 11/12/25 Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALES CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The plaintiff has not filed a reply brief in support of his motion for a declaratory judgment. The time for the plaintiff to file his reply is extended to **November 28, 2025**. If the plaintiff fails to file a reply brief by that date, the motion shall be decided on the current papers.

SO ORDERED.

Dated: New York, New York
November 12, 2025

John G. Koeltl
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

STEVEN GONZALEZ CATALA,

Plaintiff,

-against-

KHALEEF ALLICOTT, *et al.*,

Defendants.

---------------------------------------------------------------------X

**25 Civ. 2298 (JGK) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On September 30, 2025, this Court extended Defendants Allicott, Viera, Brandefine, and Gluth's time to answer, move, or otherwise respond to Plaintiff's Complaint until forty-five days after Corporation Counsel's receipt of Plaintiff's executed § 160.50 Release. (Dkt. No. 31). In that Order, Plaintiff was required to execute the § 160.50 Release or submit a letter to the Court explaining why he believes he should not be required to provide a § 160.50 Release by no later than October 16, 2025. Plaintiff filed no such letter with the Court, nor has any Defendant moved to compel Plaintiff to do so or filed an answer or other response to the Complaint. As such, the Court is at a loss to understand what is happening in this case.

Defendants are hereby ordered to inform the Court, by no later than Tuesday, December 16, 2025, of the status of this matter, including whether they have received Plaintiff's § 160.50 Release and, if so, when their deadline to answer or otherwise respond is (or was) based on the Court's prior order.

**SO ORDERED.**

DATED: New York, New York
December 10, 2025

The Honorable Gary Stein
United States Magistrate Judge

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JONATHAN G. KLOBUS**
*Assistant Corporation Counsel*
phone: (212) 356-2660
fax: (212) 356-3509
jklobus@law.nyc.gov

December 16, 2025

**VIA ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Steven Gonzalez Catala v. Allicott, et al.
25 Civ. 02298 (JGK) (GS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney representing Defendants Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine (hereinafter "Defendants") in the above-referenced matter. The undersigned respectfully writes to request that the Court dismiss this matter for failure to prosecute.

By way of background, Plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, constitutional violations on or about November 18, 2024. Plaintiff names Detective Allicott, Police Officer Gluth, Detective Viera, and Detective Brian Brandefine as Defendants in this action. See ECF No. 1. On September 25, 2025, the undersigned requested an extension of time for Defendants, and a *sua sponte* extension for Defendant Nicholas Gluth, to answer or otherwise respond to the Complaint until forty-five (45) days after this Office received from Plaintiff an executed §160.50 release. See ECF No. 29. On September 30, 2025, the Court granted Defendants' extension of time request, and ordered that Plaintiff, by no later than Thursday, October 16, 2025, to either execute the §160.50 release, or to submit a letter to the Court explaining why he believes he should not be required to provide a §160.50 release. See ECF No. 31. On October 15, 2025, Defendants filed their response in opposition to Plaintiff's Motion for Declaratory Judgment. See ECF No. 32. On October 23, 2025, Plaintiff filed a letter to the Court regarding Certification of Plaintiff in Response to Defendants. See ECF No. 33. On November 12, 2025, the Court ordered an extension of Plaintiff's time to file a reply brief in support for his motion for declaratory judgment until November 28, 2025. See ECF No. 34. On December 10, 2025, the Court ordered Defendants to inform the Court, by no later than Tuesday, December 16, 2025, of the status of this matter, including whether they received Plaintiff's § 160.50 release. See ECF No. 35.

Defendants inform the Court that they have not received Plaintiff's § 160.50 release. In light of Plaintiff's failure to comply with this Court's Order and Plaintiff's continued delay of this case, this Court should grant dismissal for failure to prosecute.

Dismissal for lack of prosecution pursuant to Rule 41(b) is within the discretion of the Court and is governed by five considerations. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: (1) the duration of plaintiff's delay; (2) whether Plaintiff was on notice that failure to prosecute his case would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Further, "even a short delay by the [P]laintiff may still properly result in dismissal if [Plaintiff] had willfully failed to comply with multiple court orders during the course of the action." Stennett v. N.Y.C. Admin., No. 21-CV-1069 (FB) (JRC), 2023 U.S. Dist. LEXIS 76291, at *3 (E.D.N.Y. May 2, 2023) (quoting Feurtado v. City of N.Y., 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (internal quotation marks omitted)).[1]

Here, Plaintiff's case should be dismissed for failure to prosecute for several reasons. First, Plaintiff's deadline to either execute a § 160.50 release or submit a letter to the Court explaining why Plaintiff believes he should not be required to was due on October 16, 2025. As such, Plaintiff has passed his deadline by sixty-one (61) days with no indication of any intention to comply with the Court's deadline. Upon information and belief, and upon review of the docket, Plaintiff filed a letter to the Court on October 23, 2025, therefore, there is no indication that Plaintiff lacked access to ECF when the Court ordered Plaintiff to execute or respond to the Court Order regarding his § 160.50 release. See ECF Nos. 31, 33.

Second, as Plaintiff has failed to execute a § 160.50 release for over two (2) months and has repeatedly failed to timely respond or comply with Court Orders in this case, see ECF Nos. 31, 34, the delay caused by Plaintiff has resulted in prejudice to this Office. See LeSane, 239 F.3d at 210 (there is a presumption of prejudice to Defendants resulting from the unreasonable delay) (internal quotations and citations omitted).

Third, this is not the first instance of Plaintiff failing to prosecute his case. Plaintiff's initial deadline to file a reply brief in support for his motion for declaratory judgment was due on October 29, 2025. See ECF No. 28. Upon Plaintiff's failure to file a reply brief, the Court *sua sponte*, granted Plaintiff an extension until November 28, 2025, warning Plaintiff that "[i]f the plaintiff fails to file a reply brief by that date, the motion shall be decided on the current papers." See ECF No. 34. Plaintiff has since passed this extension deadline by seventeen (18) days.

Fourth, Plaintiff has been given every chance to be heard, including but not limited to Plaintiff requesting guidance on how to proceed and the Court explaining the process; the Court granting Plaintiff's extension request; the Court providing Plaintiff with ample time to execute his § 160.50 release or submit a letter to the Court explaining why Plaintiff believes he should not be required to; and the Court *sua sponte* extending Plaintiff's time to file his reply brief. See ECF Nos. 17,18, 27, 28, 31, 34. However, "it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." Honsaker v. The City of New York, No. 16 Civ. 3217 (AJN), 2020 U.S. Dist. LEXIS 191416, at *9 (S.D.N.Y. Oct. 15, 2020) (quoting Holcombe v. Skupien, No. 14-cv-4246 (PAC), 2014 U.S. Dist. LEXIS 170143, at *3 (S.D.N.Y. Dec. 5, 2014)).

[1] In accordance with Local Civil Rule 7.2, copies of all electronically published decisions are appended to the copy of this letter-motion served on plaintiff.

Finally, it is evident here that Plaintiff has abandoned his lawsuit as, upon information and belief, and upon review of the docket, Plaintiff's last communication with the Court was on October 23, 2025, and Plaintiff is two (2) months past his deadline to comply with the Court's September 30, 2025 Order. See ECF No. 31. Given Plaintiff being *incommunicado*, there is no lesser sanction available other than dismissal with prejudice for failure to prosecute. See Honsaker, 2020 U.S. Dist. LEXIS 191416, at *10 (internal citations omitted).

Accordingly, the undersigned respectfully requests that the Court dismiss this matter for failure to prosecute.

Thank you for your time and consideration.

Respectfully submitted,
/s/ *Jonathan G. Klobus*
Jonathan G. Klobus
*Assistant Corporation Counsel*
Special Federal Litigation Division

**CC:** **By FIRST-CLASS MAIL**
Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Steven Gonzalez Catala, sues several police officers under 42 U.S.C. § 1983. According to Mr. Catala, the officers unlawfully arrested him and seized his property in violation of his constitutional rights. Although the defendants have not yet answered the complaint, Mr. Catala moves for a declaratory judgment that the officers violated his rights.

For their part, the defendants move to dismiss the action for failure to prosecute. ECF No. 36. To answer the complaint consistent with their obligations under Federal Rule of Civil Procedure 11, the defendants have requested that Mr. Catala provide a signed release authorizing the defendants to access the underlying criminal records regarding his arrest, which are sealed pursuant to New York Criminal Procedure Law § 160.50(1)(d). To date, Mr. Catala has failed to do so.

I.

Mr. Catala requests "a declaratory judgment ... acknowledging the violations of his constitutional rights and providing appropriate remedies for the damages suffered, including the sought amount of $100,000."[1] Pl.'s Mot. Declaratory J. 3, ECF No. 25.

"Whether to exercise declaratory jurisdiction is within the district court's broad discretion." Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010). In determining whether to issue declaratory relief, courts ordinarily consider whether a declaratory judgment will (1) "serve a useful purpose in clarifying and settling the legal relations in issue," or (2) "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Admiral Ins. v. Niagara Transformer Corp., 57 F.4th 85, 99 (2d Cir. 2023). Irrespective of the merits of his claims, granting the relief Mr. Catala seeks here serves neither objective.

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is to allow a plaintiff uncertain of his rights to "avoid accrual of avoidable damages," and "to afford him an early adjudication without waiting until his adversary should

1 Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

see fit to begin suit, after damage has accrued." United States v. Doherty, 786 F.2d 491, 498 (2d Cir. 1986); see also In re Combustible Equip. Assocs., 838 F.2d 35, 37 (2d Cir. 1988) ("The purpose of the Act is to enable parties to adjudicate disputes before either side suffers great damage.").

In this case, however, "there is no cloud of uncertainty affecting" Mr. Catala's "rights that can be lifted by a declaratory judgment" because he expressly seeks a declaratory judgment regarding the lawfulness of past acts that caused past injury. Chiste, 756 F. Supp. 2d at 407. "Declaratory relief is intended to operate prospectively." Lojan v. Crumbsie, No. 12-cv-320, 2013 WL 411356, at *5 (S.D.N.Y. Feb. 1, 2013). "There is no basis for declaratory relief where," as here, "only past acts are involved." Id.; see also Gianni Sport Ltd. v. Metallica, No. 00-cv-937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000).

The damages that Mr. Catala identifies in his motion have already accrued; granting declaratory relief will not "avoid accrual of avoidable damages." Doherty, 786 F.2d at 498. Mr. Catala's motion for declaratory relief is therefore **denied**.

II.

The defendants separately move to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The defendants contend that they cannot answer the complaint consistent with their obligation under Rule 11 without

reviewing the underlying criminal records for Mr. Catala's November 18, 2024 arrest. Because those records are sealed under § 160.50, the defendants maintain that Mr. Catala must first execute a signed release. On September 25, 2025, the defendants requested an extension of time to answer or otherwise respond to the complaint until forty-five days after receiving an executed § 160.50 release from Mr. Catala. ECF No. 29. The Court granted that request on September 30, 2025. ECF No. 31. The Court also ordered Mr. Catala either to execute the § 160.50 release or to submit a letter explaining why he believes he should not be required to do so by no later than October 16, 2025. Id.

On December 10, 2025, the Court ordered the defendants to provide an update by December 16, 2025, on the status of the action, including whether the defendants received a § 160.50 release from Mr. Catala. ECF No. 35. On December 16, the defendants informed the Court that they had not received the release and moved to dismiss the action for failure to prosecute.

Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). "And pro se plaintiffs should be granted special leniency regarding procedural matters." Id. The Court of Appeals for the Second Circuit has identified five factors that "significantly cabin a district court's discretion under Rule 41(b)." Id. Specifically, a district court

contemplating whether to dismiss a plaintiff's case under Rule 41(b) must consider:

> [1] the duration of the plaintiff's failures, [2] whether [the] plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ..., and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Alvarez v. Simmons Mkt. Rsch. Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

The defendants contend that dismissal for failure to prosecute is warranted here because Mr. Catala has missed by more than sixty days the Court's deadline to execute a § 160.50 release or otherwise to explain why a release is unnecessary. According to the defendants, Mr. Catala should have been on notice of the Court's order because he later filed a letter addressed to the Court through the Court's electronic filing system. See ECF No. 33. And the defendants note that Mr. Catala also ignored both the original deadline to file a reply brief in support of his motion for declaratory relief as well as the Court's extended deadline. See ECF No. 34.

Because Mr. Catala is pro se and has made occasional efforts to press his claims, the Court will not yet dismiss this action for failure to prosecute. But Mr. Catala is instructed

either to execute the § 160.50 release or otherwise explain to the Court why he believes one is unnecessary by **January 9, 2026.** If he fails to do so by that date, the Court will dismiss this action without prejudice for failure to prosecute.

**III.**

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, Mr. Catala's motion for a declaratory judgment is **denied.** The defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b) is **denied without prejudice.**

The Clerk is respectfully instructed to close ECF Nos. 25 and 36.

**SO ORDERED.**

**Dated:** **New York, New York**
**December 22, 2025**

John G. Koeltl
**John G. Koeltl**
**United States District Judge**

Case 1:25-cv-02298-JGK-GS Document 39 Filed 12/30/25 Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

**PROOF OF MAILING**

I, Steven Gonzalez Catala hereby certify that on this date I did serve one copy of plaintiff's certification in reply to the court's order and in opposition to defendant's counsel's motion to dismiss. via United States Postal Service, prepaid certified mail return receipt, upon the party indicated below:

Jonathan G. Klobus
Assistant Corporation Counsel
100 Church Street
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez (Agent)
Signature

Steven Gonzalez Catala (agent)
plaintiff, pro se

December 30,2025

Case 1:25-cv-02298-JGK-GS Document 23 Filed 08/04/25 Page 5 of 5

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Steven Gonzalez Catala, Date of Birth 06 24 81 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 pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, or her authorized representative, as Agent to whom records of the criminal action terminated in my favor entitled Steven Gonzalez Catala v. Allicott, et al., Docket No or Indictment No. CR-029674-24BX in Criminal Court, County of the Bronx, State of New York, relating to my arrest on or about November 15, 2024, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

Steven Gonzalez (Agent)
Signature

STATE OF NEW YORK, )
: SS:
COUNTY OF )

On this ______ day of ____________, 2025, before me personally came Valerio Konstantinoff, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_______________________
NOTARY PUBLIC

Case 1:25-cv-02298-JGK-GS Document 39 Filed 12/30/25 Page 3 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff certification in reply to the courts order and in opposition to defendants counsel's motion to dismiss
25-cv-2298 (JGK) (GS)

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se

-against-

DETECTIVE ALLICOTT, ET AL.,
Defendants.

I Steven Gonzalez Catala hereby certifies that the foregoing statements made by me are true.

1 I am the plaintiff, pro se, in the above captions, civil matter, pending before the court.

2 I am not skilled in the study, research and practice of law, and I am, therefore, reliant upon others for assistance with all legal matters.

3 Presently, before the court is counsel for defendant's motion to dismiss plaintiff's complaint by way of letter motion dated September 16, 2025, in which council claims that plaintiff has failed to prosecute the complaint due to counsel not receiving the requested ss160.50 authorization for release of sealed records of criminal charges that have been dismissed in plaintiff's favor.

4 Also pending is the court's most recent order dated for December 22, 2025 directing plaintiff to respond to the order no later than January 9, 2026, with regards to defendants counsel's motion to dismiss pertaining to their non receipt of plaintiff's signed authorization for access to sealed records pursuant ss160.50 as noted above.

5. Contrary to counsel's conclusion. The actual facts to that issue is that the plaintiff has complied fully with the request, as he did, in fact, sign a copy of the ss160.50 authorization form, which he mailed to counsel on October 30, 2025 as evidenced by the enclosed signed copy of the authorization form, and plaintiffs proof of mailing. (See encloses)

6. With respect to the proof of having complied with counsel's request by mail, it appears that the mailing was lost explaining why counsel did not receive it. This is clearly a circumstance beyond the plaintiff's control, and should not be treated with a harsh and severe penalty of dismissal.

7. Plaintiffs initiated the instant complaint to address substantial violations of his constitutional rights, and protections, by the intentional and purposeful acts of members of the Bronx Borough Police, which resulted in damages to plaintiffs for which he seeks just compensation. Contrary to counsel's conclusions, plaintiffs through an unskilled layman in these matters, have demonstrated clear examples of his intentions and efforts to prosecute his complaint, to finality. However, lost mail is beyond his control.

8. In that regard it must also be noted, plaintiff has also experienced unreceived documents, filed in this matter, as documents no.34 and no.35 were never served from the defendants and being served no.36 plaintiffs searched and found no.34 and no.35 somehow electronically forward to plaintiff spam mail. They are unretrievable and remain unknown by the plaintiff. In making this fact known to the parties, plaintiff is requesting to be provided with these numbered filings in the case as he does not know the contents of the filings.

9. In light of the fact of the, plausible explanation for plaintiff's compliance, with counsel's request, and the court's order not being received. Plaintiffs respectfully request that counsels, motion to dismiss being denied, and that plaintiff's complaint be permitted to proceed to discovery and continuing process, in addition to the fact that there were matters already pending before counsel's motion was filed.

10. In advance of the provided cutoff date within the court's order ( January 9, 2026 ) plaintiff has again supplied the requested authorization form for the release of sealed records in regards to the basis of the complaint within the mailing. WHEREFORE, plaintiff respectfully requests that the motion to dismiss be denied, and it's entirely, and the case proceeds to discovery and other proceedings necessary to advance the case to the next stage of proceedings.

Respectfully submitted,

Steven Gonzalez (Agent)

Signature

Steven Gonzalez Catala (agent)
plaintiff, pro se

#38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Plaintiff certification in reply to the courts order and in opposition to defendants counsel's motion to dismiss**
**25-cv-2298 (JGK) (GS)**

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se

-against-

DETECTIVE ALLICOTT, ET AL.,
Defendants.

I, Steven Gonzalez Catala hereby certifies that the foregoing statements made by me are true.

1. I am the plaintiff, pro se, in the above captions, civil matter, pending before the court.

2. I am not skilled in the study, research and practice of law, and I am, therefore, reliant upon others for assistance with all legal matters.

3. Presently, before the court is counsel for defendant's motion to dismiss plaintiff's complaint by way of letter motion dated September 16, 2025, in which council claims that plaintiff has failed to prosecute the complaint due to counsel not receiving the requested ss160.50 authorization for release of sealed records of criminal charges that have been dismissed in plaintiff's favor.

4. Also pending is the court's most recent order dated for December 22, 2025 directing plaintiff to respond to the order no later than January 9, 2026, with regards to defendants counsel's motion to dismiss pertaining to their non receipt of plaintiff's signed authorization for access to sealed records pursuant ss160.50 as noted above.

5. Contrary to counsel's conclusion. The actual facts to that issue is that the plaintiff has complied fully with the request, as he did, in fact, sign a copy of the ss160.50 authorization form, which he mailed to counsel on October 30, 2025 as evidenced by the enclosed signed copy of the authorization form, and plaintiffs proof of mailing. (See encloses)

6. With respect to the proof of having complied with counsel's request by mail, it appears that the mailing was lost explaining why counsel did not receive it. This is clearly a circumstance beyond the plaintiff's control, and should not be treated with a harsh and severe penalty of dismissal.

7. Plaintiffs initiated the instant complaint to address substantial violations of his constitutional rights, and protections, by the intentional and purposeful acts of members of the Bronx Borough Police, which resulted in damages to plaintiffs for which he seeks just compensation. Contrary to counsel's conclusions, plaintiffs through an unskilled layman in these matters, have demonstrated clear examples of his intentions and efforts to prosecute his complaint, to finality. However, lost mail is beyond his control.

8. In that regard it must also be noted, plaintiff has also experienced unreceived documents, filed in this matter, as documents no.34 and no.35 were never served from the defendants and being served no.36 plaintiffs searched and found no.34 and no.35 somehow electronically forward to plaintiff spam mail. They are unretrievable and remain unknown by the plaintiff. In making this fact known to the parties, plaintiff is requesting to be provided with these numbered filings in the case as he does not know the contents of the filings.

9. In light of the fact of the, plausible explanation for plaintiff's compliance, with counsel's request, and the court's order not being received. Plaintiffs respectfully request that counsels, motion to dismiss being denied, and that plaintiff's complaint be permitted to proceed to discovery and continuing process, in addition to the fact that there were matters already pending before counsel's motion was filed.

10. In advance of the provided cutoff date within the court's order ( January 9, 2026 ) plaintiff has again supplied the requested authorization form for the release of sealed records in regards to the basis of the complaint within the mailing. WHEREFORE, plaintiff respectfully requests that the motion to dismiss be denied, and it's entirely, and the case proceeds to discovery and other proceedings necessary to advance the case to the next stage of proceedings.

Respectfully submitted,

Steven Gonzalez (Agent)
Signature

Steven Gonzalez Catala (agent)
plaintiff, pro se

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Steven Gonzalez Catala, Date of Birth 06/24/81 SS# 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 pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled Steven Gonzalez Catala v. Allicott, et al., Docket No. or Indictment No. CR-029674-24BX in Criminal Court, County of the Bronx, State of New York, relating to my arrest on or about November 18, 2024, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

Steven Gonzalez (Agent)

Signature

STATE OF NEW YORK, )
: SS:
COUNTY OF )

On this ______ day of ____________, 2025, before me personally came Valerio Konstantinoff, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

______________________

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

## PROOF OF MAILING

I, Steven Gonzalez Catala hereby certify that on this date I did serve one copy of plaintiff's certification in reply to the court's order and in opposition to defendant's counsel's motion to dismiss. via United States Postal Service, prepaid certified mail return receipt, upon the party indicated below:

Jonathan G. Klobus
Assistant Corporation Counsel
100 Church Street
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez (Agent)

Signature

Steven Gonzalez Catala (agent)
plaintiff, pro se

December 30,2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

## PROOF OF MAILING

I, Steven Gonzalez Catala, hereby certifies that on this date I did serve upon the parties listed below a copy of plaintiff's authorization for release of access to sealed records pursuant to ss160.50, via prepaid United States postage first class,address:

Muriel Goode-Trufant, Esq.
Corporation Council City of New York
100 Church Street , Rm. 3-180
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez (Agent)
Signature

Steven Gonzalez Catala (agent)
plaintiff, pro se

October 30,2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Plaintiff certification in reply to the courts order and in opposition to defendants counsel's motion to dismiss**
**25-cv-2298 (JGK) (GS)**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**

**-against-**

**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

I, Steven Gonzalez Catala hereby certifies that the foregoing statements made by me are true.

1. I am the plaintiff, pro se, in the above captions, civil matter, pending before the court.

2. I am not skilled in the study, research and practice of law, and I am, therefore, reliant upon others for assistance with all legal matters.

3. Presently, before the court is counsel for defendant's motion to dismiss plaintiff's complaint by way of letter motion dated September 16, 2025, in which council claims that plaintiff has failed to prosecute the complaint due to counsel not receiving the requested ss160.50 authorization for release of sealed records of criminal charges that have been dismissed in plaintiff's favor.

4. Also pending is the court's most recent order dated for December 22, 2025 directing plaintiff to respond to the order no later than January 9, 2026, with regards to defendants counsel's motion to dismiss pertaining to their non receipt of plaintiff's signed authorization for access to sealed records pursuant ss160.50 as noted above.

5. Contrary to counsel's conclusion. The actual facts to that issue is that the plaintiff has complied fully with the request, as he did, in fact, sign a copy of the ss160.50 authorization form, which he mailed to counsel on October 30, 2025 as evidenced by the enclosed signed copy of the authorization form, and plaintiffs proof of mailing. (See encloses)

6. With respect to the proof of having complied with counsel's request by mail, it appears that the mailing was lost explaining why counsel did not receive it. This is clearly a circumstance beyond the plaintiff's control, and should not be treated with a harsh and severe penalty of dismissal.

7. Plaintiffs initiated the instant complaint to address substantial violations of his constitutional rights, and protections, by the intentional and purposeful acts of members of the Bronx Borough Police, which resulted in damages to plaintiffs for which he seeks just compensation. Contrary to counsel's conclusions, plaintiffs through an unskilled layman in these matters, have demonstrated clear examples of his intentions and efforts to prosecute his complaint, to finality. However, lost mail is beyond his control.

8. In that regard it must also be noted, plaintiff has also experienced unreceived documents, filed in this matter, as documents no.34 and no.35 were never served from the defendants and being served no.36 plaintiffs searched and found no.34 and no.35 somehow electronically forward to plaintiff spam mail. They are unretrievable and remain unknown by the plaintiff. In making this fact known to the parties, plaintiff is requesting to be provided with these numbered filings in the case as he does not know the contents of the filings.

9. In light of the fact of the, plausible explanation for plaintiff's compliance, with counsel's request, and the court's order not being received. Plaintiffs respectfully request that counsels, motion to dismiss being denied, and that plaintiff's complaint be permitted to proceed to discovery and continuing process, in addition to the fact that there were matters already pending before counsel's motion was filed.

10. In advance of the provided cutoff date within the court's order ( January 9, 2026 ) plaintiff has again supplied the requested authorization form for the release of sealed records in regards to the basis of the complaint within the mailing. WHEREFORE, plaintiff respectfully requests that the motion to dismiss be denied, and it's entirely, and the case proceeds to discovery and other proceedings necessary to advance the case to the next stage of proceedings.

Respectfully submitted,

Steven Gonzalez Catala (agent)
plaintiff, pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Plaintiff certification in reply to the courts order and in opposition to defendants counsel's motion to dismiss**
**25-cv-2298 (JGK) (GS)**

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se

-against-

DETECTIVE ALLICOTT, ET AL.,
Defendants.

---

I, Steven Gonzalez Catala hereby certifies that the foregoing statements made by me are true.

1. I am the plaintiff, pro se, in the above captions, civil matter, pending before the court.

2. I am not skilled in the study, research and practice of law, and I am, therefore, reliant upon others for assistance with all legal matters.

3. Presently, before the court is counsel for defendant's motion to dismiss plaintiff's complaint by way of letter motion dated September 16, 2025, in which council claims that plaintiff has failed to prosecute the complaint due to counsel not receiving the requested ss160.50 authorization for release of sealed records of criminal charges that have been dismissed in plaintiff's favor.

4. Also pending is the court's most recent order dated for December 22, 2025 directing plaintiff to respond to the order no later than January 9, 2026, with regards to defendants counsel's motion to dismiss pertaining to their non receipt of plaintiff's signed authorization for access to sealed records pursuant ss160.50 as noted above.

5. Contrary to counsel's conclusion. The actual facts to that issue is that the plaintiff has complied fully with the request, as he did, in fact, sign a copy of the ss160.50 authorization form, which he mailed to counsel on October 30, 2025 as evidenced by the enclosed signed copy of the authorization form, and plaintiffs proof of mailing. (See encloses)

6. With respect to the proof of having complied with counsel's request by mail, it appears that the mailing was lost explaining why counsel did not receive it. This is clearly a circumstance beyond the plaintiff's control, and should not be treated with a harsh and severe penalty of dismissal.

7. Plaintiffs initiated the instant complaint to address substantial violations of his constitutional rights, and protections, by the intentional and purposeful acts of members of the Bronx Borough Police, which resulted in damages to plaintiffs for which he seeks just compensation. Contrary to counsel's conclusions, plaintiffs through an unskilled layman in these matters, have demonstrated clear examples of his intentions and efforts to prosecute his complaint, to finality. However, lost mail is beyond his control.

8. In that regard it must also be noted, plaintiff has also experienced unreceived documents, filed in this matter, as documents no.34 and no.35 were never served from the defendants and being served no.36 plaintiffs searched and found no.34 and no.35 somehow electronically forward to plaintiff spam mail. They are unretrievable and remain unknown by the plaintiff. In making this fact known to the parties, plaintiff is requesting to be provided with these numbered filings in the case as he does not know the contents of the filings.

9. In light of the fact of the, plausible explanation for plaintiff's compliance, with counsel's request, and the court's order not being received. Plaintiffs respectfully request that counsels, motion to dismiss being denied, and that plaintiff's complaint be permitted to proceed to discovery and continuing process, in addition to the fact that there were matters already pending before counsel's motion was filed.

10. In advance of the provided cutoff date within the court's order ( January 9, 2026 ) plaintiff has again supplied the requested authorization form for the release of sealed records in regards to the basis of the complaint within the mailing. WHEREFORE, plaintiff respectfully requests that the motion to dismiss be denied, and it's entirely, and the case proceeds to discovery and other proceedings necessary to advance the case to the next stage of proceedings.

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez Catala (agent)
plaintiff, pro se

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**25-cv-2298**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**
**-against-**
**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

---

**PROOF OF MAILING**

I, Steven Gonzalez Catala hereby certify that on this date I did serve one copy of plaintiff's certification in reply to the court's order and in opposition to defendant's counsel's motion to dismiss. via United States Postal Service, prepaid certified mail return receipt, upon the party indicated below:

Jonathan G. Klobus
Assistant Corporation Counsel
100 Church Street
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez Catala (agent)
plaintiff, pro se

December 30,2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**25-cv-2298**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**
**-against-**
**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

---

**PROOF OF MAILING**

I, Steven Gonzalez Catala hereby certify that on this date I did serve one copy of plaintiff's certification in reply to the court's order and in opposition to defendant's counsel's motion to dismiss. via United States Postal Service, prepaid certified mail return receipt, upon the party indicated below:

Jonathan G. Klobus
Assistant Corporation Counsel
100 Church Street
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez Catala (agent)
plaintiff, pro se

December 30,2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**25-cv-2298**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**
**-against-**
**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

## PROOF OF MAILING

I, Steven Gonzalez Catala, hereby certifies that on this date I did serve upon the parties listed below a copy of plaintiff's authorization for release of access to sealed records pursuant to ss160.50, via prepaid United States postage first class,address:

Muriel Goode-Trufant, Esq.
Corporation Council City of New York
100 Church Street , Rm. 3-180
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez Catala (agent)
plaintiff, pro se

October 30,2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**25-cv-2298**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**
**-against-**
**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

---

**PROOF OF MAILING**

I, Steven Gonzalez Catala, hereby certifies that on this date I did serve upon the parties listed below a copy of plaintiff's authorization for release of access to sealed records pursuant to ss160.50, via prepaid United States postage first class,address:

Muriel Goode-Trufant, Esq.
Corporation Council City of New York
100 Church Street , Rm. 3-180
New York, New York, 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez Catala (agent)
plaintiff, pro se

October 30,2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,

Plaintiff,

- against -

DETECTIVE ALLICOTT, ET AL.,

Defendants.

25-cv-2298 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On December 22, 2025, the Court instructed the plaintiff, Steven Gonzalez Catala, either to execute a § 160.50 release or otherwise explain to the Court why he believes one is unnecessary by January 9, 2026. ECF No. 37. On December 30, 2025, Mr. Catala filed a letter with the Court representing that he had already provided the defendants with a § 160.50 release on October 30, 2025. ECF No. 38. Mr. Catala attached the signed release to his letter. Id. Mr. Catala also filed an affidavit representing that he had mailed another copy of the release to the defendants on December 30, 2025. ECF No. 39.

In accordance with the Court's prior order granting the defendants' requested extension of time, the defendants shall answer or otherwise respond to the complaint by **February 13,**

**2026** – forty-five days after receiving Mr. Catala's executed § 160.50 release. See ECF No. 35.

**SO ORDERED.**

**Dated: New York, New York**
**January 19, 2026**

**John G. Koeltl**
**United States District Judge**

Muriel Goode-Trufant
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

February 12, 2026

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez *Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. I write pursuant to Local Civil Rule 1.4 to respectfully request that the Court substitute the undersigned as counsel of record on behalf of Defendants the City of New York, Khaleef Allicott, Charlie Viera, and Brian Brandefine, in place of Jonathan Klobus. Simultaneously herewith, I am filing a notice of substitution of counsel and an affidavit in support of this motion. Further, Defendants respectfully request that Mr. Klobus be terminated from the docket and removed as an attorney of record in this matter.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

Muriel Goode-Trufant
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

February 12, 2026

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez *Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release, as the release plaintiff provided has not been notarized, as required. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte*. This is the third request for an enlargement of time to respond to the complaint.

Defendants have been seeking the fully-executed release since they became aware of the lawsuit. See ECF No. 21 (seeking an enlargement of time to respond to the Complaint, in part in order to seek the release and obtain relevant records). Plaintiff did not provide one, and after a second request to extend the Defendants deadline to respond to the Complaint, the Court ordered plaintiff to execute a 160.50 release related to his underlying arrest. See ECF Nos. 30, 31. Plaintiff did not do so, and, on December 16, 2025, defendants moved to dismiss the case for failure to prosecute. See ECF No. 36. The Court ordered plaintiff to provide the executed release or explain why he believes one to be unnecessary by January 9, 2026. See ECF No. 37, pp. 5-6. Plaintiff filed a signed release on the docket on December 30, 2025. See ECF No. 39. However, that release, which is the only release which has been provided to date, was not notarized as is required and cannot be used to obtain the relevant documents. On January 20, 2026, the Court ordered that defendants respond to the complaint by February 13, 2026. See ECF No. 40. This matter was

recently transferred to the undersigned[1]. The undersigned has emailed Plaintiff a request for a fully executed and notarized §160.50 release, and has also mailed a copy of the request to him. No response has yet been received.

Despite the above, it appears that the Plaintiff has made efforts to comply with the Court's order to execute the §160.50 release. In addition, there has been some slight delay in following up with plaintiff as a result of the transfer of the case. However, the release still has not been fully executed and defendants still lack access to the documents.

In light of the difficulties in receiving the prior incomplete release, defendants respectfully request the Court to instruct Plaintiff to provide a fully executed and notarized §160.50 release form and extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte*.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

---

[1] This case was previously assigned to Assistant Corporation Counsel Jonathan Klobus. Mr. Klobus left this office on January 23, 2026, three days after Your Honor's last Order in this case.

**MEMO ENDORSED**

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

Application granted. The Clerk of Court is respectfully directed to terminate attorney Jonathan Klobus from this action. SO ORDERED.

Date: February 13, 2026

Gary Stein
United States Magistrate Judge
Southern District of New York

February 12, 2026

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez *Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. I write pursuant to Local Civil Rule 1.4 to respectfully request that the Court substitute the undersigned as counsel of record on behalf of Defendants the City of New York, Khaleef Allicott, Charlie Viera, and Brian Brandefine, in place of Jonathan Klobus. Simultaneously herewith, I am filing a notice of substitution of counsel and an affidavit in support of this motion. Further, Defendants respectfully request that Mr. Klobus be terminated from the docket and removed as an attorney of record in this matter.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

GONZALEZ CATALA,

Plaintiffs,

-against-

CITY OF NEW YORK ET AL.,

Defendants.

---------------------------------------------------------------------- x

**NOTICE OF SUBSTITUTION OF COUNSEL**

25 Civ. 2298 (JGK) (GS)

**PLEASE TAKE NOTICE** that the following attorney is hereby substituted in place of Jonathan Klobus, as counsel of record on behalf of the Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Defendants Detective Viera, Detective Brian Brandefine, and Detective Allicott in this case:

Torvari S. Williams, Esq.
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2557
Tovwilli@law.nyc.gov

From this date forward, please serve all pleadings on the attorney set forth above, and please remove Jonathan Klobus as counsel of record.

Dated: New York, NY
February 12, 2026

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants Brandefine, Viera, Allicott*
100 Church Street, Room 3-155
New York, New York 10007
Phone: (212) 356-2557

By: /s/ Torvari S. Williams
Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

**BY FIRST-CLASS MAIL**

cc: Steven Gonzalez Catala
*Plaintiff pro se*
9 Ward Street
Rochelle Park, NJ 07662

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

**MEMO ENDORSED**

February 12, 2026

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez *Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release, as the release plaintiff provided has not been notarized, as required. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte*. This is the third request for an enlargement of time to respond to the complaint.

Defendants have been seeking the fully-executed release since they became aware of the lawsuit. See ECF No. 21 (seeking an enlargement of time to respond to the Complaint, in part in order to seek the release and obtain relevant records). Plaintiff did not provide one, and after a second request to extend the Defendants deadline to respond to the Complaint, the Court ordered plaintiff to execute a 160.50 release related to his underlying arrest. See ECF Nos. 30, 31. Plaintiff did not do so, and, on December 16, 2025, defendants moved to dismiss the case for failure to prosecute. See ECF No. 36. The Court ordered plaintiff to provide the executed release or explain why he believes one to be unnecessary by January 9, 2026. See ECF No. 37, pp. 5-6. Plaintiff filed a signed release on the docket on December 30, 2025. See ECF No. 39. However, that release, which is the only release which has been provided to date, was not notarized as is required and cannot be used to obtain the relevant documents. On January 20, 2026, the Court ordered that defendants respond to the complaint by February 13, 2026. See ECF No. 40. This matter was

recently transferred to the undersigned[1]. The undersigned has emailed Plaintiff a request for a fully executed and notarized §160.50 release, and has also mailed a copy of the request to him. No response has yet been received.

Despite the above, it appears that the Plaintiff has made efforts to comply with the Court's order to execute the §160.50 release. In addition, there has been some slight delay in following up with plaintiff as a result of the transfer of the case. However, the release still has not been fully executed and defendants still lack access to the documents.

In light of the difficulties in receiving the prior incomplete release, defendants respectfully request the Court to instruct Plaintiff to provide a fully executed and notarized §160.50 release form and extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte.*

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

Application granted. Defendants Allicott, Viera, Brandefine, and Gluth's time to answer, move, or otherwise respond to Plaintiff's Complaint is hereby extended until forty-five days after Corporation Counsel's receipt of Plaintiff's executed § 160.50 Release. In addition, the Court warns Plaintiff that he must execute a signed and notarized copy of the Section 160.50 release pursuant to NYCPL Section 160.50 and this Court's prior orders (Dkt. Nos. 31, 37). Plaintiff must submit a signed, notarized Section 160.50 release to Defendants by no later than Friday, February 27, 2026. SO ORDERED.

Date: February 13, 2026

Gary Stein
**Gary Stein**
**United States Magistate Judge**
**Southern District of New York**

[1] This case was previously assigned to Assistant Corporation Counsel Jonathan Klobus. Mr. Klobus left this office on January 23, 2026, three days after Your Honor's last Order in this case.

Case 1:25-cv-02298-JGK-GS Document 41 Filed 02/13/26 Page 1 of 2

**Muriel Goode-Trufant**
*Corporation Counsel*

**MEMO ENDORSED**

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

February 12, 2026

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez *Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. I write to respectfully request that the Court extend defendants Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release, as the release plaintiff provided has not been notarized, as required. This Office further requests that the Court grant defendant Police Officer Nicholas Gluth the same extension *sua sponte*. This is the third request for an enlargement of time to respond to the complaint.

Defendants have been seeking the fully-executed release since they became aware of the lawsuit. See ECF No. 21 (seeking an enlargement of time to respond to the Complaint, in part in order to seek the release and obtain relevant records). Plaintiff did not provide one, and after a second request to extend the Defendants deadline to respond to the Complaint, the Court ordered plaintiff to execute a 160.50 release related to his underlying arrest. See ECF Nos. 30, 31. Plaintiff did not do so, and, on December 16, 2025, defendants moved to dismiss the case for failure to prosecute. See ECF No. 36. The Court ordered plaintiff to provide the executed release or explain why he believes one to be unnecessary by January 9, 2026. See ECF No. 37, pp. 5-6. Plaintiff filed a signed release on the docket on December 30, 2025. See ECF No. 39. However, that release, which is the only release which has been provided to date, was not notarized as is required and cannot be used to obtain the relevant documents. On January 20, 2026, the Court ordered that defendants respond to the complaint by February 13, 2026. See ECF No. 40. This matter was

Case 1:25-cv-02298-JGK-GS Document 44 Filed 02/13/26 Page 2 of 2

recently transferred to the undersigned[1]. The undersigned has emailed Plaintiff a request for a fully executed and notarized §160.50 release, and has also mailed a copy of the request to him. No response has yet been received.

Despite the above, it appears that the Plaintiff has made efforts to comply with the Court's order to execute the §160.50 release. In addition, there has been some slight delay in following up with plaintiff as a result of the transfer of the case. However, the release still has not been fully executed and defendants still lack access to the documents.

In light of the difficulties in receiving the prior incomplete release, defendants respectfully request the Court to instruct Plaintiff to provide a fully executed and notarized §160.50 release form and extend defendants Allicott, Viera, and Brandefine's time to answer or otherwise respond to the complaint until forty-five (45) days after this Office receives from plaintiff a fully executed and notarized §160.50 release. This Office further requests that the Court grant defendant Gluth the same extension *sua sponte.*

Thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

Application granted. Defendants Allicott, Viera, Brandefine, and Gluth's time to answer, move, or otherwise respond to Plaintiff's Complaint is hereby extended until forty-five days after Corporation Counsel's receipt of Plaintiff's executed § 160.50 Release. In addition, the Court warns Plaintiff that he must execute a signed and notarized copy of the Section 160.50 release pursuant to NYCPL Section 160.50 and this Court's prior orders (Dkt. Nos. 31, 37). Plaintiff must submit a signed, notarized Section 160.50 release to Defendants by no later than Friday, February 27, 2026. SO ORDERED.

Date: February 13, 2026

Gary Stein
**Gary Stein**
**United States Magistate Judge**
**Southern District of New York**

---

[1] This case was previously assigned to Assistant Corporation Counsel Jonathan Klobus. Mr. Klobus left this office on January 23, 2026, three days after Your Honor's last Order in this case.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**February 17, 2026**

**25-cv-2298**

**STEVEN GONZALEZ CATALA,**
**Plaintiff, Pro se**
**-against-**
**DETECTIVE ALLICOTT, ET AL.,**
**Defendants.**

**Plaintiff's Response Regarding CPL §160.50 and Improper Request for a Release**

Your Honor:
Plaintiff respectfully submits this response to address defense counsel's renewed request for a CPL §160.50 release and to clarify why such a request is improper as a matter of law and unnecessary as a matter of fact.

I. CPL §160.50 Operates Automatically and Requires No Consent or Release
New York Criminal Procedure Law §160.50 provides that when a criminal action is terminated in favor of the accused, *all official records and papers relating to the arrest and prosecution are sealed by operation of law.* The statute is mandatory, automatic, and self-executing.
The law:
• Imposes the duty to seal on custodians of records, not on the accused or a civil plaintiff
• Requires no consent, authorization, or release from the accused
• Creates a statutory privilege protecting sealed records from disclosure
Accordingly, a plaintiff cannot be compelled to execute a CPL §160.50 release, nor can a private litigant demand one absent a court order that strictly complies with the statute.

II. Sealed Records Are Privileged and Accessible Only Upon a Compelling and Particularized Showing
New York courts consistently hold that CPL §160.50 protects sealed records from disclosure in civil litigation. Access is permitted only upon court order and only after a showing of a *compelling and particularized need* that outweighs the statutory privacy interests.
Courts have repeatedly emphasized:
• A private litigant has no independent right to sealed criminal records
• A plaintiff cannot be forced to waive statutory confidentiality
• General relevance, speculation, or convenience is insufficient
Absent a detailed, particularized explanation of necessity, disclosure is prohibited.

III. Plaintiff Has Already Provided the Relevant and Functional Equivalent Information
Here, Plaintiff has already submitted official documentation establishing that the criminal charges were dismissed and terminated in Plaintiff's favor. That dismissal form:
• Confirms the outcome of the criminal case
• Establishes the favorable termination required for Plaintiff's claims
• Contains the same *relevant procedural information* defense counsel seeks
Because CPL §160.50 mandates sealing of the underlying arrest and prosecution records, the dismissal documentation is the only lawful and relevant record available. The sealed records cannot provide additional permissible discovery beyond what the dismissal already establishes.
Thus, defense counsel's request is not only legally defective—it is factually unnecessary.

IV. No Court Order Particularizing Need Has Been Issued
Plaintiff notes that no order has been issued that:
• Identifies specific records sought
• Explains why those sealed records are necessary
• Articulates a compelling and particularized need as required by statute

Without such findings, any request for a CPL §160.50 release is improper. A generalized desire to inspect sealed materials—particularly where dismissal documentation has already been produced—does not satisfy the statutory standard.

V. Defense Counsel's Conduct and Repeated Requests Are Prejudicial

Plaintiff further notes that defense counsel has repeatedly changed representation and sought extensions, which were quickly approved, resulting in delay and prejudice. Courts possess inherent authority to regulate attorney substitutions and prevent tactical abuse where such conduct:

- Causes unreasonable delay
- Forces repeated continuances
- Increases litigation costs
- Prejudices the opposing party
- Disrupts orderly case administration

Plaintiff respectfully submits that continued attempts to obtain sealed records—despite clear statutory law and the production of dismissal documentation—appear to be dilatory and unjustified.

VI. Conclusion

In sum:

- CPL §160.50 sealing is automatic, mandatory, and self-executing
- Plaintiff has no legal duty to provide a release or consent
- Sealed records are privileged and inaccessible absent a compelling and particularized court order
- Plaintiff has already provided the relevant dismissal documentation
- Defense counsel's request is improper and unsupported by law or necessity

For these reasons, Plaintiff respectfully requests that the Court deny any request to compel execution of a CPL §160.50 release and decline to order access to sealed records absent strict statutory compliance.

Concerning this matter, I have reviewed the form labeled "Designation of Agent for Access to Released Records" that was sent by defense counsel, and I note a materially improper statement contained within it.

Specifically, the notary section of the form includes a pre-written acknowledgment identifying an individual named Valerio Konstantinoff who personally appeared before the notary and executed the designation affidavit. That statement is false. No such person appeared before me, nor did I authorize, designate, or consent to any individual by that name to act on my behalf or execute any instrument related to this matter.

I cannot consent to or sign this form, as doing so would require me to endorse a statement that is untrue. The form does not reflect my authorization and instead attributes execution to another individual without my knowledge or consent.

The problematic language appears in the notary acknowledgment, which states:

"On this ___ day of ___, 2025, before me personally came Valerio Konstantinoff, to me known to be the individual *who executed the foregoing instrument, and he acknowledged to me that he executed the same.*"

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez-Catala (agent)
Plaintiff, Pro Se

# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**NO FEE**
**Non-Public Version**

Court ORI: NY062033J

The People of the State of New York
vs.
**Steven Gonzalez-Catala**

**Certificate of Disposition**
Docket Number: **CR-029674-24BX**

CJTN: 70938518R
NYSID: 08717259J

Defendant DOB: **06/24/1981**

Arrest Date: **11/18/2024** Arraignment Date: **11/19/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 2 | PL 245.00 A BM Lewdness-Expose Body In Public **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 3 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 4 | PL 245.01 V Exposure Of A Person **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 5 | VTL 0509 01 1 MV License Viol:No License **SEALED 160.50** | I | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 3, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, to or act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720 35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section

Certificate #: U-000048844-N

170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.
CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

February 17, 2026

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

**Plaintiff's Response Regarding CPL §160.50 and Improper Request for a Release**

Your Honor:
Plaintiff respectfully submits this response to address defense counsel's renewed request for a CPL §160.50 release and to clarify why such a request is improper as a matter of law and unnecessary as a matter of fact.

I. CPL §160.50 Operates Automatically and Requires No Consent or Release
New York Criminal Procedure Law §160.50 provides that when a criminal action is terminated in favor of the accused, *all official records and papers relating to the arrest and prosecution are sealed by operation of law.* The statute is mandatory, automatic, and self-executing.
The law:
- Imposes the duty to seal on custodians of records, not on the accused or a civil plaintiff
- Requires no consent, authorization, or release from the accused
- Creates a statutory privilege protecting sealed records from disclosure

Accordingly, a plaintiff cannot be compelled to execute a CPL §160.50 release, nor can a private litigant demand one absent a court order that strictly complies with the statute.

II. Sealed Records Are Privileged and Accessible Only Upon a Compelling and Particularized Showing
New York courts consistently hold that CPL §160.50 protects sealed records from disclosure in civil litigation. Access is permitted only upon court order and only after a showing of a *compelling and particularized need* that outweighs the statutory privacy interests.
Courts have repeatedly emphasized:
- A private litigant has no independent right to sealed criminal records
- A plaintiff cannot be forced to waive statutory confidentiality
- General relevance, speculation, or convenience is insufficient

Absent a detailed, particularized explanation of necessity, disclosure is prohibited.

III. Plaintiff Has Already Provided the Relevant and Functional Equivalent Information
Here, Plaintiff has already submitted official documentation establishing that the criminal charges were dismissed and terminated in Plaintiff's favor. That dismissal form:
- Confirms the outcome of the criminal case
- Establishes the favorable termination required for Plaintiff's claims
- Contains the same *relevant procedural information* defense counsel seeks

Because CPL §160.50 mandates sealing of the underlying arrest and prosecution records, the dismissal documentation is the only lawful and relevant record available. The sealed records cannot provide additional permissible discovery beyond what the dismissal already establishes.
Thus, defense counsel's request is not only legally defective—it is factually unnecessary.

IV. No Court Order Particularizing Need Has Been Issued
Plaintiff notes that no order has been issued that:
- Identifies specific records sought
- Explains why those sealed records are necessary
- Articulates a compelling and particularized need as required by statute

Without such findings, any request for a CPL §160.50 release is improper. A generalized desire to inspect sealed materials—particularly where dismissal documentation has already been produced—does not satisfy the statutory standard.

V. Defense Counsel's Conduct and Repeated Requests Are Prejudicial
Plaintiff further notes that defense counsel has repeatedly changed representation and sought extensions, which were quickly approved, resulting in delay and prejudice. Courts possess inherent authority to regulate attorney substitutions and prevent tactical abuse where such conduct:

- Causes unreasonable delay
- Forces repeated continuances
- Increases litigation costs
- Prejudices the opposing party
- Disrupts orderly case administration

Plaintiff respectfully submits that continued attempts to obtain sealed records—despite clear statutory law and the production of dismissal documentation—appear to be dilatory and unjustified.

VI. Conclusion
In sum:

- CPL §160.50 sealing is automatic, mandatory, and self-executing
- Plaintiff has no legal duty to provide a release or consent
- Sealed records are privileged and inaccessible absent a compelling and particularized court order
- Plaintiff has already provided the relevant dismissal documentation
- Defense counsel's request is improper and unsupported by law or necessity

For these reasons, Plaintiff respectfully requests that the Court deny any request to compel execution of a CPL §160.50 release and decline to order access to sealed records absent strict statutory compliance.

Concerning this matter, I have reviewed the form labeled "Designation of Agent for Access to Released Records" that was sent by defense counsel, and I note a materially improper statement contained within it.

Specifically, the notary section of the form includes a pre-written acknowledgment identifying an individual named Valerio Konstantinoff who personally appeared before the notary and executed the designation affidavit. That statement is false. No such person appeared before me, nor did I authorize, designate, or consent to any individual by that name to act on my behalf or execute any instrument related to this matter.

I cannot consent to or sign this form, as doing so would require me to endorse a statement that is untrue. The form does not reflect my authorization and instead attributes execution to another individual without my knowledge or consent.

The problematic language appears in the notary acknowledgment, which states:

"On this ___ day of ___, 2025, before me personally came Valerio Konstantinoff, to me known to be the individual who executed the foregoing instrument, and he acknowledged to me that he executed the same."

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez-Catala (agent)
Plaintiff, Pro Se

February 17, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

**Plaintiff's Response Regarding CPL §160.50 and Improper Request for a Release**

Your Honor:
Plaintiff respectfully submits this response to address defense counsel's renewed request for a CPL §160.50 release and to clarify why such a request is improper as a matter of law and unnecessary as a matter of fact.

I. CPL §160.50 Operates Automatically and Requires No Consent or Release
New York Criminal Procedure Law §160.50 provides that when a criminal action is terminated in favor of the accused, *all official records and papers relating to the arrest and prosecution are sealed by operation of law.* The statute is mandatory, automatic, and self-executing.
The law:
- Imposes the duty to seal on custodians of records, not on the accused or a civil plaintiff
- Requires no consent, authorization, or release from the accused
- Creates a statutory privilege protecting sealed records from disclosure

Accordingly, a plaintiff cannot be compelled to execute a CPL §160.50 release, nor can a private litigant demand one absent a court order that strictly complies with the statute.

II. Sealed Records Are Privileged and Accessible Only Upon a Compelling and Particularized Showing
New York courts consistently hold that CPL §160.50 protects sealed records from disclosure in civil litigation. Access is permitted only upon court order and only after a showing of a *compelling and particularized need* that outweighs the statutory privacy interests.
Courts have repeatedly emphasized:
- A private litigant has no independent right to sealed criminal records
- A plaintiff cannot be forced to waive statutory confidentiality
- General relevance, speculation, or convenience is insufficient

Absent a detailed, particularized explanation of necessity, disclosure is prohibited.

III. Plaintiff Has Already Provided the Relevant and Functional Equivalent Information
Here, Plaintiff has already submitted official documentation establishing that the criminal charges were dismissed and terminated in Plaintiff's favor. That dismissal form:
- Confirms the outcome of the criminal case
- Establishes the favorable termination required for Plaintiff's claims
- Contains the same *relevant procedural information* defense counsel seeks

Because CPL §160.50 mandates sealing of the underlying arrest and prosecution records, the dismissal documentation is the only lawful and relevant record available. The sealed records cannot provide additional permissible discovery beyond what the dismissal already establishes.
Thus, defense counsel's request is not only legally defective—it is factually unnecessary.

IV. No Court Order Particularizing Need Has Been Issued
Plaintiff notes that no order has been issued that:
- Identifies specific records sought
- Explains why those sealed records are necessary
- Articulates a compelling and particularized need as required by statute

Without such findings, any request for a CPL §160.50 release is improper. A generalized desire to inspect sealed materials—particularly where dismissal documentation has already been produced—does not satisfy the statutory standard

V. Defense Counsel's Conduct and Repeated Requests Are Prejudicial
Plaintiff further notes that defense counsel has repeatedly changed representation and sought extensions, which were quickly approved, resulting in delay and prejudice. Courts possess inherent authority to regulate attorney substitutions and prevent tactical abuse where such conduct:

- Causes unreasonable delay
- Forces repeated continuances
- Increases litigation costs
- Prejudices the opposing party
- Disrupts orderly case administration

Plaintiff respectfully submits that continued attempts to obtain sealed records—despite clear statutory law and the production of dismissal documentation—appear to be dilatory and unjustified.

VI. Conclusion
In sum:

- CPL §160.50 sealing is automatic, mandatory, and self-executing
- Plaintiff has no legal duty to provide a release or consent
- Sealed records are privileged and inaccessible absent a compelling and particularized court order
- Plaintiff has already provided the relevant dismissal documentation
- Defense counsel's request is improper and unsupported by law or necessity

For these reasons, Plaintiff respectfully requests that the Court deny any request to compel execution of a CPL §160.50 release and decline to order access to sealed records absent strict statutory compliance.

Concerning this matter, I have reviewed the form labeled "Designation of Agent for Access to Released Records" that was sent by defense counsel, and I note a materially improper statement contained within it.

Specifically, the notary section of the form includes a pre-written acknowledgment identifying an individual named Valerio Konstantinoff who personally appeared before the notary and executed the designation affidavit. That statement is false. No such person appeared before me, nor did I authorize, designate, or consent to any individual by that name to act on my behalf or execute any instrument related to this matter.

I cannot consent to or sign this form, as doing so would require me to endorse a statement that is untrue. The form does not reflect my authorization and instead attributes execution to another individual without my knowledge or consent.

The problematic language appears in the notary acknowledgment, which states:

"On this ___ day of ___, 2025, before me personally came Valerio Konstantinoff, to me known to be the individual *who executed the foregoing instrument, and he acknowledged to me that he executed the same.*"

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez-Catala (agent)
Plaintiff, Pro Se

Certificate #: U-000048844-N

# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**NO FEE**

Non-Public Version

Court ORI: NY062033J

The People of the State of New York
vs.
**Steven Gonzalez-Catala**

**Certificate of Disposition**
Docket Number: **CR-029674-24BX**

CJTN: 70938518R
NYSID: 08717259J

Arrest Date: **11/18/2024**
Arraignment Date: **11/19/2024**

Defendant DOB: **06/24/1981**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Charge # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 2 | PL 245.00 A BM Lewdness-Expose Body In Public **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 3 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 4 | PL 245.01 V Exposure Of A Person **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |
| 5 | VTL 0509 01 I MV License Viol:No License **SEALED 160.50** | I | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/25/2025 |

Charge Weight Key. I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 3, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160 50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720 35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160 55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section

Certificate #: U-000048844-N

170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50 All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

#46

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

February 17, 2026

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

MEMO ENDORSED

**Plaintiff's Response Regarding CPL §160.50 and Improper Request for a Release**

Your Honor:

Plaintiff respectfully submits this response to address defense counsel's renewed request for a CPL §160.50 release and to clarify why such a request is improper as a matter of law and unnecessary as a matter of fact.

I. CPL §160.50 Operates Automatically and Requires No Consent or Release

New York Criminal Procedure Law §160.50 provides that when a criminal action is terminated in favor of the accused, *all official records and papers relating to the arrest and prosecution are sealed by operation of law.* The statute is mandatory, automatic, and self-executing.

The law:

- Imposes the duty to seal on custodians of records, not on the accused or a civil plaintiff
- Requires no consent, authorization, or release from the accused
- Creates a statutory privilege protecting sealed records from disclosure

Accordingly, a plaintiff cannot be compelled to execute a CPL §160.50 release, nor can a private litigant demand one absent a court order that strictly complies with the statute.

II. Sealed Records Are Privileged and Accessible Only Upon a Compelling and Particularized Showing

New York courts consistently hold that CPL §160.50 protects sealed records from disclosure in civil litigation. Access is permitted only upon court order and only after a showing of a *compelling and particularized need* that outweighs the statutory privacy interests.

Courts have repeatedly emphasized:

- A private litigant has no independent right to sealed criminal records
- A plaintiff cannot be forced to waive statutory confidentiality
- General relevance, speculation, or convenience is insufficient

Absent a detailed, particularized explanation of necessity, disclosure is prohibited.

III. Plaintiff Has Already Provided the Relevant and Functional Equivalent Information

Here, Plaintiff has already submitted official documentation establishing that the criminal charges were dismissed and terminated in Plaintiff's favor. That dismissal form:

- Confirms the outcome of the criminal case
- Establishes the favorable termination required for Plaintiff's claims
- Contains the same *relevant procedural information* defense counsel seeks

Because CPL §160.50 mandates sealing of the underlying arrest and prosecution records, the dismissal documentation is the only lawful and relevant record available. The sealed records cannot provide additional permissible discovery beyond what the dismissal already establishes.

Thus, defense counsel's request is not only legally defective—it is factually unnecessary.

IV. No Court Order Particularizing Need Has Been Issued

Plaintiff notes that no order has been issued that:

- Identifies specific records sought
- Explains why those sealed records are necessary
- Articulates a compelling and particularized need as required by statute

Without such findings, any request for a CPL §160.50 release is improper. A generalized desire to inspect sealed materials—particularly where dismissal documentation has already been produced—does not satisfy the statutory standard.

V. Defense Counsel's Conduct and Repeated Requests Are Prejudicial
Plaintiff further notes that defense counsel has repeatedly changed representation and sought extensions, which were quickly approved, resulting in delay and prejudice. Courts possess inherent authority to regulate attorney substitutions and prevent tactical abuse where such conduct:

- Causes unreasonable delay
- Forces repeated continuances
- Increases litigation costs
- Prejudices the opposing party
- Disrupts orderly case administration

Plaintiff respectfully submits that continued attempts to obtain sealed records—despite clear statutory law and the production of dismissal documentation—appear to be dilatory and unjustified.

VI. Conclusion
In sum:

- CPL §160.50 sealing is automatic, mandatory, and self-executing
- Plaintiff has no legal duty to provide a release or consent
- Sealed records are privileged and inaccessible absent a compelling and particularized court order
- Plaintiff has already provided the relevant dismissal documentation
- Defense counsel's request is improper and unsupported by law or necessity

For these reasons, Plaintiff respectfully requests that the Court deny any request to compel execution of a CPL §160.50 release and decline to order access to sealed records absent strict statutory compliance.

Concerning this matter, I have reviewed the form labeled "Designation of Agent for Access to Released Records" that was sent by defense counsel, and I note a materially improper statement contained within it.

Specifically, the notary section of the form includes a pre-written acknowledgment identifying an individual named Valerio Konstantinoff who personally appeared before the notary and executed the designation affidavit. That statement is false. No such person appeared before me, nor did I authorize, designate, or consent to any individual by that name to act on my behalf or execute any instrument related to this matter.

I cannot consent to or sign this form, as doing so would require me to endorse a statement that is untrue. The form does not reflect my authorization and instead attributes execution to another individual without my knowledge or consent.

The problematic language appears in the notary acknowledgment, which states:

"On this ___ day of ___, 2025, before me personally came Valerio Konstantinoff, to me known to be the individual *who executed the foregoing instrument, and he acknowledged to me that he executed the same.*"

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez-Catala (agent)
Plaintiff, Pro Se

Application denied. Plaintiff was previously given no less than three prior opportunities to explain why the execution of a Section 160.50 release was unnecessary in this action. (See Dkt. Nos. 31, 37, 40). Plaintiff failed to object in response to any of those court orders, and indeed expressed a desire to comply with the execution at one point. (Dkt. No. 38). The Court's latest order did not provide Plaintiff the option to make objections. (Dkt. No. 44). Accordingly, Plaintiff has waived his opportunity to make objections as to this issue. Nonetheless, Plaintiff raises an important issue that he cannot notarize a document which indicates a party other than himself presented the document for notarization.

Accordingly, it is hereby ordered that Defendants shall issue Plaintiff another copy of the Section 160.50 release, which does not indicate that a party other than Plaintiff presented the document for notarization, and file proof of service on this docket by no later than Monday, March 2, 2026. Separately, Plaintiff must send an executed and notarized copy of the release to Defendants and file proof of service on this docket by no later than Friday, March 13, 2026. Failure to do so may result in dismissal of this action for lack of prosecution.

SO ORDERED.

Date: New York, New York
February 26, 2026

Gary Stein

**Gary Stein**
**United States Magistate Judge**
**Southern District of New York**

Case 1:25-cv-02298-JGK-GS Document 47 Filed 02/27/26 Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x

STEVEN GONZALEZ CATALA

Plaintiff,

Affirmation of Service

-against-

ALLICOTT, ET AL.

25 CV 2298 ( JGK )(GS)

Defendant.

x

I, TORVARI S. WILLIAMS, declare under penalty of perjury that I have served a copy of the attached Section 160.50 Release Form, via Certified Mail upon STEVEN GONZALEZ CATALA whose address is: 9 Ward Street, Rochelle Park, New Jersey 07662

Dated: February 27, 2026
New York, New York

Signature

100 Church Street, 3-155
Address

New York, NY 10007
City, State, Zip Code

Case 1:25-cv-02298-JGK-GS Document 47 Filed 02/27/26 Page 2 of 3

**STEVEN BANKS**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TORVARI WILLIAMS**
212-356-2557
Fax: 212-356-3509
Tovwilli@law.nyc.gov

February 27, 2026

Steven Gonzalez Catala
Plaintiff pro se
9 Ward Steet
Rochelle Park, NJ 07662

Re: Steven Gonzalez Catala v. Allicott, et al.,
25 Civ. 02298

Dear Mr. Gonzalez Catala:

This office is in receipt of the complaint in the above-referenced action. If, as alleged, the underlying criminal charges against have been dismissed, all records pertaining to your arrest have been sealed pursuant to New York Criminal Procedure Law §§ 160.50 and/or 160.55. In order to obtain access to the records relating to your lawsuit, we need a signed release from you authorizing the release of those records.

Accordingly, pursuant to the Court's Order dated February 26, 2026, enclosed please find a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55 (the "Designation"). Please complete and execute the Designation before a Notary Public and return same to me by March 13, 2026. The Designation must provide the complete title of the proceeding, the date of the arrest, and the docket or indictment number in the spaces provided.

If you have any questions, please do not hesitate to call me. Thank you for prompt attention to this matter.

Very truly yours,

Torvari Williams
Assistant Corporation Counsel
Special Federal Litigation Division

Enc.
cc: All Parties Via Certified Mail

**DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]**

I, ______________________________________, Date of Birth ____/____/_____, SS# ________________, pursuant to NYCPL § 160.50[1][d], hereby designate STEVEN BANKS, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _______________________________, Docket No. or Indictment No. ___________, in __________ Court, County of ______________, State of New York, relating to my arrest on or about__________________, may be made available for use in Civil Action ______________________________________, __________________________ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

______________________________________
SIGNATURE

STATE OF NEW YORK )
: SS.:
COUNTY OF )

On this ______ day of ______________, 20_, before me personally came_____________, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

______________________________________
NOTARY PUBLIC

The City of New York
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**TORVARI WILLIAMS**
212-356-2557
Fax: 212-356-3509
Tovwilli@law.nyc.gov

February 27, 2026

Steven Gonzalez Catala
Plaintiff pro se
9 Ward Steet
Rochelle Park, NJ 07662

Re: Steven Gonzalez Catala v. Allicott, et al.,
25 Civ. 02298

Dear Mr. Gonzalez Catala:

This office is in receipt of the complaint in the above-referenced action. If, as alleged, the underlying criminal charges against have been dismissed, all records pertaining to your arrest have been sealed pursuant to New York Criminal Procedure Law §§ 160.50 and/or 160.55. In order to obtain access to the records relating to your lawsuit, we need a signed release from you authorizing the release of those records.

Accordingly, pursuant to the Court's Order dated February 26, 2026, enclosed please find a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55 (the "Designation"). Please complete and execute the Designation before a Notary Public and return same to me by March 13, 2026. The Designation must provide the complete title of the proceeding, the date of the arrest, and the docket or indictment number in the spaces provided.

If you have any questions, please do not hesitate to call me. Thank you for prompt attention to this matter.

Very truly yours,

Torvari Williams
Assistant Corporation Counsel
Special Federal Litigation Division

Enc.
cc: All Parties Via Certified Mail

**DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]**

I, ________________________________________, Date of Birth ____/____/_____, SS# ________________, pursuant to NYCPL § 160.50[1][d], hereby designate STEVEN BANKS, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. ________________________________, Docket No. or Indictment No. ___________, in __________ Court, County of _____________, State of New York, relating to my arrest on or about__________________, may be made available for use in Civil Action ________________________________________, ________________________ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

________________________________________
SIGNATURE

STATE OF NEW YORK )
: SS.:
COUNTY OF )

On this ______ day of ______________, 201_, before me personally came____________, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

________________________________________
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

25-cv-2298

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se
-against-
DETECTIVE ALLICOTT, ET AL.,
Defendants.

---

PROOF OF MAILING

I, Steven Gonzalez Catala hereby certifies that on this date I did serve upon the party listed below a copy of plaintiff's authorization for release of access to sealed records pursuit to ss 160.50, via prepaid United States postage first class.

Address:

Torvari Williams
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, N.Y. 10007

I hereby certify that the proceeding statements made by me are true.

Respectfully submitted,

Steven Gonzalez Catala (agent)
March 2, 2026
plaintiff, pro se

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL §160.50[1][d]

I, Steven Gonzalez-Catala, Date of Birth 06/24/81, SS# 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, pursuant to NYCPL §160.50[1][d], hereby designate Steven Banks, Corporation Counsel of the City of New York his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of NY v. Steven Gonzalez Catala, Docket No. or Indictment No. CR-029674-24 Bx, in Criminal Court, County of the BRONX, State of New York, relating to my arrest on or about 11/18/24, may be made available. For use in Civil Action 25-cv-2298 (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identired herein on file with any court, police agency, prosecutor's office, or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

Steven Gonzalez Catala

STATE OF NEW YORK )
) ss.
COUNTY OF )

On this 19 day of February, 2026, before me personally came Steven Gonzalez-Catala to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

Mia Alfred
NOTARY PUBLIC

MIA ALFRED
Notary Public, State of New Jersey
Comm. # 50234308
My Commission Expires 6/16/2030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN GONZALEZ CATALA,
Plaintiff, Pro se

Case No: 25-cv-2298

v.

DETECTIVE ALLICOTT, ET AL.,
Defendants.

**NOTICE OF COOPERATION, REQUEST TO PROCEED WITH DISCOVERY, AND REQUEST FOR ENTRY OF DEFAULT**

I, Plaintiff Steven Gonzalez Catala, proceeding pro se, respectfully submit this letter to inform the Court of my continued cooperation in the above-referenced matter and to request appropriate relief based on the current procedural posture of this case.

Since the initiation of this action, I have made consistent and good-faith efforts to comply with all Court procedures and to cooperate with the defendant, including granting extensions of time and facilitating access to records and materials relevant to this case, including those associated with New York Criminal Procedure Law § 160.50.

My cooperation is reflected in the following docket entries:

Docket No. 29 - September 25, 2025
Docket No. 31 - September 25, 2025
Docket No. 35 - December 10, 2025
Docket No. 36 - December 16, 2025
Docket No. 42 - February 12, 2026
Docket No. 44 - February 12, 2026

Despite these efforts, more than 45 days have passed without any substantive response or meaningful action from the defendant. The defendant has therefore failed to timely respond or otherwise defend against the claims asserted.

Under Federal Rule of Civil Procedure 55, when a party fails to plead or otherwise defend, the Court may enter default. Additionally, under New York Civil Practice Law and Rules (CPLR) § 3215, a defendant's failure to appear or respond within the prescribed time permits the entry of a default judgment. The defendant's prolonged inaction exceeds reasonable response periods under both standards.

I further respectfully note that the defendant has changed legal counsel multiple times during this proceeding. This pattern has contributed to delays and has prejudiced my ability to obtain timely resolution. Such repeated changes have had the practical effect of prolonging litigation rather than advancing the matter toward resolution.

This case involves serious allegations concerning violations of my constitutional rights. The conduct at issue reflects a significant departure from established procedures and training, and demonstrates a disregard for proper law enforcement standards. The actions taken were not consistent with professional obligations and raise substantial concerns regarding accountability and compliance.

I am prepared to present clear and compelling evidence in support of my claims, including but not limited to dash camera footage and body-worn camera recordings. This evidence directly substantiates the violations committed.

The individuals involved in the conduct at issue include, but may not be limited to:

Khaleef N. Allicott

Brian Brandefine

Charlie Viera

Nicholas J. Gluth

Additional individuals that failed to intervene may be identified through the discovery process, and I respectfully request the opportunity to fully develop the records.

Given the foregoing, I respectfully request that the Court:

1. Recognize the defendant's failure to respond within a reasonable timeframe and consider entry of default pursuant to Rule 55;
2. Permit this matter to proceed to discovery without further delay;
3. Direct the defendant to formally respond to the allegations and outstanding issues; and
4. Grant any other relief the Court deems just and proper in light of the defendant's continued noncompliance.

This matter presents issues supported by documentary and video evidence, and I am prepared to proceed accordingly.

I thank the Court for its time and consideration.

Respectfully submitted,

Steven Gonzalez Catala

Steven Gonzalez Catala

Plaintiff, Pro Se

gonzalez06248100@gmail.com

Dated: April 23,2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

STEVEN GONZALEZ CATALA,

Plaintiff,

-against-

KHALEEF ALLICOTT, *et al.*,

Defendants.

---------------------------------------------------------------------X

**25 Civ. 2298 (VSB) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's NYCPL Section 160.50 Release, filed on March 3, 2026 and indicating that such records were mailed to Defendants on March 2, 2026. (Dkt. No. 48). Pursuant to numerous prior orders from this Court, Defendants were given a deadline of forty-five days after that date to move, answer, or otherwise respond to Plaintiff's complaint. (Dkt. Nos. 31, 35, 40, 44). Accordingly, Defendants' deadline appears to have been set at April 17, 2026. However, Defendants have not filed anything in this action since Plaintiff's Release was uploaded. Accordingly, Defendants are hereby ORDERED to move, answer, or otherwise respond to Plaintiff's complaint by no later than Monday, May 4, 2026, or provide a short letter detailing their belief for why such deadline should be delayed in this action.

**SO ORDERED.**

DATED: New York, New York
April 27, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

May 4, 2026

**BY ECF**

Honorable Gary Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Steven Gonzalez Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. I represent Defendants City of New York, Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine in this action. I write pursuant to the Court Order dated April 27, 2026 to explain why an additional thirty days are necessary to respond to the Complaint is warranted.

On February 12, 2026, the undersigned appeared in this action and requested a forty-five day extension of time for Defendants to respond to the Complaint, pending receipt of the notarized, executed §160.50 unsealing release.[1] See ECF Nos. 41 and 42. On the date of her appearance, the undersigned emailed Plaintiff in request for a fully executed and notarized §160.50 release, and also sent him a §160.50 unsealing release form by certified mail.

On February 26, 2026, this Court issued a memo endorsement, which in-part acknowledged that Plaintiff had waived his opportunity to make objections regarding the release. See ECF No. 46. Defendants were directed to issue Plaintiff another copy of the §160.50 unsealing release, and file proof of service on this docket by no later than Monday, March 2, 2026. Id. Separately, Plaintiff was ordered to send an executed and notarized copy of the release to Defendants and file proof of service on this docket by no later than Friday, March 13, 2026. Id. Id. Pursuant to the memo

[1] This case was previously assigned to Assistant Corporation Counsel Jonathan Klobus. Mr. Klobus left this office on January 23, 2026.

endorsement, on February 27, 2026, the undersigned filed proof of service on this docket, which also enclosed the §160.50 unsealing release form itself See ECF No.47.

Defendants believed that Plaintiff did not possess a release form, consistent with Plaintiff's representations in his prior applications to the Court. See ECF Nos. 38 and 45. However, after Defendants served a release form by mail and filed it on the docket, Plaintiff submitted a different form. Notably, Plaintiff's submission omits certain authorizing language that was included in the forms previously provided to him. See ECF No. 45. As a result, Defendants were under the impression that their time to respond to the Complaint had not yet begun to run. Upon receipt of Your Honor's Order last week, we conferred with our client who confirmed they are able to process the release. As of the date of this letter, Defendants are processing Plaintiff's submission. However, Defendants respectfully advise the Court that their response to the Complaint has been delayed as they continue to await receipt of the relevant arrest records[2]. As a result, to the extent the Court considers that Plaintiff complied with the Court Order in March, Defendants respectfully request that their time to answer be extended by thirty days until June 3, 2026.

Defendants thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

[2] The notarization date on his submission is February 19, 2026—predating the Court's February 26, 2026 memorandum endorsement by seven days. This suggests that, at the time of his February 20, 2026 application, Plaintiff was already in possession of a modified unsealing release that was purportedly notarized the day before his application.

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Torvari S. Williams
Assistant Corporation Counsel
(212) 356-2557
Tovwilli@law.nyc.gov

May 4, 2026

**BY ECF**

**MEMO ENDORSED**

Honorable Gary Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Steven Gonzalez Catala v. Allicot, et al. 25-cv-02298 (JGK)(GS)*

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. I represent Defendants City of New York, Detective Khaleef Allicott, Detective Charlie Viera, and Detective Brian Brandefine in this action. I write pursuant to the Court Order dated April 27, 2026 to explain why an additional thirty days are necessary to respond to the Complaint is warranted.

On February 12, 2026, the undersigned appeared in this action and requested a forty-five day extension of time for Defendants to respond to the Complaint, pending receipt of the notarized, executed §160.50 unsealing release.[1] See ECF Nos. 41 and 42. On the date of her appearance, the undersigned emailed Plaintiff in request for a fully executed and notarized §160.50 release, and also sent him a §160.50 unsealing release form by certified mail.

On February 26, 2026, this Court issued a memo endorsement, which in-part acknowledged that Plaintiff had waived his opportunity to make objections regarding the release. See ECF No. 46. Defendants were directed to issue Plaintiff another copy of the §160.50 unsealing release, and file proof of service on this docket by no later than Monday, March 2, 2026. Id. Separately, Plaintiff was ordered to send an executed and notarized copy of the release to Defendants and file proof of service on this docket by no later than Friday, March 13, 2026. Id. Id. Pursuant to the memo

[1] This case was previously assigned to Assistant Corporation Counsel Jonathan Klobus. Mr. Klobus left this office on January 23, 2026.

Case 1:25-cv-02298-JGK-GS Document 51 Filed 05/06/26 Page 2 of 2

endorsement, on February 27, 2026, the undersigned filed proof of service on this docket, which also enclosed the §160.50 unsealing release form itself See ECF No.47.

Defendants believed that Plaintiff did not possess a release form, consistent with Plaintiff's representations in his prior applications to the Court. See ECF Nos. 38 and 45. However, after Defendants served a release form by mail and filed it on the docket, Plaintiff submitted a different form. Notably, Plaintiff's submission omits certain authorizing language that was included in the forms previously provided to him. See ECF No. 45. As a result, Defendants were under the impression that their time to respond to the Complaint had not yet begun to run. Upon receipt of Your Honor's Order last week, we conferred with our client who confirmed they are able to process the release. As of the date of this letter, Defendants are processing Plaintiff's submission. However, Defendants respectfully advise the Court that their response to the Complaint has been delayed as they continue to await receipt of the relevant arrest records[2]. As a result, to the extent the Court considers that Plaintiff complied with the Court Order in March, Defendants respectfully request that their time to answer be extended by thirty days until June 3, 2026.

Defendants thank you for your time and consideration of this matter.

Respectfully submitted,

*Torvari S. Williams*

Torvari S. Williams
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)

Application granted. Defendants' deadline to move, answer, or otherwise respond to Plaintiff's complaint is hereby extended to Wednesday, June 3, 2026.

SO ORDERED.

Date: New York, New York
May 6, 2026

**Gary Stein**
**United States Magistrate Judge**
**Southern District of New York**

---

[2] The notarization date on his submission is February 19, 2026—predating the Court's February 26, 2026 memorandum endorsement by seven days. This suggests that, at the time of his February 20, 2026 application, Plaintiff was already in possession of a modified unsealing release that was purportedly notarized the day before his application.

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

STEVEN BANKS
*Corporation Counsel*

TORVARIS. WILLIAMS
*Assistant Corporation Counsel*
Phone: (212) 356-2557
Fax: (212) 356-3509
Tovwilli@law.nyc.gov

June 3, 2026

**VIA ECF**
Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Steven Gonzalez Catala v. Allicot, *et al.* 25-cv-02298 (JGK)(GS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. I represent Defendants City of New York, Detective Khaleef Allicott, Detective Charlie Viera, Police Officer Nicholas Gluth, and Detective Brian Brandefine in this action. Defendants write in accordance with Your Honor's Individual Rules of Practice, Rule III C., to respectfully request that the Court schedule a pre-motion conference to address Defendants' anticipated motion to dismiss.

By way of background, Plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that his constitutional rights were violated in connection with his arrest on November 18, 2024. According to the Complaint, Plaintiff has made numerous allegations against Defendants claiming violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. On November 18, 2024, the Defendant police officer and Detectives made a traffic stop of the Plaintiff 's vehicle based on their observed violations of traffic laws, i.e., Plaintiff 's vehicle parked at a fire hydrant without a license plates.

Plaintiff 's Complaint, liberally construed as required for pro se pleadings, contains critical factual admissions that undermine his claims. According to the Complaint, Plaintiff admits (1) he was parked at a fire hydrant during the time of the traffic stop, (2) his vehicle lacked license plates, and (3) a bag of cocaine was discovered during a search of his vehicle (See

Case 1:25-cv-02298-JGK-GS Document 52 Filed 06/03/26 Page 3 of 3

(1976). See also Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)(The official must disregard a "substantial risk of serious harm").[1]

**B. To the extent Plaintiff brings any state law claims, they should be dismissed.**

To the extent Plaintiff pleads any state law claims, the Court should decline to exercise supplemental jurisdiction over them. Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006)) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims").

Accordingly, Defendants City, Brandefine, Allicott, Viera, and Gluth, respectfully request that the Court schedule a pre-motion conference to address Defendants' anticipated motion for dismissal.

Defendants thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/ Torvari Williams
**Torvari S. Williams**
*Assistant Corporation Counsel*

cc: **VIA ECF**
**Steven Gonzalez Catala**
Plaintiff Pro Se
9 Ward Street
Rochelle Park, NJ 07662
(432) 466-1237
Email: gonzalez06248100@gmail.com

[1] Plaintiff alleges in a conclusory manner, that his Fifth and Fourteenth Amendment rights were violated. However, dismissal of these claims is warranted because the Plaintiff alleges no additional facts to support them. (See Compl. *generally*).

Case 1:25-cv-02298-JGK-GS Document 52 Filed 06/03/26 Page 2 of 3

Compl. at ¶5, 8 and ¶9). However, in light of the admissions made in his Complaint, his claims should be dismissed pursuant to F.R.C.P. 12(b)(6).

**A. Plaintiff's 42 U.S.C. Section 1983 claims against the individual Defendants fail.**

Plaintiff 's claims are subject to a motion to dismiss because there was probable cause to arrest Plaintiff . To state a claim for false arrest under New York law, a Plaintiff must show: "(1) the Defendant intentionally confined the Plaintiff ; (2) the Plaintiff was conscious of the confinement; (3) the Plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified." Douglas v. City of New York, 595 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

"There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). Probable cause "'is a complete defense to an action for false arrest[.]'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). Importantly, federal courts have held a traffic stop satisfies the Fourth Amendment requirements if the "officer making a traffic stop ha[s] probable cause or reasonable suspicion that the person stopped has committed a traffic violation." United States v. Gomez, 877 F.3d 76, 86 (2d Cir. 2017). The Supreme Court has held that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution ...." Virginia v. Moore, 553 U.S. 164, 167, 176, 128 S. Ct. 1598, 170 L. Ed. 2d 559, (2008) (finding a warrantless arrest for misdemeanor traffic violation constitutional). According to the Complaint, there was probable cause to arrest Plaintiff for operating a motor vehicle without license plates, i.e., Plaintiff admits his vehicle was without license plates at the time of the underlying traffic stop (See Compl. at pg. 9, ¶8); he therefore violated VTL § 402(l)(A) (requiring state issued license plates). Defendant officers had probable cause to stop Plaintiff on this basis. See U.S. v. Jenkins, 452 F.3d 207, 212 (2d Cir. 2006) (finding "no error in the District Court's determination that the initial basis for the stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates,"). See also ("Defendants had probable cause to arrest [p]laintiff for traffic violations committed in their presence."). Moreover, once Defendants discovered Plaintiff was in possession of cocaine, a crime under New York Penal Law § 221.05, they had probable cause to arrest him. See Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013).

Relatedly, Plaintiff alleges he was denied medical treatment. However, Plaintiff 's denial of medical treatment claim fails. According to his Complaint, Plaintiff fails to plead any facts indicating he experienced a serious medical need nor does he allege the existence of a deliberate indifference to any corresponding serious medical need, as required. To establish an unconstitutional denial of medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251

Steven Gonzalez Catala
United states National of the united states of America

gonzalez06248100@gmail.com
432-466-1237

Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**RE:** Steven Gonzalez Catala v. Allicot, et al 25-cv-02298 (JGK)(GS)

Dear **Judge Koeltl,**
I hope this letter finds you well. I am writing to respectfully request additional time to respond to the Defendants' response and to clarify some misunderstandings regarding the case.

I want to draw attention to Document 1, particularly page 9, which provides only a factual background of the events. It is important to note that I did not claim that anything was found; rather, I explained that the detective acted based on his experience and training and said, "I'm going to jail." As stated on page 5 of Document 1, I mentioned that I was unsure which of the defendants was involved, but I know Detective Brian Shield 624 #was with other officers. They violated my rights by aggressively reaching into my vehicle, opening my door, and pulling me out without any verbal explanation of why this was happening. All parties then searched my vehicle without a warrant or my permission and they Allegedly found a baggie with small amount of whatever brian with his training and experience found and in parenthesis i wrote (Crack cocaine) but i am not sure what they found again plaintiff explaining or arguing the events that took place and what was said, if this was in my complaint i would understand and can be held accountable for my complaint, but that's not the case im a 44 year old contractor who is not a drug addict.

I maintain that this was a secondary charge because I was protecting myself from misconduct, as there was no probable cause for the search. If there were, I would request that the Court review the evidence to ensure that the officer's experience and training justified the finding of the alleged small bag of cocaine.

The aggressive manner in which I was treated raises serious concerns about the violation of my rights during what should have been a routine traffic stop. I respectfully ask that the Court grant me time to respond comprehensively to the Defendants' claims to ensure that my position is fully represented.

Thank you for your consideration.
Respectfully submitted,

Steven Gonzalez

Steven Gonzalez Catala, pro se